11-8-

TRANSF TYPE F

U.S. District Court
USDC District of Columbia (Washington)

CIVIL DOCKET FOR CASE #: 00-CV-1655

RAMOS v. HAWK-SAWYER, et al                          Filed: 07/11/00
Assigned to: Judge Richard W. Roberts
Demand: $0,000                              Nature of Suit:  550
Lead Docket: None                           Jurisdiction: US Defendant
Dkt# in other court: None

Cause: 42:1983 Prisoner Civil Rights        **1 : CV00-1957**
Case type: 1. civil 2. pro p

MANUEL RAMOS                    MANUEL RAMOS
     plaintiff                  R37563-053
                                [COR LD NTC pse] [PRO SE]           **FILED**
                                FLORENCE UNITED STATES              **SCRANTON**
                                PENITENTIARY
                                P.O. Box 7000                       NOV - 8 2000
                                Florence, CO 81212

                                                        PER _____
     v.                                                        DEPUTY CLERK

KATHLEEN HAWK-SAWYER, Director
of the Bureau of Prisons                        FILED
     federal defendant                          SCRANTON

                                                NOV 0 / 2000
MARGARET HARDEN, Warden, FCI
Allenwood
     federal defendant                          PER _____
                                                    DEPUTY CLERK


                                        United States District Cou
                                        For the District of Columb
                                            A TRUE COPY

                                        NANCY MAYER-WHITTINGTON

                                        By _____
                                             Deputy Clerk

Docket as of October 20, 2000 4:26 pm                    Page 1

Proceedings include all events.                                    TRANSF
1:00cv1655 RAMOS v. HAWK-SAWYER, et al                             TYPE

7/11/00   1     COMPLAINT filed by plaintiff MANUEL RAMOS; attachments (5)
                (bm) [Entry date 07/18/00]

7/11/00   --    SUMMONS (4) issued to federal party(s) federal defendants
                KATHLEEN HAWK-SAWYER, MARGARET HARDEN , and non-parties:
                U.S. Attorney and U.S. Attorney General. (bm)
                [Entry date 07/18/00]

8/23/00   2     RETURN OF SERVICE/AFFIDAVIT of summons and complaint
                executed upon U.S. Attorney on 8/18/00 ;attachments (COPY)
                (bjsp) [Entry date 08/30/00]

9/20/00   3     MEMORANDUM AND ORDER  by Judge Richard W. Roberts   :
                dismissingi against Kathleen hawk Sawyer, transferring
                case to USDC Middle District of Pennsylvania (N) (lin)

10/20/00  --    ORIGINAL FILE and certified copy of docket entries and
                Order transmitted to Clerk of  USDC for Middle District of
                Pennsylvani pursuant to order dated 9/20/00 (bjsp)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

SEP 2 0 2000

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

Manuel Ramos,                    )
                                 )
            Plaintiff,           )
                                 )
      v.                         )      Civil Action No.  00-1655 (RWR)
                                 )
Kathleen Hawk Sawyer, et al.,    )
                                 )
            Defendants.          )

**MEMORANDUM AND TRANSFER ORDER**

      This matter comes before the Court upon its initial review of plaintiff's *pro se*

complaint.  Because venue is improper the action will be transferred to the district in which the

cause of action arose.

      Manuel Ramos is a federal prisoner currently confined at the United States Medical

Center for Federal Prisoners in Springfield, Missouri.  He alleges that on March 25, 1997,

while confined at the Allenwood Federal Correctional Institution in White Deer, Pennsylvania,

a correctional officer intentionally fractured his right thumb.  Plaintiff filed an administrative

claim which was denied.  He brings this action for damages, pursuant to Bivens v. Six

Unknown Named Agents, 403 U.S. 388 (1971).  The action may also be construed as one

under the Federal Tort Claims Act,  28 U.S.C. §§ 1346, 2671 *et seq*.  He names as defendants

the Director of the Federal Bureau of Prisons and the warden of FCI Allenwood.

