In The United States District Court
For The Middle District Of Pennsylvania

Manuel Ramos,
    Plaintiff,

V.

Margaret Harden, Warden
F.C.I. Allenwood, et al.,
    Defendants.

1:CV00-1957

District Of Columbia Civil
Case No. 00-1655 (RWR)

Transferred To Pennsylvania
By Order Of Court
September 18, 2000

FILED
SCRANTON
NOV - 8 2000
PER _____ DEPUTY CLERK

Motion For Extention Of Time To Amend Civil Rights Complaint
To Proper Form, With Additional Defendant's, Pursuant To
Rules Of Civil Procedure, Rule 6(b), and Rule 15(a)(c);
Biven's V. Six Unknown Agent's, 403 US 388 (1971);
Federal Tort Claims Act, Title 28 USC, §§1346, 2671

    **Comes Now**, Manuel Ramos, (hereinafter plaintiff), pro se, in the above captioned Civil Complaint, respectfully moves the Court to grant plaintiff an extention of time, (30 days) to correctly amend his complaint to include additional defendants, and bring his Civil action to proper form.

    Plaintiff is a Colombian citizen serving a federal prison sentence. Plaintiff speaks very little English so plaintiff relies on the help from others to do his legal work.

    Plaintiff states his Civil Complaint was not filed in the right venue, was not in proper form, and excluded the proper Medical Personnelas defendants. His Original complaint is being

(1)

from the United States District Court for the District of Columbia, to the United States District Court for the Middle District of Pennsylvania; (See Enclosed Memorandum And Transfer Order, dated September 18, 2000).

Plaintiff wishes to amend his Civil Complaint to include the proper defendants, to state a cause of action of deliberate indifference to plaintiff's serious medical needs by several Bureau of Prisons Medical Personel, and Cruel Unusual Punishment in a Biven's action; **Estelle V. Gamble**, 429 US 97, 97 Sct 285 (1976). A plaintiff may maintain a Biven's action, with trial by jury, even though he also has a remedy under the **Federal Tort Claims Act**; **Butz V. Economou**, 438 US 478 (1978).

Plaintiff needs thirty (30) days to have someone review his Medical Records regarding this Civil action, and to submit a Memorandum of Law in support of his Civil action, as well as submit the proper forms needed by the Court.

Plaintiff states he has paid the 150.00 filing fee and is submitting a copy of the receipt with this motion.

### In Conclusion

Plaintiff moves the honorable Court to grant him a 30 day extention of time to amend his Civil rights complaint to conform to the Rules of Civil Procedure, and correct its deficiencies for the above reasons.

Pursuant to **Title 28 USC, §1746**, I declare under penalty of perjury, that the foregoing is true and correct.

(2)

Dated this __19__ day of __OCTOBER__, 2000.

                                    Respectfully Submitted,

                                    _M. Ramos_,
                                    Manuel Ramos, pro se.
                                    #37563-053
                                    U.S. Penitentiary
                                    P.O. Box 7000
                                    Florence, Colorado 81226

### Certificate of Service

I, Manuel Ramos, hereby certify, that I have served the original plus 2 copies of the following to the Clerk at the United States District Court fo the Middle District of Pennsylvania, and have served 1 copy of the same upon the defendant, Margaret Harden, Warden F.C.I. Allenwood, et al.

Motion For Extention Of Time To Amend Civil Rights Complaint To Proper Form, With Additional Defendants, Pursuant To Rules Of Civil Procedure, Rule 6(b), and Rule 15(a)(c); Biven's V. Six Unknown Agents, 403 US 388 (1971); Federal Tort Claims Act, Title 28 USC, §§ 1346, 2671.

by placing same in a sealed, postage prepaid envelope addressed to:

Clerk, United States District Court
for the Middle District of Pennsylvania
U.S. Courthouse
The Federal Building
P.O. Box 608
Williamsport, PA 17701

Margaret Harden, Warden
P.O. Box 2000
White Deer, PA 17887

and deposited same in the U.S. Postal mail at U.S.P. Florence, Colorado, on this 19 day of OCTOBER, 2000.

