Manuel Ramos
Register Number 37563-053
U.S. Penitentiary
P.O. Box 7000
Florence, CO. 81226

*1-00-1957*

*3*

*11/15/0*

*JM*

Date

*11-6-00*

United States District Court
Clerk's Office
Middle District Of Pennsylvania
235 North Washington Avenue
P.O. Box 1148
Scranton, PA 18501

RECEIVED
SCRANTON

NOV 1 5 2000

MARY E. *Rmp*
PER: DEPUTY CLERK

RE:  Motion To Submit Amended Memorandum Of Law In Support Of
Civil Rights Complaint; Distirct Of Columbia Case Transferred,
Case No. 00-1655 (RWR)

*1:CV-00-1957*

Dear Clerk,

          Enclosed you will find the original plus one (1)

copy for the Court plus five (5) copies for the defendants of

the above Captioned Amended Memorandum Of Law plus supporting

motions and Summons.  Please file them in the above case with

the Court.  Thank-you sir for your time and consideration.

FILED
SCRANTON

NOV 13 2000

PER _____ DEPUTY CLERK

Sincerely,

*M, RAMOS*

Manuel Ramos, pro se.

*Manuel RAMOS*

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Manuel Ramos #37563-053

V.

(Enter above the full name of
plaintiff in this action)

1: CIVIL CASE NO. 00-1957
(to be supplied by Clerk
of the District Court)

Margaret Hardman, Warden FCI Allenwood, PA.

Dr. McGlori, Medical Doctor FCI Allenwood,

PA. Maximo R. Velasco Jr., Medical Doctor

USP. Lewisburg, PA. Anthony Bussanich, Medical

Doctor USP Lewisburg, PA. Peter J. Terhay,

D.O., Consulting Surgeon, Blooms burg Hospital,

Bloomsburg, PA.

(Enter above the full name of
the defendant(s) in this action)

## COMPLAINT

1. The plaintiff ___Manuel Ramos___ a citizen of

the County of ___Fremont___ State of ___Colorado___

~~Pennsylvania~~, residing at _____

wishes to file a complaint under ___See Memorandum Of Law___

(give Title No. etc.)

2. The defendant is ___See Memorandum Of Law___

3. STATEMENT OF CLAIM: (State below the facts of your case. If you have paper
exhibits that give further information of your case, attach them to this completed form. Use as

See Memorandum Of Law

much space as you need. Attach extra sheet(s) if necessary) _____   _____

3. (CONTINUED) _____ N/A _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

4. WHEREFORE, plaintiff prays that _____ See Memorandum Of Law _____

_____

_____

_____

_____

_____

_____

_____

X  M. RAMOS _____
**(Signature of Plaintiff)**
MANU RAMOS

In The United States District Court
For The Middle District Of Pennsylvania
(Scranton)

Manuel Ramos,                          )  Civil No. _____
                    Plaintiff          )
                                       )
                                       )
                                       )
V.                                     )   District of Columbia Civil
                                       )   Case No. 00-1655 (RWR)
                                       )   Transferred To Pennsylvan-
                                       )   ia By Order of Court,
                                       )   September 18, 2000
Margaret Harden, Warden F.C.I.         )
Allenwood, PA;  Dr. McGlori,           )
Medical Doctor, F.C.I.                 )
Allenwood;  Maximo R. Velasco          )
Jr., Medical Doctor U.S.P.             )
Lewisburg, PA.;  Anthony               )
Bussanich, Medical Doctor,             )
U.S.P. Lewisburg, PA.;  Peter          )
J. Terhaar, D.O., Consulting           )
Surgeon, Bloomsburg Hospital,          )
Bloomsburg, PA.,                       )
                                       )
                    Defendants         )

---

**Motion To Submit Amended Memorandum of Law In Support
of Civil Rights Complaint Under Biven's V. Six Unknown Agents,
403 US 388 (1971); 28 USC, ¶¶ 1331, 1391(a)(b) and Federal
Tort Claims Act, 28 USC, §§ 1346(b), 2671-80**

---

Comes Now, Manuel Ramos, Plaintiff, pro se, before the

United States District Court, For The Middle District of

Pennsylvania, (Scranton), to respectfully move this Court to

grant this motion to submit the above captioned Amended

Memorandum of Law Civil Rights Complaint against the above

named defendants.  Plaintiff states he believes he has a

(1)

meritorious claim and would like to pursue this issues in said claim

Pursuant to Title 28 USC, § 1746, I declare under penalty of perjury, that the foregoing is true and correct.

Dated this ____6____ day of ___NOVEMBER___, 2000.


Respectfully Submitted,

_M, R AMOS_
Manuel Ramos, pro se.

In The United States District Court
For The Middle District Of Pennsylvania
(Scranton)

| | | |
|---|---|---|
| Manuel Ramos, | ) | Civil No. _____ |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | District of Columbia Civil |
| | ) | Case No. 00-1655 (RWR) |
| V. | ) | Transferred To Pennsylvan-ia By Order Of Court |
| | ) | September 18, 2000 |
| | ) | |
| Margaret Harden, Warden F.C.I. | ) | |
| Allenwood, PA;  Dr. McGlori, | ) | |
| Medical Doctor, F.C.I. Allenwood; | ) | |
| Maximo R. Velasco Jr., Medical | ) | |
| Doctor U.S.P. Lewisburg, PA; | ) | |
| Anthony Bussanich, Medical | ) | Jury Trial Demanded |
| Doctor, U.S.P. Lewisburg, PA; | ) | |
| Peter J. Teraar, D.O., Consulting | ) | |
| Surgeon, Bloomsburg Hospital, | ) | |
| Bloomsburg, PA, | ) | |
| | ) | |
| Defendants | ) | |

---

Amended Memorandum Of Law In Support Of Civil Rights
Complaint Under Biven's V. Six Unknown Agents, 403 US 388 (1971);
Title 28 USC, §§ 1331, 1391 (a)(b) and Federal Tort Claims Act,
Title 28 USC, §§ 1346 (b), 2671-80

---

Prepared By:

Manuel Ramos
Register Number 37563-053
U.S. Penitentiary
P.O. Box 7000
Florence, CO 81226
pro se.

# Table Of Contents

|   |   | Page No. |
|---|---|---|
| 1.) | Table of Authorities ...................... | i |
| 2.) | Amended Memorandum Of Law To Civil Rights Complaint ......................... | 1 |
| 3.) | Jurisdictional Statement .................. | 3 |
| 4.) | Parties ................................... | 3 |
| 5.) | Statement Of Issues Presented ............. | 6 |
| 6.) | Statement Of Facts ........................ | 7 |
| 7.) | Claims For Relief ......................... | 12 |
| 8.) | Issue No.1-Additional Argument To Original Complaint:  Excessive Physical Force By Staff ..................................... | 14 |
| 9.) | Issue No.2-Deliberate Indifference To Serious Medical Need ...................... | 17 |
| 10.) | Issue No.3-Cruel And Unusual Punishment Standard Eighth Amendment ................. | 19 |
| 11.) | Qualified Immunity And Defendants ......... | 24 |
| 12.) | Demand For Judgement ...................... | 25 |
| 13.) | Injunctive Relief ......................... | 26 |
| 14.) | In Conclusion ............................. | 26 |
| 15.) | Affidavit In Support Of Civil Rights Complaint ................................. | 28 |
| 16.) | Certificate Of Service .................... | 29 |

# Table Of Authorities

Page No.

