See Attachment

(4)
11/16/00

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MANUEL RAMOS,                   : CIVIL NO: 1:CV-00-1957
                                :
         Plaintiff,             :
                                : (Judge Kane)
     v.                         :
                                : (Magistrate Judge Smyser)
MARGARET HARDEN                 :
                                :
         Defendant              :

**FILED**
HARRISBURG, PA

NOV 15 2000

ORDER

MARY E. D'ANDREA, CLERK
Per _____
    Deputy Clerk

The plaintiff, a federal prisoner proceeding *pro se*, commenced this action by filing a complaint in the United States District Court for the District of Columbia. The plaintiff paid the $150.00 filing fee to commence this action.

The plaintiff alleges that on March 25, 1997, while confined at the Allenwood Federal Correctional Institution in White Deer, Pennsylvania, a correctional officer fractured his right thumb. The plaintiff alleges that he filed an administrative claim which was denied. The complaint named as defendants: Kathleen Hawk Sawyer, Director of the Bureau of

AO 72A

Prisons; and Margaret Harden, Warden of the Allenwood Federal Correctional Institution.

By an Order dated September 18, 2000, Judge Richard W. Roberts of the United States District Court for the District of Columbia construed the plaintiff's complaint as a *Bivens*[1] claim and as a claim under the Federal Tort Claims Act.[2] Judge Roberts dismissed with prejudice the claim against defendant Kathleen Hawk Sawyer and he ordered that the case be transferred to this court. The Clerk of this Court received the case file on November 1, 2000.

28 U.S.C. § 1915A provides, in part:

> **(a) Screening.**- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal.**- On review, the court shall identify cognizable claims or

---

1. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

2. 28 U.S.C. §§1346, 2671 *et seq.*

2

> dismiss the complaint, or any portion of the complaint, if the complaint-
> 	(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> 	(2) seeks monetary relief from a defendant who is immune from such relief.

Additionally, 42 U.S.C. §1997e provides:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

The complaint fails to state a claim upon which relief can be granted against defendant Harden.

Liability in a *Bivens* action may not be based on *respondeat superior*. *Simpkins v. District of Columbia*, 108 F.3d 366, 369 (D.C. Cir. 1997). The complaint must contain averments of the involvement of the defendant in the conduct

3

which caused a violation of the plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). An action against a supervisory official requires allegations that the defendant actually participated in or had actual knowledge of and acquiesced in the events forming the basis of the claims. *Egan v. Concini*, 585 F. Supp. 801, 804 (M.D. Pa. 1984).

The only allegation in the complaint concerning defendant Harden is that she was the Warden of the facility where the complaint arose and that she was in charge of the staff involved. *Complaint* at ¶A.3. The plaintiff has not alleged that defendant Harden actually participated or had actual knowledge of and acquiesced in the events forming the basis of his claim. The complaint fails to state a *Bivens* claim against defendant Harden.

The only proper defendant in a Federal Tort Claims Act case is the United States. *See* 28 U.S.C. § 2679; *Kennedy v. United States Postal Service*, 145 F.3d 1077, 1078 (9th Cir.

4

1998)("the United States is the only proper party defendant in an FTCA action"). Thus, the complaint fails to state a claim based on the Federal Tort Claims Act against defendant Harden.

On November 8, 2000, the plaintiff filed a motion for an extension of time to amend his complaint. The plaintiff is seeking thirty days to amend his complaint to include additional defendants and to "bring his Civil action in proper form." We will grant the plaintiff's motion. The plaintiff may file an amended complaint within thirty days of the date of this Order. If the plaintiff fails to file an amended complaint, we will recommend that this action be dismissed for failure to state a claim upon which relief can be granted.

**AND NOW**, this 15th day of November, 2000, **IT IS HEREBY ORDERED** that the plaintiff's motion (doc. 2) for an extension of time to file an amended complaint is **GRANTED**. The plaintiff shall file an amended complaint within thirty days of the date of this Order. The amended complaint shall be complete in all respects. It shall be a new pleading which

5

AO 72A

stands by itself as an adequate complaint without reference to the complaint already filed.

                                                            _____
                                                            J. Andrew Smyser
                                                            Magistrate Judge

Dated: November 15, 2000.

```
              UNITED STATES DISTRICT COURT
                       FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA

              * * MAILING CERTIFICATE OF CLERK * *

                     November 15, 2000
```

Re:  1:00-cv-01957    Ramos v. Hawk-Sawyer

True and correct copies of the attached were mailed by the clerk to the following:

```
    Manuel Ramos
    USP-FL
    U.S. Penitentiary Florence
    R37563-053
    P.O. Box 7000
    Florence, CO  81226
```

```
cc:
Judge                           ( )
Magistrate Judge                (X)
U.S. Marshal                    ( )
Probation                       ( )
U.S. Attorney                   ( )
Atty. for Deft.                 ( )
Defendant                       ( )
Warden                          ( )
Bureau of Prisons               ( )
Ct Reporter                     ( )
Ctroom Deputy                   ( )
Orig-Security                   ( )
Federal Public Defender         ( )
Summons Issued                  ( )  with N/C attached to complt. and served by:
                                     U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5             ( )
Order to Show Cause             ( )  with Petition attached & mailed certified mail
                                     to:  US Atty Gen   ( )   PA Atty Gen ( )
                                          DA of County  ( )   Respondents ( )
Bankruptcy Court                ( )
Other_____       ( )
                                              MARY E. D'ANDREA, Clerk
```

DATE: ____11/15/00____        BY: _____GG_____
                                   Deputy Clerk