      "Courts in this circuit must examine challenges to personal jurisdiction and venue

carefully to guard against the danger that a plaintiff might manufacture venue in the District of

Columbia."  Cameron v. Thornburgh, 983 F.2d 253, 256 (D.C. Cir. 1993).  The only basis

for venue here is the naming of the Director of the Bureau of Prisons as a defendant.  The

A True Copy
United States District Court
For the District of Columbia

NANCY MAYER-WHITTINGTON., Clerk

By _____
                    Deputy Clerk

Director cannot be held personally liable for the constitutional torts of employees she supervises on the theory of respondeat superior. Monell v. New York City Dept.of Social Servs., 436 U.S. 658, 694 (1978). In order to prevail against the Director, plaintiff must allege some action taken by her that resulted in the particular constitutional or statutory violation. Plaintiff's appeal of his administrative grievance denied by the Director is insufficient to impose such liability. See Farmer v. Moritsugu, 163 F.3d 610, 615 (D.C. Cir. 1998) (medical director cannot be held personally liable for deliberate indifference solely because he was informed of problems where he was not person to whom matters should have been addressed). Without more, the Director of the Bureau of Prisons must be dismissed from this action.

The remaining defendant does not reside in the District of Columbia, but appears to reside in Pennsylvania. In addition, the alleged constitutional deprivations occurred exclusively in Pennsylvania. As such, this case was not properly filed here because venue is improper. See 28 U.S.C. § 1391(b). Similarly, plaintiff's FTCA claim may be prosecuted only in the judicial district where the act or omission complained of occurred. 28 U.S.C. § 1402(b), (c). Thus, venue is not proper here for plaintiff's FTCA claim, but it would be proper in Pennsylvania. This Court may transfer this case to a district where the action could have been brought if transfer would be "in the interest of justice." 28 U.S.C. §1406(a). The Court finds that transfer would be in the interest of justice in this case. The Court finds that venue is proper in Pennsylvania where the alleged actions took place and where the defendant resides.

Accordingly, it is by the Court this 18th day of September, 2000,

ORDERED that this action is DISMISSED with prejudice as against defendant Kathleen

Hawk Sawyer; it is

FURTHER ORDERED that this action is TRANSFERRED to the United States

District Court for the Middle District of Pennsylvania. The Clerk of this Court shall file and

docket the petition.


_____
RICHARD W. ROBERTS
United States District Judge

3

Manuel Ramos
Register No. 37563-053
USP Florence/High
P.O. Box 7000
Florence, Colorado  81226

August 21, 2000


Clerk's Office
United States District Court
For the District of Columbia
U.S. Courthouse
333 Constitution Ave., N.W.
Washington, D.C.  20001

**FILED**

RE:  Manuel Ramos v. Kathleen Hawk Sawyer, Warden; et al
     Case No. 1:00CV01655
     Judge:  Richard W. Roberts

AUG 2 3 2000

Clerk, U.s. District C
District of Columbi

Dear Sir/Madam:

In compliance with the packet of information pertaining to Summons and
Service that I received from your office, enclosed please find a photo-
copy of four (4) Certified Mail Receipt's indicating that the listed
documents were mailed to the respective parties.

Please contact me at the above address if there is anything further that
I need to do.

Thank you for your time and consideration.


Sincerely,

_MANUYRAMOS_
Manuel Ramos


c: file

**Receipt 1:**

7000 0520 0022 5170 8498

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

WARDEN : F.C.I. — MARGRET HARKEN

| Postage | $ 1.00 |
| Certified Fee | 1.40 |
| Return Receipt Fee (Endorsement Required) | 1.25 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 3.60 |

Recipient's Name (Please Print Clearly) (To be completed by mailer)
Manuel Ramos Reg. No. 37563-053
Street, Apt. No.; or PO Box No.
P.O. Box 7000
City, State, ZIP+4
Florence, Colorado 81226

PS Form 3800, February 2000          See Reverse for Instructions

**Receipt 2:**

7000 0520 0022 5170 8504

U.S. ATTORNEY (DISTRICT OF COLUMBIA)

CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

| Postage | $ 1.00 |
| Certified Fee | 1.40 |
| Return Receipt Fee (Endorsement Required) | 1.25 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 3.60 |