M. RAMY
Manuel Ramos, pro se.
#37563-053

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

**SEP 2 0 2000**

NANCY MAYER-WHITTINGTON, CLERK
U.S DISTRICT COURT

Manuel Ramos, )
)
      **Plaintiff,** )
)
v. ) Civil Action No. 00-1655 (RWR)
)
Kathleen Hawk Sawyer, et al., )
)
      **Defendants.** )

## MEMORANDUM AND TRANSFER ORDER

This matter comes before the Court upon its initial review of plaintiff's *pro se* complaint. Because venue is improper the action will be transferred to the district in which the cause of action arose.

Manuel Ramos is a federal prisoner currently confined at the United States Medical Center for Federal Prisoners in Springfield, Missouri. He alleges that on March 25, 1997, while confined at the Allenwood Federal Correctional Institution in White Deer, Pennsylvania, a correctional officer intentionally fractured his right thumb. Plaintiff filed an administrative claim which was denied. He brings this action for damages, pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). The action may also be construed as one under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 *et seq*. He names as defendants the Director of the Federal Bureau of Prisons and the warden of FCI Allenwood.

"Courts in this circuit must examine challenges to personal jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia." Cameron v. Thornburgh, 983 F.2d 253, 256 (D.C. Cir. 1993). The only basis for venue here is the naming of the Director of the Bureau of Prisons as a defendant. The

3

Director cannot be held personally liable for the constitutional torts of employees she supervises on the theory of respondeat superior. Monell v. New York City Dept.of Social Servs., 436 U.S. 658, 694 (1978). In order to prevail against the Director, plaintiff must allege some action taken by her that resulted in the particular constitutional or statutory violation. Plaintiff's appeal of his administrative grievance denied by the Director is insufficient to impose such liability. See Farmer v. Moritsugu, 163 F.3d 610, 615 (D.C. Cir. 1998) (medical director cannot be held personally liable for deliberate indifference solely because he was informed of problems where he was not person to whom matters should have been addressed). Without more, the Director of the Bureau of Prisons must be dismissed from this action.

The remaining defendant does not reside in the District of Columbia, but appears to reside in Pennsylvania. In addition, the alleged constitutional deprivations occurred exclusively in Pennsylvania. As such, this case was not properly filed here because venue is improper. See 28 U.S.C. § 1391(b). Similarly, plaintiff's FTCA claim may be prosecuted only in the judicial district where the act or omission complained of occurred. 28 U.S.C. § 1402(b), (c). Thus, venue is not proper here for plaintiff's FTCA claim, but it would be proper in Pennsylvania. This Court may transfer this case to a district where the action could have been brought if transfer would be "in the interest of justice." 28 U.S.C. §1406(a). The Court finds that transfer would be in the interest of justice in this case. The Court finds that venue is proper in Pennsylvania where the alleged actions took place and where the defendant resides.

2

Accordingly, it is by the Court this 18th day of September, 2000,

ORDERED that this action is DISMISSED with prejudice as against defendant Kathleen Hawk Sawyer; it is

FURTHER ORDERED that this action is TRANSFERRED to the United States District Court for the Middle District of Pennsylvania. The Clerk of this Court shall file and docket the petition.

_____
RICHARD W. ROBERTS
United States District Judge

Case 1:00-cv-01957-JAS   Document 2   Filed 11/08/2000   Page 7 of 8

3

```
06
THANK YOU
     CHECK TENDERED $           $150.00
          150.00
======= T O T A L =======
           90.00
610000   SPECIAL CIVIL FILING
CASE # 00-1955
           +0.00
023900   FILING FEE CIVIL
CASE # 00-1655
=======NO REFUND WITHOUT RECEIPT=======
 DC   1-1 COOK          Receipt # 077153
 07/13/00                     9:15:48 AM
              WASHINGTON D.C.
         U.S. DISTRICT COURT


 NO SALE
 DC   1-2 TAM           Receipt # 077153
 07/13/00                     9:15:48 AM

 06
```