1.) Anderson V. Creighton, 483 US 635, 640, 107
SCT 3034, 97 L.Ed.2d 523 (1987) .................. 24

2.) Brownlee V. Conine, 957 F2d 353, 354 (7th
Cir. 1992) ....................................... 25

3.) Boretti V. Wiscomb, 930 F2d 1150, 1154-55
(6th Cir. 1991) .................................. 23

4.) Brown V. Hughes, 894 F2d 1533 (11th Cir. 1990) ... 21

5.) Carlson V. Green, 446 US 14, 22-23 100 SCT
1468 (1980) ...................................... 17

6.) Cummings V. Malone, 995 F2d 817, 822 (8th Cir.
1993) ............................................ 16

7.) Conn V. Gabbert, _____ US _____,
_____, 119 SCT 1292, 1295, 143 L.Ed.2d 399
(1999) ........................................... 24

8.) Estelle V. Gamble, 429 US 97, 104, 97 SCT 285,
50 L.Ed.2d 251 (1976) ............................ 17
20
23

9.) Fisher V. Koehler, 692 F.Supp. 1519, 1563
(S.D.N.Y. 1988), aff'd 902 F2d 2 (2nd Cir.
1990) ............................................ 15

10.) Farmer V. Brennan, _____ US _____, 114
SCT 1970, 1977 (1994) ............................ 16
17

11.) Farinaro V. Coughlin, 642 F.Supp. 276, 279
(S.D.N.Y. 1986) .................................. 23

12.) Guy V. U.S., 492 F.Supp 571 (N.D. Cal.1980) ...... 14
15

13.) Hudson V. McMillian, 503 US 1, 112 SCT 995,
998-99 (1992) .................................... 15
16
22

Table Of Authorities (Cont'd)

Page No.

14.) Haines V. Kerner, 404 US 519, 30 L.Ed2d 652,
92 SCT 594 (1972) ..................................    2

15.) Howard V. Barnett, 21 F3d 868, 872, (8th Cir.
1994) .............................................    16

16.) Henderson V. Harris, 672 F.Supp. 1054, 1063
(N.D.ILL. 1987) ..................................    17

17.) Hathaway V. Coughlin, 37 F3d 63, 67 (2nd Cir.
1994) .............................................    23

18.) Hamilton V. Endell, 981 F2d 1062, 1066 (9th
Cir. 1992) .......................................    25

19.) Harlow V. Fitzgerald, 457 US 800, 818, 102 SCT
2727, 73 L.Ed.2d 396 (1982) .....................    24

20.) In re Kemmler, 136 US 436, 447, 10 SCT 930, 34
L.Ed.2d 519 (1890) ..............................    20

21.) Langley V. Coughlin, 888 F2d 252, 254 (2nd Cir.
1989) .............................................    21
                                                      22

22.) Lawler V. Marshal, 898 F2d 1196, 1199 (6th Cir.
1990) .............................................    25

23.) Monmouth County Correction Institution Inmates
V. Lanzaro, 834 F2d 326, 349 (3rd Cir. 1987)
cert. den., 486 US 1066 (1988) ..................    21

24.) McElligott V. Foley, 182 F3d 1248 (11th Cir.
1999) .............................................    19
                                                      20

25.) McGuckin V. Smith, 974 F2d 1050 (9th Cir. 1992) ..    22
                                                           23

26.) Romano V. Howarth, 998 F2d 101, 106 (2nd Cir.
1993) .............................................    16

27.) Torraco V. Maloney, 923 F2d 231 (1st Cir. 1991) ..    23

## Table Of Authorities (Cont'd)

|  |  | Page No. |
|---|---|---|
| 28.) | U.S. V. Muniz, 374 US 150, 165, 83 SCT 1850 (1963) ......................................... | 14 |
| 29.) | Whitley V. Albers, 475 US 312, 320-21, 106 SCT 1078 (1986) ................................ | 16 |
| 30.) | Williams V. Omodt, 640 F.Supp. 120, 123-24 (D.Minn. 1986) ................................. | 3 |
| 31.) | Washington V. Dugger, 860 F2d 1018, 1021 (11th Cir. 1978) ................................. | 23 |

## Rules Of Civil Procedure; Statutes; Other:

|  |  | Page No. |
|---|---|---|
| 1.) | Federal Rules Civil Procedure, Rule 38(b) ........ | 2 |
|  | Rule 8 (a) ....................................... | 3 |
| 2.) | Title 28 USC, § 1331 ............................. | 3 |
|  | § 1391(a)(b) ..................................... | 3 |
| 3.) | Title 28 USC §§ 1346 (b), 2671-80 F.T.C.A. ........ | 3 |
| 4.) | Title 18 USC, § 4042 ............................. | 12 |
|  |  | 14 |
| 5.) | Title 28 USC, § 1746 ............................. | 28 |

Eighth Amendment, U.S. Constitution - throughout

In The United States District Court
For The Middle District Of Pennsylvania
(Scranton)

|  |  |
|---|---|
| Manuel Ramos,<br>    Plaintiff,<br><br>V.<br><br>Margaret Harden, Warden F.C.I.<br>Allenwood, PA; Dr. McGlori,<br>Medical Doctor, FCI Allenwood;<br>Maximo R. Velasco Jr., Medical<br>Doctor, USP Lewisburg;<br>Anthony Bussanich, Medical Doc-<br>tor USP Lewisburg, PA;<br>Peter J. Terhaar, D.O., Consulting<br>Surgeon, Bloomsburg Hospital,<br>Bloomsburg, PA.,<br>        Defendants. | Civil No. _____<br><br>District of Columbia Civil<br>Case No. 00-1655(RWR)<br>Transferred To Pennsylvania<br>By Order Of Court, September<br>18, 2000<br><br><br>Jury Trial Demanded |

**Amended Memorandum Of Law In Support Of Civil Rights Complaint Under Biven's V. Six Unknown Agents, 403 US 388 (1971); Title 28 USC, §§ 1331, 1391(a)(b) and Federal Tort Claims Act, Title 28 USC, §§ 1346(b), 2671-80**

    **Comes Now**, Manuel Ramos, (hereinafter plaintiff) pro se, before the United States District Court, For The Middle District Of Pennsylvania, (Scranton), respectfully to submit the above captioned Amended Memorandum Of Law In Support Of Civil Rights Complaint and Federal Tort Claim.