Recipient's Name (Please Print Clearly) (To be completed by mailer)
Manuel Ramos Reg. No. 37563-053
Street, Apt. No.; or PO Box No.
P.O. Box 7000
City, State, ZIP+4
Florence, Colorado 81226

PS Form 3800, February 2000          See Reverse for Instructions

**Receipt 3:**

7000 0520 0022 5170 8511

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

KATHLEEN HAWK SAWYER

| Postage | $ 1.00 |
| Certified Fee | 1.40 |
| Return Receipt Fee (Endorsement Required) | 1.25 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 3.60 |

Recipient's Name (Please Print Clearly) (To be completed by mailer)
Manuel Ramos Reg. No. 37563-053
Street, Apt. No.; or PO Box No.
P.O. Box 7000
City, State, ZIP+4
Florence, Colorado 81226

PS Form 3800, February 2000          See Reverse for Instructions

**Receipt 4:**

7000 0520 0022 5170 8528

U.S. ATTORNEY GENERAL

CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

| Postage | $ 1.00 |
| Certified Fee | 1.40 |
| Return Receipt Fee (Endorsement Required) | 1.25 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 3.60 |

Recipient's Name (Please Print Clearly) (To be completed by mailer)
Manuel Ramos Reg. No. 37563-053
Street, Apt. No.; or PO Box No.
P.O. Box 7000
City, State, ZIP+4
Florence, Colorado 81226

PS Form 3800, February 2000          See Reverse for Instructions

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**PLAINTIFF'S NAME**

**VS**

**DEFENDANT'S NAME**
(ET AL CAN BE USED IF MORE THAN
(1) DFT. ON THIS FORM)

00 cv 1655
**CASE NUMBER &**
**JUDGES INITIALS**
KWR

**AFFIDAVIT OF SERVICE**

I, (NAME OF PERSON WHO ACTUALLY DID THE MAILING) MAILED THE
SUMMONS, COMPLAINT AND ANY ATTACHMENTS OR EXHIBITS FILED WITH
THE COMPLAINT TO (NAME OF DEFENDANT SERVED)  ON

THIS WILL BE THE ORIGINAL GREEN OR PINK CARD WITH
THE SIGNATURE OF THE PERSON WHO REC'D. IT.  STAPLE
THIS UNDER THE AFFIDAVIT AND FILE IN DUPLICATE.
(STAPLE THE GREEN OR PINK CARD IN THIS AREA)

**SAMPLE**
**DO NOT WRITE ON THIS FORM**

**SIGN YOUR NAME ORIGINALLY**
**TYPE OR PRINT YOUR NAME**
**YOUR COMPLETE ADDRESS**
**CITY, STATE, ZIP & PHONE NUMBER**

FILED
AUG 23 2000
Clerk, U.S. District Court
District of Columbia

A COMPLETE COPY OF THE COMPLAINT,

WHICH WOULD INCLUDE ANY ATTACHMENTS

OR EXHIBITS ASSEMBLED TO THE

COMPLAINT, MUST BE STAPLED TO EACH

SUMMONS BEFORE SERVING.

SERVICE CAN BE COMPLETED BY USING ANY

OF THE FOLLOWING METHODS:

REGISTERED MAIL (GREEN CARD)
CERTIFIED MAIL (PINK CARD)
OR
ANYONE OVER 18 YEARS AND NOT
A PARTY, MAY SERVE IN PERSON.

RETURN OF SERVICE INSTRUCTIONS ARE

ATTACHED TO FURTHER ASSIST YOU.

FILED
AUG 2 3 2000
Clerk, U.S. District Court
District of Columbia

**FILED**

JUL 1 1 2000



Manuel Ramos Registration Number 37563-053
Full Name/Prisoner Number

_____

U.S.M.C.F.P.; P.O. Box 4000; Springfield, MO.
Complete Mailing Address

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT

**CASE NUMBER  1:00CV01655**

**JUDGE: Richard W. Roberts**

Civil Action No. _____

    (To be supplied by the Court)

**DECK TYPE: Pro-Se**

**DATE STAMP: 07/1*/2000**

Manuel Ramos #37563-053

_____, Plaintiff(s).
Full name(s) and prisoner number(s)
(Do not use *et al.*)

v.