    Brought against the above named defendants for previous and future violations of plaintiff's right to be free from cruel and unusual punishment secured by the Eighth Amendment of the Constitution, as well as for violating plaintiff's right to not be treated with deliberate indifference towards plaintiff's

serious medical needs by delaying treatment over many months
for a broken right hand which caused the tendon to splay when
it finally healed on its own.

Brought against the above named defendants for the use
of excessive unreasonable force by an officer which intention-
ally broke plaintiff's hand <u>after</u> he was subdued and handcuffed
by pulling plaintiff's thumb until it broke.

Brought against the above named defendants for failing to
investigate this incident, turn over the officer's name involved
in this incident, turn over the accident report on this incident,
and for not recieving adequate medical care after this incident
took place.

These defendants were acting under color of federal law
and their individual capacities.

Pursuant to **Fed.R.Civ.P., Rule 38(b)**, plaintiff demands
the Court issue an Order for a jury trial on the meritorious
issues presented herein.

The allegations in this complaint are to be held in a
less stringent standard than formal pleadings drafted by an
attorney due to plaintiff's inexperience with the law, and in-
ability to speak English; **Haines V. Kerner**, 404 US 519, 30 LEd
2d 652, 92 SCT 594 (1972).

## Jurisdictional Statement

The basis for the Court's jurisdiction pursuant to **Fed. R.Civ.P., Rule 8(a), is Title 28 USC, §1331** due to violations of the Eighth Amendment to the Constitution, and defendant's deliberate indifference towards plaintiff's serious medical needs as outlined above; **Title 28 USC, §1391(a)(b)** for damages and personal jurisdiction; **Title 28 USC, §§1346(b), 2671-80, Federal Tort Claims Act.**

## Parties:

1.) Margaret Harden, Warden of F.C.I. Allenwood, PA.

She is a citizen of Pennsylvania

Address: P.O. Box 2000, White Deer, Pennsylvania 17887

The defendant, at the time this complaint arose was acting under color of federal law.

This defendant failed to investigate the negligent act of one of her employees, an officer, which broke plaintiff's right hand after the plaintiff was secured in handcuffs.

This defendant failed to turn over the officers name involved in this incident as well as the accident report on this incident and should be held liable; **Williams V. Omodt, 640 F.Supp. 120, 123-24 (D. Minn. 1986).**

This defendant failed to insure plaintiff recieved adequate medical care for his broken hand violating plaintiff's right to be free from cruel and unusual punishment.

She is responsible in her official and individual capacity.

(3)

2.) Doctor McGlori, Medical Doctor at F.C.I. Allenwood, PA.

He is a citizen of Pennsylvania

Address: P.O. Box 2000, White Deer, Pennsylvania 17887

The defendant at the time this complaint arose was acting

under color of federal law.

This defendant is liable for deliberate indifference to

plaintiff's serious medical needs. This defendant did not

adequately treat plaintiff's broken hand. Did not complete

the necessary xray needed to show plaintiff had an injured

tendon. Did not insure plaintiff recieved the needed sur-

gery of said tendon in time to prevent this tendon from

becoming atrophied so plaintiff would not have needed the

tendon graft surgery he eventually needed to have.

This defendant is responsible in his official and indivi-

dual capacity.

3.) Maximo R. Velasco Jr., Medical Doctor at U.S.P. Lewisburg

PA.

He is a citizen of Pennsylvania

Address: P.O. Box 1000, Lewisburg, PA 17837

The defendant, at the time this complaint arose was acting

under color of federal law.

This defendant is liable for deliberate indifference to

plaintiff's serious medical needs; (Same as above)

This defendant is responsible in his official and indivi-

dual capacity.

(4)

4.) Anthony Bussanich, Medical Doctor at U.S.P. Lewisburg, PA.

He is a Citizen of Pennsylvania

Address: P.O. Box 1000, Lewisburg, PA 17837

The defendant, at the time this complaint arose was acting under color of federal law.

This defendant is liable for deliberate indifference to plaintiff's serious medical needs, knowing plaintiff had a broken right hand, splayed tendon, and chose to wait many months before correcting the injury. A surgery that turned out to be very unsuccessful, causing plaintiff to lose the normal use of his hand permenantly. Causing plaintiff to suffer in pain needlessly. Has caused plaintiff extreme mental and physical pain to the point of being fearful of being treated anymore by Bureau of Prisons doctors.

This defendant is responsible in his official and individual capacity.

5.) Peter J. Terhaar, D.O., Consulting Surgeon, Surgeon at Lewisburg, PA.

He is a citizen of Pennsylvania

Address: 549 E. Fair Street, Bloomsburg, PA 17815

The defendant, at the time this complaint arose was acting under color of federal and state law.

This defendant performed an experimental surgery on plaintiff's splayed tendon in his right hand.

(5)

This defendant did not inform plaintiff the surgery was an experimental surgery and was negligent in performing this surgery.

Plaintiff has lost the normal used of his right hand because of this malpractice, has permenant numbness, and is now fearful of all Bureau of Prison doctors because of this experimental surgery.

This defendant has shown deliberate indifference to plaintiff's serious medical needs by causing plaintiff great harm with his "monkey experiment," permenantly injuring plaintiff.

## Statement Of Issues Presented

The defendants herein are responsible in their official and individual capacities for violating plaintiff's right to be free from cruel unusual punishment and deliberate indifference to plaintiff's serious medical needs.

The officer in question, whom subdued plaintiff in the March 26, 1997 altercation with another inmate used unreasonable and excessive force by twisting plaintiff's thumb and breaking his thumb in doing so. Plaintiff was not struggling with the officer at the time.

Though plaintiff complained to medical staff about severe pain, swelling, the defendants only prescribed Motrin then did not record plaintiff's many complaints about this injury in his medical records.

The plaintiff complained of severe pain 20+ times in the

records and many more times off the record.

Plaintiff did not recieve the needed surgery on a splayed tendon, (Caused by the broken hand) in his right thumb for over 20 months causing said tendon to atrophy, making it impossible to be re-attached.

A radical experimental surgery was then done which to this date has done nothing to improve plaintiff's medical condition.

The defendants deliberately transferred plaintiff to several different federal prisons in a short time to avoid giving plaintiff the proper medical care, i.e., surgery, physical therapy.

Plaintiff has suffered many months of physical as well as mental anguish over this trauma and has been told he will have medical problems with his right hand for the rest of his life.

## Statement Of Facts

March 26, 1997, while at F.C.I. Allenwood, Pennsylvania, plaintiff was involved in an altercation with another inmate and was subdued by an officer, (Name unknown) and handcuffed. The officer while handcuffing plaintiff twisted plaintiff's right thumb even though plaintiff was not struggling with him and severely injured plaintiff's thumb.

For fifteen (15) days plaintiff complained of severe pain in his right hand and thumb only to be told to take massive doses of Motrin.