Kathleen Hawk Sawyer, Director of the Bureau of

Prisons, Margret Harden, Warden F.C.I. Allenwood____, Defendant(s).
(Do not use *et al.*)

_____

## PRISONER'S CIVIL RIGHTS COMPLAINT

### A. PARTIES

1. Manuel Ramos_____ is a citizen of New York City_____ who
   (Plaintiff)                       (State)
presently resides at  U.S.M.C.F.P. in Springfield, Missouri_____
             (mailing address or place of confinement)

2. Defendant Kathleen Hawk Sawyer_____ is a citizen of Washington D.C.____
        (name of first defendant)                  (State)

whose address is 320 First Street, N.W. Washington, D.C. 20534_____

and who is employed as Director of Bureau of Prisons . At the time the claim(s)
              (title and place of employment)

Rev. 5/96

alleged in this complaint arose, was this defendant acting under color of state law?

__X__ Yes _____ No. If your answer is "Yes," briefly explain:

Because she is an employee of the Department of Justice, who oversees

the everyday operations of B.O.P. Facilities, and its employees.

3. Defendant Margret Harden _____ is a citizen of Pennsylvania
   (name of second defendant)                                         (State)

whose address is P.O. Box 2000, White Deer, Pennsylcania 17887

and who is employed as Warden of F.C.I. Allenwood _____ . At the time the claim(s)
                      (title and place of employment)

alleged in this complaint arose, was this defendant acting under color of state law?

__X__ Yes _____ No. If your answer is "Yes," briefly explain:

Because she is the Warden of the facility where the complaint arose

and is charge of the staff involved, of the medical complaint.

(If more space is needed to furnish the above information for additional defendants, continue on a blank sheet which you should label "A. PARTIES." Be sure to include each defendant's complete address and title.)

## B. JURISDICTION

1. Jurisdiction is asserted pursuant to (CHECK ONE)

   _____     42 U.S.C. § 1983 (applies to state prisoners)

   __X__      *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (applies to federal prisoners)

2. Jurisdiction also is invoked pursuant to 28 U.S.C. § 1343(a)(3). (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)

28 U.S.C. §1343(a)(3)

## C. NATURE OF THE CASE

BRIEFLY state the background of your case.

**SEE ATTATCHED STATEMENT**


## D. CAUSE OF ACTION

I allege that the following of my constitutional rights, privileges, or immunities have been violated and that the following facts form the basis of my allegations: (If more space is needed to explain any allegation or to list additional supporting facts, continue on a blank sheet which you should label "D. CAUSE OF ACTION.")

Claim I:    8th. Amendment Cruel and Unusual Punishment Violation

Supporting Facts: (Include all facts you consider important, including names of persons involved, places, and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)

**SEE ATTATCHED STATEMENT**


Claim II: 5th. Amendment Due Process Violation

Supporting Facts:

**SEE ATTATCHED STATEMENT**

Claim III:    **NONE** _____

_____    _____

_____

Supporting Facts:

**NONE**

## E.  PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1.  Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? _____Yes _____No. If your answer is "Yes," describe each lawsuit.  (If there is more than one lawsuit, describe the additional lawsuits using this same format on a blank sheet which you should label "E.  PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF.")

a.  Parties to previous lawsuit:


Plaintiff(s): **N/A** _____


Defendant(s): **N/A** _____

b.  Name and location of court and docket number  **N/A** _____

c.  Disposition of lawsuit.  (For example, was the case dismissed?  Was it appealed? Is it still pending?)
 **N/A** _____

d.  Issues raised: **N/A** _____

e.  Approximate date of filing lawsuit: **N/A** _____

f.  Approximate date of disposition: **N/A** _____

2. I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part D. __**X**__ Yes _____ No

If your answer is "Yes," briefly describe how relief was sought and the results.

**SEE ATTATCHED TORT CLAIM #T-WXR-99-88, AND RELATED RESPONSES**


3. I have exhausted available administrative remedies. __**X**__ Yes _____ No. If your answer is "Yes," briefly explain the steps taken. Attach proof of exhaustion. If your answer is "No," briefly explain why administrative remedies were not exhausted.