Doctor McGlori, at F.C.I. Allenwood informed plaintiff he

would order an xray of his injured right hand.

May 21, 1997, plaintiff was transferred from F.C.I. Allenwood
to U.S.P. Allenwood and still not had the needed xray of his
right hand. Again plaintiff was told to continue taking Motrin
which plaintiff complained upset his stomach.

August 8, 1997, plaintiff again complained of severe right thumb
wrist and hand pain, refused to take anymore Motrin because of
stomach pain and asked for something to be done. At this time
a deformity was noted and again an xray was ordered.

Plaintiff complained many times of being in pain from his
hand only to be told to take Motrin. Everywhere in his medical
records where Motrin was given reflects the times his hand com-
plaints were not recorded.

November 19, 1997, plaintiff was transferred from U.S.P. Allen-
wood to U.S.P. Lewisburg and continued to complain of right
hand pain.

December 4, 1997, complaint of right hand pain was noted and an
xray was completed which showed a small avulsion fracture at
the distal first metacarpal.

February 9, 1998, plaintiff was again examined for severe right
hand pain and was recommended to see the orthopedic consultant
and surgical repair of the tendon was recommended.

February 22, 1998, plaintiff complained of severe pain again.

March 2, 1998, Consultation was confirmed by Dr. Velasco for
surgical repair of tendon to the bone.

March 3, 1998, plaintiff again complained of severe pain in his right hand, and thumb.

July 21, 1998, plaintiff complained of right hand and thumb pain.

January 7, 1999, plaintiff was finally taken to the Bloomsburg Hospital, Bloomsburg, PA, to have surgery performed by Peter J. Terhaar, D.O., for chronic gameskeeper's thumb, right upper extremity (Grade III), which was a reconstruction ulnar collateral ligament utilizing a **palmaris longus tendon graft** with suture anchors.

January 17, 1999, plaintiff complained of severe pain in his right hand and wrist.

January 18, 1999, plaintiff complained of severe pain in his right hand and wrist.

January 20, 1999, plaintiff complained of severe pain in his right hand and wrist.

February 5, 1999, plaintiff complained of severe pain in his right hand and wrist.

February 22, 1999, plaintiff was transferred from U.S.P. Lewisburg, PA, to U.S.P. Lompoc, CA.

February 25, 1999, plaintiff complained of severe pain in his right hand and wrist.

March 8, 1999, plaintiff complained of severe pain in his right hand and wrist.

April 19, 1999, plaintiff complained of severe pain in his right
hand and wrist.

May 19, 1999, plaintiff complained of severe pain in his right
hand and wrist and was told by a consulting doctor (Name is
unknown) that plaintiff had Carpal Tunnel Syndrome & Median
Nerve Entrapment. This consultant informed plaintiff that if
he had another surgery he would most likely have big problems
with his hand from that point on. This consultant told plain-
tiff that the surgery already performed was an "experimental"
surgery and should not have been done.

May 28, 1999, plaintiff again complained of severe right hand
and wrist pain.

March 15, 1999, palintiff filed a Tort claim with the North-
east Regional Office ( Claim No. T-WXR-99-88) with a claim for
monetary compensation for his injuries.

October 7, 1999, plaintiff was transferred from U.S.P. Lompoc,
CA, to U.S.P. Florence, CO.

While at U.S.P. Florence plaintiff complained of severe right
hand pain and was taken into Pueblo to see a consulting doctor,
(Name unknown, plaintiff cannot get his medical records from
the medical department at Florence) and this doctor again gave
the diagnosis of Carpal Tunnel syndrome and recommended plain-
tiff have the surgery but plaintiff declined out of fear.

January 7, 2000, Henry J. Sadowski, Regional Counsel for the

Northeast Regional Office denied plaintiff relief under his
Tort claim.

May 23, 2000, U.S.P. Transferred plaintiff to the Medical Center
for Federal Prisoners, Springfield, MO, wherein plaintiff was
again examined by the doctors and found to have the above med-
ical diagnosis of Carpal Tunnel Syndrome and Median Nerve En-
trapment. Plaintiff declined to have another surgery out of
fear from the past experimental surgery performed on him.

June 15, 2000, plaintiff was returned to U.S.P. Florence, CO,
for refusing the surgery at Springfield, MO. where he remains.

June 19, 2000, plaintiff filed his initial Civil Rights Complaint
("U.S. District Court, For The District Of Columbia, Case No.
00-1655(RWR)) which was filed in the wrong venue.

September 20, 2000, the U.S. District Court For The District
Of Columbia filed a Memorandum and Transfer Order ordering tran-
sfer of plaintiff's complaint to the appropriate District Court
For The Middle District Of Pennsylvania. In the Court's Order
the Court never specified which Court in Pennsylvania the case
would be transferred to.

October 19, 2000, plaintiff filed a Motion For Extention Of
Time To Amend Civil Rights Complaint, was unsure which Court
in Pennsylvania to file this motion and filed the motion in
the Middle District Of Pennsylvania, Williamsport, Pennsylvan-
ia, with instructions to the Clerk to please transfer the motion

to the appropriate Court if that was not the Court for it to
be filed in.

October 20, 2000, plaintiff recieved a letter from the Clerk
for the United States District Court, District Of Columbia,
addressed to the Clerk for the United States District Court
For The Middle District Of Pennsylvania, P.O. Box 1148, Scran-
ton, Pennsylvania, 18501, informing the Clerk of the transfer
to that Court of plaintiff's Civil Right's Complaint.

### Claims For Relief

Plaintiff was injured by a Correctional Officer using un-
reasonable and excessive force causing trauma to plaintiff's
right thumb and hand. Before this injury plaintiff did not ever
have these problems with his hand.

Pursuant to **Title 18, USC, §4042**, the duty of the Bureau
of Prisons under federal law is to:

(2) provide suitable quarters and provide for the **safe-
keeping, care**, and subsistence of **all persons** charged with
or convicted of offenses against the United States, or held
as witnesses or otherwise; (3) provide for the **protection,**
instruction, and discipline of **all** persons charged or con-
victed of offenses against the United States.

This officer (Whom plaintiff cannot get his name) was
negligent in performing his duty by maliciously and sadisti-
cally using force to break plaintiff's hand after he was cuf-
fed and subdued at the end of an altercation with another

(12)

inmate. This officer as well as the Warden should be liable
for the injuries sustained by plaintiff.

From March 26, 1997, it took until December, 1997 before
plaintiff could get an xray of his hand which showed the hand
was broken.

From March 26, 1997, it took until January 7, 1999 before
plaintiff recieved the needed tendon repair to his right hand.
If plaintiff would have recieved the proper medical care he
is entitled to the tendon would have been repaired much soon-
er preventing the tendon from atrophing so plaintiff would
not have needed the extensive tendon **graft** done in the surgery.
This amounts to a deliberate indifference to plaintiff's seri-
ous medical needs by the defendants supporting plaintiff's
claim of cruel and unusual punishment secured by the Eighth
Amendment of the Constitution.