**PER McCARTHY v. MADIGAN, 503 U.S.--, 117 L Ed 2d 291, Federal Prisoner held not required to exhaust B.O.P. internal grievance proceedure before initiating Bivens action solely for money damages.**

## F. PREVIOUSLY DISMISSED ACTIONS OR APPEALS

1. If you are proceeding under 28 U.S.C. § 1915, please list each civil action or appeal you have brought in a court of the United States, while you were incarcerated or detained in any facility, that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Please describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on a blank sheet which you should label "F. PREVIOUSLY DISMISSED ACTIONS OR APPEALS."


a. Parties to previous lawsuit:

Plaintiff(s): **N/A** _____


Defendant(s): **N/A** _____

b. Name and location of court and docket number **N/A** _____

c. Grounds for dismissal:  ( ) frivolous ( ) malicious ( ) failure to state a claim upon which relief may be granted.

d. Approximate date of filing lawsuit: **N/A** _____

e. Approximate date of disposition: **N/A** _____

Rev. 5/96                                             5

2. Are you in imminent danger of serious physical injury?  __X__ Yes  ____ No. If your answer is "Yes," please describe the facts in detail below without citing legal authority or argument.

My thumb is in constant pain. The Administration at F.C.I. Allenwood is constantly refusing to acknowledge what their officer has done to me. Plus after the operation on my right hand, I have lost all mobility in it, and have not received any physical therapy, or additional follow-up review of my injuriy, to verify that I have been corectly treated.

## G. REQUEST FOR RELIEF

I request the following relief:

**SEE ATTATCHED STATEMENT**

_pro-se;_ _____      M. RAMOS
Original signature of attorney (if any)     Prisoner's Original Signature
                                            **Manuel Ramos #37565-053**
                                            **U.S.P. Florence**
_____               **P.O. Box 7000**
                                            **Florence, Colorado**  P.O. BOX 4000
_____               **81226-7000**
                                            **[Pro-Se Litigant]**  ESPRINGFIELD,
_____                                     Mo 65808
Attorney's full address and telephone

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct.  28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at **Florence, Colorado**  on  24 - 6 - 2000
                (location)                    (date)

Subscribed and sworn before me          M. RAMOS
on this 24th day of April 2000.          Prisoner's Original Signature
County of Fremont
State of Colorado

Rev. 5/95  _Brenda Olmstead_              6
           Notary Public
           My commission expires on 9/03/02.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

MANUEL RAMOS                          )
                                      )
            Plaintiff,                )
                                      )        Civil Action No.
vs.                                   )        [To Be Supplied By the Court]
                                      )
KATHLEEN HAWK SAWYER, DIR.            )
OF BUREAU OF PRISONS,                 )
MARGRET HARDEN, WARDEN OF             )
F.C.I. ALLENWOOD                      )
                                      )
            Defendants.               )
                                      )
_____      )

## ATTATCHED STATEMENT

I.    On March 25, 1997, at about 10:30a.m., a correctional officer
at the Allenwood Federal Correctional Institution, in White Deer,
Pennsylvania, in Unit 4-B, brutally fractured my right hand. The
officer threw me to the floor on my face and stomach, and while on the
floor, the officer put his feet on my back and grabbed my right hand
and twisted my thumb unitl it was fractured; I knew this because I
heard the "snap," from the pressure placed on my thumb.

II.   On March 15, 1999, I filed a Tort Claim to the Northeast Regional
Office **(Claim No. T-WXR-99-88)**, related to this incident, and a cliam
for monetary compensation for my injuries. Receipt of this claim, was
on March 22, 1999.

////

////

////

**FILED**

JUL 1 1 2000



NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

00 1655

1

**III.**  On July 20, 1999, Warden Mike Adams of U.S.P. Lompoc sent a letter to Mauricio Suarez, Consul General of Columbia, in Washington, D.C., related to Manuel Ramos. It states the diagnosis of Mr. Ramos, and the alleged steps to rehabilitate his injury.