Plaintiff complained many times on the record as well as
off the record over many months about his injury before the
medical staff took the necessary action. The medical staff only
told plaintiff to take massive doses of Motrin instead of giv-
ing plaintiff the correct treatment which should have been
surgery immediately after the injury occurred to prevent the
tendon from atrophying. The course of treatment chosen has
left plaintiff permanently disabled. Plaintiff has been told
he will have problems with his hand for the rest of his life.

The foregoing substantially shows the defendants deliberate indifference towards plaintiff's medical needs and constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.

The defendants intentional delay in a confirmed diagnosis of many months before plaintiff could recieve the needed tendon surgery constitutes an Eighth Amendment violation for grossly inadequate medical care.

### Issue No. 1

#### Additional Argument To Original Complaint
#### Excessive Physical Force By Staff

**Discussion:**

As stated above the duty of the Bureau of Prisons under federal law is to:

(2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise; (3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States; **Title 18 USC, §4042.**

Violations of this duty are actionable under the **Federal Tort Claims Act; United States V. Muniz**, 374 US 150, 165, 83 SCT 1850 (1963); **Guy V. United States**, 492 F. Supp. 571 (N.D.

Cal. 1980).

The officer in question used excessive force against plaintiff which was not justified by any legitimate prison management need, and was completely out of proportion to that need; **Hudson V. McMillian**, 503 US 1, 112 SCT 995, 998-99 (1992).

Plaintiff was handcuffed when the officer in question broke plaintiff's thumb maliciously and sadistically using force to cause harm to plaintiff and in a case such as plaintiff's the contemporary standards of decency always are violated; **supra., Hudson V. McMillian**, 503 US, at 1000.

By using excessive force the officer violated plaintiff's right to be free from cruel and unusual punishment. On Court found an Eight Amendment violation where "the Officers acted, if not 'maliciously and sadistically', with at least a viciousness going beyond' a good faith effort to maintain or restore discipline; **Fisher V. Koehler**, 692 F. Supp. 1519, 1563 (S.D. N.Y. 1988), aff'd 902 F2d 2 (2nd Cir. 1990).

Every person, including an incarcerated felon, has the right to be free from the fear of offensive bodily contact and to be free from actual offensive bodily contact. Any person who violates either of these rights can be held liable, both civilly and criminally.

The officer in question was reckless in how he treated plaintiff which constitutes an Eighth Amendment violation for the officer knew and disregarded an excessive risk to plaintiff's health and safety when he intentionally broke plaintiff's hand; **Farmer V. Brennan**, _____ US _____, 114 SCT 1970, 1977 (94) at 1979.

The primary question for Courts to answer is "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm;" **Hudson V. McMillian**, at 998; **Whitley V. Albers**, 475 US 312, 320-21, 106 SCT 1078 (86); **Howard V. Barnett**, 21 F3d 868, 872 (8th Cir. 1994); **Cummings V. Malone**, 995 F2d 817, 822 (8th Cir. 1993); **Romano V. Howarth**, 998 F2d 101, 106 (2nd Cir. 1993). The fact that the officer in question intentionally twisted and pulled on plaintiff's thumb establishes an unnecessary and wanton infliction of cruel and unusally punishment.

The officer in question could very well be found liable for this injury when presented to a jury and the failure of the warden to investigate this officers conduct or to give plaintiff the officers name also makes the warden directly responsible for this injury.

Plaintiff states his Federal Tort Claim and this Biven's Action are separate remedies under the federal law, but can be joined in the same lawsuit; **Henderson V. Harris**, 672 F.Supp. 1054, 1063 (N.D. Ill. 1987); **Carlson V. Green**, 446 US 14, 22-23, 100 SCT 1468 (1980).

### Issue No.2

Deliberate Indifference To Serious Medical Need

Discussion:

In order for a plaintiff to support a claim of deliberate indifference towards his serious medical needs he must show three (3) components established in **Estelle V. Gamble**, 429, US 97, 104, 97 SCT 285, 50 L.Ed.2d 251 (1976) that were further clarified by the Supreme Court in **Farmer V. Brennan**, 551 US 825, 114 SCT 1970, 128 L.Ed.2d 811 (1994) and are (1) sub-jective knowledge of arisk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence.

1). **Subjective Knowledge of a Risk of Serious Harm**, exists in the present case before the Court.  plaintiff was injured by the officer in March 1997, and complained about his hand injury many times only to be told to take massive doses of Motrin.  The defendants did not complete the ordered X-Ray of plaintiff's injury until December 1997, so plaintiff was left to suffer

(17)

needlessly without the proper care for this injury for many
months before the diagnosis for a splayed tendon was made.  In
the interin the tendon that should have been repaired soon after
plaintiff's injury had atrophied to the point it could no longer
be re-attached properly requiring the graft surgery plaintiff
had undergone.

The defendant's as professional medical personnel knew or
should have known the risks associated with serious injuries as
plaintiff incurred and did not complete the diagnostic testing
required for such an injury.

It is further shown in the records that plaintiff did not
have the surgery to repair his torn and spalyed tendon until
January 7, 1999 almost two (2) years after the injury occurred
further causing a great possibility of permenant damage to
plaintiff's nerve functions associated with such an injury.

Plaintiff did complain about severe pain and numbness many
times in the record as well as many times off the record without
receiving the adequate medical care.

2.) **Disregard of that Risk;** exists in this case and is shown
in the medical records in delaying plaintiff's needed surgery to
repair his splayed tendon knowing he needed something to be done.

3).  **By conduct that is More than Mere Negligence**.  The defen-
dent's were made well aware that plaintiff sustained a serious
injury in March, 1997 and ordered the needed X-ray of his hand
but failed to do the X-ray until December, 1997.

Plaintiff did not have his tendon repaired until January,
1999 and by this time the tendon in question was atrophied beyond
re-attachment.  Plaintiff then had to have the surgical graft
done which failed to correct plaintiff's injury, only causing
further problems.

This conduct by the defendant's was not mere negligence,
but constituted grossly inadequate care.  The defendants refusal
to treat plaintiff for such a long period of time and the choice
made, i.e., graft surgery, shows a substantial deliberate in-
difference towards the care and safety of plaintiff's medical
health;  See **McElligott V. Foley**, **182 F3d 1248 (11th Cir. 1999)**,
at **1254-55**.