**IV.**  On January 7, 2000, Henry J. Sadowski, Regional Counsel for the Northeast Regional Office, denied Mr. Ramos' request for relief under his Tort Claim. Mr. Sasowski alleges that Mr. Ramos received his injuries contrary to what was indicated by Mr. Ramos, and that Mr. Ramos did not complain of such injuries from the date in question.

**V.**  As a result of this decision, Plaintiff has been denied adequate investigation of the issues addressed; which reaults in a denial of Due Process, guarnateed by the 5th. Amendment of the United States Constitution, and to have staff members of the Bureau of Prisons inflict injury on inmates with impunity, results in Cruel and Unusual Punishment that is protected by the 8th. Amendment of the U.S. Constitution.

### CONCLUSION

Therefore for the injurious and criminal acts perpetrated by staff employed by the Bureau of Prisons, and the Executive Staff who condone these actions, that the Defendants be sued in their individual and official capacities, and that this Court award the "Plaintiff," the amount of $5,000,000 compensatroy damages, and $10,000,000 punitive damages for Cruel and Unusual Punishment, mental cruelty, and psycological duress.

////

////

2

Respectfully Submitted,

M, RAMOS

Manuel Ramos
[Pro-Se Litigant]

# CLAIM FOR DAMAGE, INJURY OR DEATH

**INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM
OMB N
110C
EXPIRE

**1. Submit To Appropriate Federal Agency:**

U.S. DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS
WESTERN REGIONAL DIRECTOR
7950 Dublin Blvd. Third Floor
Dublin, CA 94568

**2. Name, Address of claimant and claimant's personal representat** (See Instructions on reverse.) (Number, street, city, State and

Manuel Ramos, Fed. Reg. # 37563-O
U.S.P. Lompoc
3901 Klein Blvd.
Lompoc, CA 93436

| 3. TYPE OF EMPLOYMENT [ ] MILITARY [ ] CIVILIAN | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M |
|---|---|---|---|---|

**8. Basis of Claim** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involv place of occurence and the cause thereof) (Use additional pages if necessary.) On March 25, 1997, at about 10:

while serving my sentence in Allenwood Medium,PA., the officer of Unit 4B
lly fractured my hand. I was immediately placed in segregation and denied
medical care notwithstanding my severe pain and insistent requests for tr
Four months after the incident I was transfered to Allenwood Penitentiary
I kept requesting medical attention and complaining of severe pain and in
to function with my right hand. I was only given massive doses of Motrin
was upsetting my stomach. On November 10/97, still without being treated
transfered again to Lewisburg Penitentiary. Four months after I finally w
checked by the specialist who ordered immediate operation. (Cont. p2 Annex

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See on reverse side.)

Inability of my right hand, mental anguish and severe pain

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMA NAME OF INJURED PERSON OR DECEDENT.

Cruel and unusual Punishment, excess of force, negligence, and discrimina

**11. WITNESSES**

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| I need the medical record in order to provide the name and addresses of doctor who ordered and performed the opera tion | **FILED** JUL 1 1 2000 |

**12. (See instructions on reverse.)** AMOUNT OF CLAIM (in dollars)     NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify ma |
|---|---|---|---|
| | Inability of right hand,pain, anguish | | forfeiture of your rights.) $ 5,000,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO AC AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14 DATE OF CLA 3-15-99 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States (See 31 U.S.C. 3729.) | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS Fine of not more than $10,000 or imprisonment for not more tha or both. (See 18 U.S.C. 287, 1001.) |
|---|---|

95 107
Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev

Page 2 Continuation

The specialist found out that I had a broken bone that had mended incorrectly in the right hand and its tendon had splayed. For these reason I had to be operated soon. Nevertheless the staff didnot order the operation claiming lack of money.

On January 7/99, after more than 9 months since being ordered the operation by the specialist I was taken to a Mental Hospital where I had surgery performed on me which results have yet to be seen because I could not get the rehabilitation physiotherapy that I need because on February 22, 1999, I was transfered from Lewisburg Penitentiary to Lompoc Penitentiary in California.

For the above reasons I am claiming that due to the staff officer excess of force and brutality I sustained physical and mental injuries which got worse with the time due to the negligence of the B.O.P. to provide for me proper and timely medical attention which caused me severe and unnecessary pain during almost 2 years, the disfunction of my right hand and profund anguish.