### Issue No.3

Cruel and Unusual Punishment Standard Eighth Amendment
Discussion:

In the case **McElligot**, **at 1257**, the Eleventh Circuit
held:

> " **A core principle of eighth American juris-**
> **prudence in the area of medical care is that**
> **prison officals with knowledge of the need**
> **for care may not, by failing to provide care,**

cause a prisoner to needlessly suffer
the pain resulting from his or her
illness."

and,

"In **Estelle**, the Supreme Court recognized that
the Eighth Amendment requires the government
"to provide medical care for those whom it is
punishing by incarceration" precisely because
the failure to do so," may actually produce
physical 'torture or a lingering death'" or,
[i]n less serious cases ... may result in pain
and suffering which no one suggests would serve
any penological purpose." The Court cited;
**Estelle**, 429 US, at 103, 97 SCT 285 (Quoting
**In re Kemmler**, 136 US 436, 447, 10 SCT 930, 34
**L.Ed.** 519 (1890)).

Plaintiff has shown by facts in the record that the
defendants were deliberately indiffernt towards plaintiff's
medical needs. The plaintiff had a broken hand and a torn
tendon of which plaintiff could not receive treatment for
twenty (20) months or more. A torn tendon that was eventually

(20)

surgically repaired with a graft due to the fact the tendon torn had atrophied over such a long period of time.

The plaintiff **was** in pain the whole duration and suffered needlessly. This was a serious medical need and the fact that certain care has been labelled "elective" does not necessarily mean that your need for is not serious; **Monmouth County Correction Institution Inmates V. Lanzaro**, 834 F2d 326, 349 (3rd Cir. 1987) cert.den., 486 US 1066 (1988).

These prison officials violated the Eighth Amendment by allowing plaintiff to suffer for a great length of time and delaying his treatment. For this delay plaintiff will now have problems with his hand for the rest of his life. This deliberate indifference and delay renders the defendants liable as if they had inflicted the pain themselves; **Brown V. Hughes**, 894 F2d 1533 (11th Cir. 1990).

In **Langley V. Coughlin**, 888 F2d 252, 254 (2nd Cir. 1989), the Court held:

> "Officials **must** provide reasonably necessary medical care ... which **would be** available to (the prisoner) if not incarcerated." Courts have defined "adequate medical services" as "services at a level reasonably

> **commensurate with modern medical science
> and of a quality acceptable within prudent
> professional standards."**

The foregoing facts and arguments show an Eighth Amendment violation of cruel and unusual punishment. Plaintiff would have received the needed tendon repair surgery, if he was in the private sector, many months sooner. In the private sector plaintiff would have had the X-ray completed most likely the same day of the injury and this would have shown the splayed tendon as well as the broken bone.

In **McGuckin V. Smith**, 974 F2d 1050 (9th Cir. 1992), at 1059, the Court held:

> **"The [u]nnecessary and wanton infliction
> of pain upon incarcerated individuals
> under color of law constitutes a violation
> of the Eighth Amendment and is actionable
> under 42 USC, § 1983."  Such indifference
> may be manifested in two ways.  It may
> appear when prison officials deny, delay,
> or intentionally interfere with medical
> treatment. or it may be shown by the way
> in which prison physicians provide
> medical care;  Hudson V. McMillian,
> supra; at 394.**

The Court in supra, <u>McGuckin</u> at 1059-60 went on to
hold:

> "An individuals daily activities, or the
> existence of chronic and substantial pain
> are examples of indications that a prisoner
> has a "serious need for medical treatment."
> (citations omitted)

Other cases for the Court to review are; **Boretti V.**
**Wiscomb**, 930 F2d 1150, 1154-55 (6th Cir. 1991); **Farinaro**
**V. Coughlin**, 642 F.Supp. 276, 279 (S.D.N.Y. 1986);
**Washington V. Dugger**, 860 F2d 1018, 1021 (11th Cir. 1978).

The defendants knew, or should of known plaintiff had a
serious injury and delayed diagnosis as well as treatment
for months, not days but months.  A clear case of deliberate
indifference leading to cruel and unusual punishment;
**Hathaway V. Coughlin**, 37 F3d 63, 67 (2nd Cir. 1994), so
clearly inadequate as to amount to a **refusal** to provide
essential care; **Torraco V. Maloney**, 923 F2d 231 (1st. Cir.
**(1991)**, offending the evolving standards of decency that
mark the progress of a maturing society; **Estelle V. Gamble**,
**429 US 97, 102, 106, 97 SCT 285, 290, 292, 50 L.Ed.2d 251**
**(1976)**.

## Qualified Immunity & Defendants

It is clear the above defendants are not entitled to qualified immunity.  As the Supreme Court has explained, qualified immunity seeks to ensure that defendants reasonably can anticipate when their conduct may give rise to liability, by attaching liability only if the contours of the right's violated are sufficiently clear that a reasonable official would understand that what he is doing or not doing violates that right; **Conn V. Gabbert**, _____ US _____, _____, 119 SCT 1292, 1295, 143 L.Ed.2d 399 (1999), at 1295 (Quoting **Harlow V. Fitzgerald**, 457 US 800, 818, 102 SCT 2727, 73 L.Ed.2d 396 (1982).  This is not to say that an official action is protected by qualified immunity unless the very action in question has been held unlawful;  but it is to say that in the light of preexisting law the unlawfulness must be apparent as in the case now at bar;  **Anderson V. Creighton**, 483 US 635, 640, 107 SCT 3034, 97 L.Ed.2d 523 (1987).

There is sufficient evidence for a jury to conclude that all of the defendants were delibertately indifferent to plaintiff's serious medical needs and substantial suffering over many months.  The defendants had fair warning that their conduct violated the Eighth Amendment cruel and unusual punishment clause of the Constitution.  Plaintiff has a clearly

(24)

established right to adequate medical treatment and prison
officials who deliberately ignore the serious medical needs
of inmates cannot claim that it was not apparent to a reasonable
person that such actions violated the law; **Hamilton V. Endell**,
**981 F2d 1062, 1066 (9th Cir. 1992).**

Federal Court complains generally need only give "fair
notice" of what the plaintiff's claim is and the grounds upon
which it rests; **Lawler V. Marshal**, **898 F2d 1196, 1199 (6th Cir.**
**1990);** accord, **Brownlee V. Conine**, **957 F2d 353, 354 (7th Cir.**
**1992).**

### Demand For Judgement

Wherefore:

The foregoing establishes defendnats violated
clearly established rights to medical treatment with un-
reasonable delay constituting deliberate indifference to
said medical treatment, excessive force by an officer
wherein plaintiff suffered permanent damage from the incident,
violating plaintiff's right to be free from cruel and unusual
punishment.  Plaintiff demands relief in the following:

Plaintiff moves this honorable Court to grant
him trial by jury on the above violation of law and grant him
actual or nominal damages to be determined by said jury for
his out of pocket expenses as well as for mental and physical
suffering to begin at five million ($5,000,000) dollars.

Plaintiff moves the Court to grant him punitive damages from each of the defendants, to be determined by a jury or five million dollars ($5,000,000) per each defendant · for their wrongful acts were/are done intentionally, and maliciously.

## Injunctive Relief

An Order for the Bureau of Prisons to refrain from re-taliation for the filing of this Civil Rights Complaint, and prevent the Bureau of Prisons from transferring plaintiff on deisel therapy for filing said complaint.