I am also claiming that my Human, Civil, and Constitutional Rights have been violated, and I have been inflicted cruel and unusual punishment, and discriminated against.



Federal Bureau of Prisons

*Northeast Regional Office*

U.S. Custom House - 7th Floor
2nd & Chestnut Streets
Philadelphia, PA. 19106

April 13, 1999

Manuel Martinez Ramos
Register No. 37563-053
USP Lompoc
3901 Klein Boulevard
Lompoc, California 93436

Re: Administrative Tort Claim Dated March 15, 1999
    Claim No. T-WXR-99-88

Dear Mr. Ramos:

This will acknowledge receipt by the agency on March 22, 1999, of your
administrative tort claim for alleged personal injury at FCI
Allenwood, on or about March 25, 1997.

Under the provisions of the Federal Tort Claims Act, 28 U.S.C. 2675,
we have six months from the date of receipt to review, consider, and
adjudicate your claim. Accordingly, you may expect to hear from us on
or before September 18, 1999.

All correspondence regarding this claim should be addressed to me at:
Federal Bureau of Prisons, Northeast Regional Office, Room 801, US
Custom House, 2nd & Chestnut Street, Philadelphia, Pennsylvania
19106. If the circumstances surrounding this claim change in any
fashion, you should contact me immediately. Also, should your address
change, you should advise me accordingly.

Sincerely,

Henry J. Sadowski
Regional Counsel

cc: File

**FILED**

JUL 1 1 2000

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**UNITED STATES GOVERNMENT**

Memorandum

Northeast Regional Office, Philadelphia, PA

**FEDERAL BUREAU OF PRISONS**

**DATE:** January 7, 2000

**REPLY TO**
**ATTN OF:** Henry J. Sadowski, Regional Counsel

**SUBJECT:** Your Administrative Tort Claim, No. T-WXR-99-88

**TO:** Manuel Martinez Ramos - Reg. No. 37563-053
USP Florence

Your Administrative Tort Claim No. T-WXR-99-88, dated March 15, 1999, and properly received in this office on March 22, 1999, has been considered for settlement as provided by the Federal Tort Claims Act, 28 U.S.C. § 2672, under authority delegated to me by 28 C.F.R. § 543.30. You seek compensatory damages in the amount of $5,000,000.00 for an alleged personal injury. Specifically, you claim that staff at the Federal Correctional Institution (FCI) Allenwood, Pennsylvania, fractured your right hand on March 25, 1997. You further claim staff failed to provide adequate treatment for your right hand and delayed needed surgery until January 1999.

Your Administrative Tort Claim was answered on September 17, 1999 and was forwarded to the United States Penitentiary (USP) Lompoc. It was returned to this office since you were transferred to the United States Penitentiary (USP) Florence. In response to your Administrative Tort Claim, after careful review of this claim, I decided not to offer a settlement. Our investigation revealed no evidence that staff fractured your hand on March 25, 1997. Instead, records indicate that on March 26, 1997, you assaulted another inmate by striking him in the face several times with your fist. Afterward, you were placed in the Special Housing Unit and examined by medical staff. You made no complaints of an injury to your right hand, nor was any right hand injury found during the examination. Although you were seen by medical staff on many occasions after March 26, 1997, (including an examination for a unrelated left hand injury), you did not complain about your right hand until August 1, 1997. Records indicate you received care for this injury, including surgery in January 1999. There is no evidence of negligence on the part of staff.

Accordingly, your claim is denied. If you are dissatisfied with this decision you may bring an action against the United States in an appropriate United States District Court within six (6) months of the date off this memorandum. **FILED**

cc: Michael A. Zenk, Warden, FCI Allenwood
File

JUL 1 1 2000

NANCY MAYER WHITTINGTON, CLERK

NSN 7540-00-634-4162

PATIENT IDENTIFICATION (For typed or written entries give:
Name – last, first, middle, Medical Facility)

*RAMOS MANUEL*

SEX/SSN (Sponsor): 5p M

WARD (CLINIC)

REGISTER N

375

EXAMINATION REQUESTED (Use SF 519-B for multiple exams)