Plaintiff requests the Court order an Expansion of the Record to include the following additional materials:

(1)  Complete copies of **all** Medical Records in plaintiff's files.

(2)  The employment history records of all individually named defendants to include disciplinary actions taken against defendants.

(3)  Any and all new discovery produced by the defendants, and, or, their attorneys.

## In Conclusion

Wherefore,

Plaintiff has established rights violated by

defendants were violated intentionally  and maliciously, and
prays the Court grant releif as requested and set a trial date
before a jury.



Dated this ___*G*_____ day of _*NOVEMBER*_____, 2000.



                    Respectfully Submitted,



                    *M. RAMOS*_____
                    Manuel Ramos, pro se.
                    Register Number 37563-053
                    U.S. Penitentiary
                    P.O. Box 7000
                    Florence, CO  81226

## Affidavit In Support Of Civil Rights Complaint

Pursuant to Title 28 USC, § 1746, the affiant, Manual Ramos, swears under penalty of perjury that the facts stated in the foregoing civil rights complaint are true based on his personal knowledge, and that the facts stated on information and belief are true to the best of his knowledge and belief.

Dated this _____6_____ day of _NOVEMBER_____, 2000.


_M. RAMOS_____
Manuel Ramos, pro se.

(28)

## Certificate of Service

I, Manuel Ramos, hereby certify that I have served

_____7_____ true and correct copies of the foregoing

Civil Rights Complaint and supporting motions upon the

defendants, and or their attorney of record, i.e., Clerk

of the Court to be served upon the defendants, (U.S.

Attorney), by placing same in a sealed, postage prepaid envelope

addressed to:


United States District Court
Clerk's Office
Middle District of Pennsylvania
P.O. Box 1148
Scranton, PA  18501


and deposited same in the U.S. Postal Mail at U.S.P.

Florence, P.O. Box 7000, Florence, CO., 81226 on this

_____6_____ day of _NOVEMBER_____, 2000.


M. RAMOS
Manuel Ramos, pro se.


(29)

In The United States District Court
For The Middle District Of Pennsylvania
(Scranton)

| | |
|---|---|
| Manuel Ramos,<br>　　　　　Plaintiff | )<br>)<br>) **Civil No.**_____ |
| | )<br>)<br>) |
| V. | ) **District of Columbia Civil**<br>) **Case No. 00-1655 (RWR)**<br>) **Transferred To Pennsylvan-**<br>) **ia By Order of Court,** |
| Margaret Harden, Warden F.C.I.<br>Allenwood, PA;  Dr. McGlori,<br>Medical Doctor, F.C.I.<br>Allenwood;  Maximo R. Velasco<br>Jr., Medical Doctor U.S.P.<br>Lewisburg, PA.;  Anthony<br>Bussanich, Medical Doctor,<br>U.S.P. Lewisburg, PA.;  Peter<br>J. Terhaar, D.O., Consulting<br>Surgeon, Bloomsburg Hospital,<br>Bloomsburg, PA.,<br>　　　　　Defendants | ) **September 18, 2000**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

---

**Motion For Court Appointed Counsel For Civil Right's
Violation Pursuant To Biven's V. Six Unknown Agents, 403 US
388 (1971): 28 USC, §§ 1331, 1391 (a)(b), And Federal Tort
Claims Act, 28 USC, §§ 1346 (b), 2671-80**

---

Comes Now, Manuel Ramos, plaintiff, pro se, before the United

States District Court, For The Middle District of Pennsylvania,

(Scranton), respectfully to request the honorable Court to grant

him appointment of counsel in the above Captioned Civil Rights

Complaint, and pursuant to the Prison Litigation Reform Act

(PLRA), Civil Rights of Institutionalized Persons Act, §7, Title

(1)

42, U.S.C.A. § 1997e and Title 42 U.S.C.A. § 1988, as well as
Title 28, USC, § 1915 (d).

Plaintiff cannot afford to pay for the services of an
attorney, is proceeding pro se, has potentially meritorious
issues in the above Civil Rights Complaint and would like an
apportunity to obtain representation as equally qualified with
professional counsel usually provided by the government for the
above named defendants.

Plaintiff is a federal prisoner and native Columbian citizen.
Plaintiff speaks very little English and reads very little
English.

Plaintiff is not an experienced jailhouse lawyer and will
have much difficulty conducting discovery (especially
depositions) and performing the other difficult tasks of
litigation a qualified counsel can do by virtue of experience and
not being incarcerated.

Plaintiff's ability to investigate the facts in this case
may require extensive documentary discovery, and despositions
of prison officials which he cannot do while incarcerated.

Plaintiff expects the facts in this case to be strongly and
credibility issues support appointment of counsel.

Plaintiff states there will be complex factual and legal issues that will be beyond the abilities of a pro se prisoner, such as expert witnesses, uncooperative witnesses, multiple defendants that only an experienced trial lawyer can handle, and a demand for trial has been made.

Plaintiff does not have the funds needed to hire an attorney.

Pursuant to Title 28, USC, § 1746, I declare under penalty of perjury, that the foregoing is true and correct.

Dated this _____6_____ day of _NOVEMBER_____, 2000.


Respectfully Submitted,


M. RAMOS
_____
Manuel Ramos, pro se,



**U.S. Depa:** **ent of Justice**

Federal Bureau of Prisons

*U.S. Penitentiary*

3901 Klein Blvd.
Lompoc, CA 93436
July 20, 1999

*AC*
*aca*    07-30-1999 043024

Mauricio Suarez
Consul General of Columbia
Consulate of Columbia
10 East 46th Street
New York, New York 10017

RE: Manuel Ramos
Reg. No. 37563-053

Dear Mr. Suarez:

    This is in response to your fax dated July 6, 1999, regarding your
constituent, Manuel Ramos, who is currently incarcerated at the United
States Penitentiary (USP), Lompoc, California. Specifically, you
request information concerning Mr. Ramos' hand condition and the
recommended treatment.

    The Clinical Director has reviewed this case relative to your
concerns and the following information was ascertained.    Mr. Ramos
initially injured his right thumb on March 26, 1997, at the Federal
Correctional Institution, Allenwood, Pennsylvania. He was evaluated
at USP Lewisburg, Pennsylvania on March 2, 1998, by the consultant
Orthopedist. Mr. Ramos had corrective surgery on January 7, 1999,
with resultant numbness of the left thumb, but with good function.
Mr. Ramos arrived at Lompoc on February 24, 1999. He was evaluated by
the physician and placed on the consultant Orthopedist's list for
follow-up. He was evaluated by the Orthopedist on March 9, 1999, with
recommendations to start range of motion/strengthening exercises, re-
xray of the right thumb, and return in six weeks for additional
follow-up. His follow-up appointment was on May 19, 1999.   The
Orthopedist recommended Carpal Tunnel Repair with Exploration of the
right median nerve entrapment. The Clinical Director has deemed this
to be Level 3 care, "Medically Acceptable but not Medically
Necessary". Mr. Ramos is receiving appropriate treatment and follow
up for his condition.