*Right Hand X-ray*

REQUESTED BY

TELEPHONE

LOCATION OF MEDICAL RECORDS

*USP LEWISBURG*

FILM NO.  12-43

DATE REQUESTED  12-4-97

PREGNANT
☐ YES

SPECIFIC REASON(S) FOR REQUEST (Complaints and findings)

DATE OF EXAMINATION (Month, day, year)  12-12-97

DATE OF REPORT (Month, day, year)  12/14/97

DATE OF TRANSCRIPTION (Month, day,

12/14/97

RADIOLOGIC REPORT

RIGHT HAND:
Questionable small avulsion fracture is seen at the distal first
metacarpal. Minimal deformity is seen at the ulnar styloid process
probably related to old injury. The rest of the hand is otherwise
unremarkable.
IMPRESSION:  Questionable small avulsion fracture at the distal first
metacarpal.

JAE SHIM, MD

SIGNATURE
Antonio Buendia, M.D./dh

LOCATION OF RADIOLOGIC FACILITY

1 – MEDICAL RECORD      RADIOLOGIC CONSULTATION REQUEST/REPORT

☆U.S.G.P.O.:1954-384-653

STANDARD FORM 519-A
Prescribed by GSA/ICMR
FIRMR (41 CFR) 201-45.50

IMPRESSION:
Normal chest.

SIGNATURE

1 – MEDICAL RECORD      RADIOLOGIC CONSULTATION REQUEST/REPORT

LOCATION OF RADIOLOGIC FACILITY
MCC-NY

1/28/9

*U.S. GOVERNMENT PRINTING OFFICE: 1990-373-272

STANDARD FORM 519-A
Prescribed by GSA/ICMR
FIRMR (41 CFR) 201-45.505

d&t: 10-28-96

SIGNATURE

Board Ce

LOCATION OF RADIOLOGIC FACILITY

1 – MEDICAL RECORD      RADIOLOGIC CONSULTATION REQUEST/REPORT

*U.S. GOVERNMENT PRINTING OFFICE: 1993-361-197

STANDARD FORM 519-A (RE
Prescribed by GSA/ICMR
FIRMR (41 CFR) 201-45.505

SIGNATURE

 

**U.S. Department of Justice**

Federal Bureau of Prisons

*U.S. Penitentiary*

---

*3901 Klein Blvd.*
*Lompoc, CA 93436*
July 20, 1999

07-30-1999 043024

Mauricio Suarez
Consul General of Columbia
Consulate of Columbia
10 East 46th Street
New York, New York 10017

RE: Manuel Ramos
    Reg. No. 37563-053

Dear Mr. Suarez:

This is in response to your fax dated July 6, 1999, regarding your constituent, Manuel Ramos, who is currently incarcerated at the United States Penitentiary (USP), Lompoc, California. Specifically, you request information concerning Mr. Ramos' hand condition and the recommended treatment.

The Clinical Director has reviewed this case relative to your concerns and the following information was ascertained. Mr. Ramos initially injured his right thumb on March 26, 1997, at the Federal Correctional Institution, Allenwood, Pennsylvania. He was evaluated at USP Lewisburg, Pennsylvania on March 2, 1998, by the consultant Orthopedist. Mr. Ramos had corrective surgery on January 7, 1999, with resultant numbness of the left thumb, but with good function. Mr. Ramos arrived at Lompoc on February 24, 1999. He was evaluated by the physician and placed on the consultant Orthopedist's list for follow-up. He was evaluated by the Orthopedist on March 9, 1999, with recommendations to start range of motion/strengthening exercises, re-xray of the right thumb, and return in six weeks for additional follow-up. His follow-up appointment was on May 19, 1999. The Orthopedist recommended Carpal Tunnel Repair with Exploration of the right median nerve entrapment. The Clinical Director has deemed this to be Level 3 care, "Medically Acceptable but not Medically Necessary". Mr. Ramos is receiving appropriate treatment and follow-up for his condition.

I trust this information is responsive to your inquiry.

Sincerely,

Mike Adams
Warden

# FILED

JUL 1 1 2000

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

*Copied & mailed*
*7-22-99*
*Bul*