    I trust this information is responsive to your inquiry.

                                            Sincerely,

                                            Mike Adams
                                            Warden

**FILED**

JUL 1 1 2000

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Copied & mailed 7-22-99*

**CLERK, U.S. DISTRICT COURT**
**P. O. Box 983**
**Harrisburg, Pa  17108**

**U.S. DISTRICT COURT CASE NO. 1:CV-00-1957**

**U.S. COURT OF APPEALS CASE NO. :**

**MANUEL RAMOS**
      **Plaintiff/Appellant**
      **v.**
**MARGARET HARDEN**
      **Defendant/Appellee**

**Part __1___ Of ___1___ Parts**

**Documents ___1___ To __8___**
      (Excluding document #3)

```
                                                                  TERMED APPEAL
                                                                  PROSE
                         U.S. District Court
           Middle District of Pennsylvania (Harrisburg)

              CIVIL DOCKET FOR CASE #: 00-CV-1957
```

Ramos v. Hawk-Sawyer, et al                          Filed: 11/08/00
Assigned to: Judge Yvette Kane
Demand: $0,000 42119                    Nature of Suit:  550
Lead Docket: None                       Jurisdiction: Federal Question
Dkt # in USDC-DC : is 00-cv-1655

Cause: 42:1983 Prisoner Civil Rights


MANUEL RAMOS                            Manuel Ramos
      plaintiff                        R37563-053
                                       [COR LD NTC] [PRO SE]
                                       USP-FL
                                       U.S. Penitentiary Florence
                                       P.O. Box 7000
                                       Florence, CO 81226


      v.


KATHLEEN M. HAWK-SAWYER
      defendant


MARGARET HARDEN, Warden, FCI
Allenwood
      defendant


Docket as of February 20, 2001 8:32 am                    Page 1

Proceedings include all events.                                    TERMED APPEAL
1:00cv1957 Ramos v. Hawk-Sawyer, et al                                    PROSE

11/8/00  1      ORIGINAL FILE, CERTIFIED COPY OF TRANSFER ORDER AND DOCKET
                SHEET received from USDC - District of Columbia (rm)
                [Entry date 11/08/00]

11/8/00  2      MOTION by plaintiff Manuel Ramos to extend time to amend
                civil rights complaint w/attachments. (rm)
                [Entry date 11/08/00]

11/8/00  --     PRISONER LETTER issued as to plaintiff Manuel Ramos with
                Notice and Consent Form. (rm) [Entry date 11/08/00]

11/13/00 3      MOTION by plaintiff Manuel Ramos to amend complaint (sm)
                [Entry date 11/15/00]

11/15/00 4      ORDER  by Mag. Judge J. A. Smyser [3-1] that pltf's motion
                to extend time to file amended complaint is GRANTED. [2-1]
                Pltf. shall file amdcmp. w/i (30) days of date of this
                Order. (cc: all counsel court) (vg) [Entry date 11/16/00]

12/21/00 5      REPORT AND RECOMMENDATION - by Mag. Judge J. A. Smyser:
                Recommending that the complt. be dism'd pur. to 28 USC
                1915A & 42 USC 1997e for failure to state a claim upon
                which relief may be granted. NOTICE RE: objs. attached.
                Objections to R and R due 1/11/01 (cc: all counsel, Crt.,
                Mag. & Tickler) (am) [Entry date 12/22/00]

1/16/01  6      LETTER to court dated 1/5/01 from plaintiff Manuel Ramos
                (written in Spanish) (sm) [Entry date 01/18/01]

1/25/01  7      ORDER - by Judge Yvette Kane: IT IS HEREBY ORDERED THAT: 1.
                The court adopts the report & recommendation of Mag. Judge
                Smyser. 2. The complt. is dism'd pur. to 28 USC 1915A & 42
                USC 1997e for failure to state a claim upon which relief
                may be granted. 3. The Clerk of Crt. shall close the fife.
                [5-1] Case terminated (cc: all counsel, Mag., Security &
                court) (am) [Entry date 01/26/01]

2/15/01  8      NOTICE OF APPEAL by plaintiff Manuel Ramos from District
                Court order filed 1/25/01 [7-2] (No filing fee paid, no TPO
                given, certified copies of not/app, order being appealed
                and docket entries with info/ack letter to USCA. (cc:
                Not/app w/ info/ack ltr to cnsl, Ct.)  Receipt No. & Amt:
                ifp (sc) [Entry date 02/16/01]

2/15/01  --     DISTRICT COURT RECORD COMPLETE FOR PURPOSES OF APPEAL. (sc)
                [Entry date 02/16/01]

2/16/01  --     RECORD ON APPEAL transmitted to 3rd Circuit consisting of
                documents 1 through 8 (excluding doc #3) and two copies of
                the docket entries (one certified and one uncertified). (sc)
                [Entry date 02/16/01]





TERMED APPEAL
PROSE

*01-1438*

U.S. District Court
Middle District of Pennsylvania (Harrisburg)

CIVIL DOCKET FOR CASE #: 00-CV-1957

Ramos v. Hawk-Sawyer, et al                                Filed: 11/08/00
Assigned to: Judge Yvette Kane
Demand: $0,000 42119                        Nature of Suit:  550
Lead Docket: None                           Jurisdiction: Federal Question
Dkt # in USDC-DC : is 00-cv-1655

Cause: 42:1983 Prisoner Civil Rights


MANUEL RAMOS                      Manuel Ramos
     plaintiff                    R37563-053
                                  [COR LD NTC] [PRO SE]
                                  USP-FL
                                  U.S. Penitentiary Florence
                                  P.O. Box 7000
                                  Florence, CO 81226


     v.


KATHLEEN M. HAWK-SAWYER
     defendant


MARGARET HARDEN, Warden, FCI
Allenwood
     defendant


Docket as of March 16, 2001 4:34 pm                    Page 1

include all events.                                              TERMED APPEA
Ramos v. Hawk-Sawyer, et al                                             PROSE

/01   9     ACKNOWLEDGEMENT RECEIVED from Shelly Grant in U.S. Atty's
            office that on 2/20/01 they rec'd the copy of documents 1-8
            (excluding #3) in this case. ▓▓▓▓ (sc) [Entry date 02/20/01]

2/26/01  10     ACKNOWLEDGEMENT - Received from USCA on 2/21/01 of Notice
                of Appeal. (am) [Entry date 02/26/01]

3/1/01   11     NOTIFICATION by Circuit Court of Appellate Docket Number
                01-1438. (sc) [Entry date 03/02/01]

3/16/01  --     ACTUAL 1ST SUPPLEMENTAL record on appeal to USCA Consisting
                of: Document 3 (jh) [Entry date 03/16/01]