See Attachment

5

12/22/00

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MANUEL RAMOS,                        : CIVIL NO: 1:CV-00-1957
                                     :
         Plaintiff,                  :
                                     : (Judge Kane)
     v.                              :
                                     : (Magistrate Judge Smyser)
MARGARET HARDEN                      :
                                     :
         Defendant                   :

**FILED**
HARRISBURG, PA

DEC 2 1 2000

MARY E. D'ANDREA, CLERK
Per _____
           /Deputy Clerk

**REPORT AND RECOMMENDATION**

The plaintiff, a federal prisoner proceeding *pro se*, commenced this action by filing a complaint in the United States District Court for the District of Columbia. The plaintiff paid the $150.00 filing fee to commence this action.

The plaintiff alleges that on March 25, 1997, while confined at the Allenwood Federal Correctional Institution in White Deer, Pennsylvania, a correctional officer fractured his right thumb. The plaintiff alleges that he filed an administrative claim which was denied. The complaint named as

defendants: Kathleen Hawk Sawyer, Director of the Bureau of Prisons; and Margaret Harden, Warden of the Allenwood Federal Correctional Institution.

By an Order dated September 18, 2000, Judge Richard W. Roberts of the United States District Court for the District of Columbia construed the plaintiff's complaint as a *Bivens*[1] claim and as a claim under the Federal Tort Claims Act.[2]  Judge Roberts dismissed with prejudice the claim against defendant Kathleen Hawk Sawyer and he ordered that the case be transferred to this court.  The Clerk of this Court received the case file on November 1, 2000.

28 U.S.C. § 1915A provides, in part:

> **(a) Screening.**- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

---

1. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

2. 28 U.S.C. §§1346, 2671 *et seq.*

2

> **(b) Grounds for dismissal.** - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

Additionally, 42 U.S.C. §1997e provides:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

The complaint fails to state a claim upon which relief can be granted against defendant Harden.

Liability in a *Bivens* action may not be based on respondeat superior. *Simpkins v. District of Columbia*, 108 F.3d 366, 369 (D.C. Cir. 1997). The complaint must contain

3

averments of the involvement of the defendant in the conduct which caused a violation of the plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). An action against a supervisory official requires allegations that the defendant actually participated in or had actual knowledge of and acquiesced in the events forming the basis of the claims. *Egan v. Concini*, 585 F. Supp. 801, 804 (M.D. Pa. 1984).

The only allegation in the complaint concerning defendant Harden is that she was the Warden of the facility where the complaint arose and that she was in charge of the staff involved. *Complaint* at ¶A.3. The plaintiff has not alleged that defendant Harden actually participated or had actual knowledge of and acquiesced in the events forming the basis of his claim. The complaint fails to state a *Bivens* claim against defendant Harden.

The only proper defendant in a Federal Tort Claims Act case is the United States. *See* 28 U.S.C. § 2679; *Kennedy v.*

4

*United States Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998)("the United States is the only proper party defendant in an FTCA action"). Thus, the complaint fails to state a claim based on the Federal Tort Claims Act against defendant Harden.

On November 8, 2000, the plaintiff filed a motion for an extension of time to amend his complaint. The plaintiff sought thirty days to amend his complaint to include additional defendants and to "bring his Civil action in proper form." By an Order dated November 15, 2000, we granted the plaintiff's motion, and ordered the plaintiff to file an amended complaint within thirty days. We warned the plaintiff that if he fails to file an amended complaint, we will recommend that this action be dismissed for failure to state a claim upon which relief can be granted.

The plaintiff has not filed an amended complaint.

Based on the foregoing, it is recommended that the complaint be dismissed pursuant to 28 U.S.C. § 1915A and 42

5

U.S.C. §1997e for failure to state a claim upon which relief may be granted.

                                                             /s/ J. Andrew Smyser
                                                             J. Andrew Smyser
                                                             Magistrate Judge

Dated: December 21, 2000.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MANUEL RAMOS, : CIVIL NO: 1:CV-00-1957
:
    Plaintiff, :
: (Judge Kane)
v. :
: (Magistrate Judge Smyser)
MARGARET HARDEN :
:
    Defendant :

**FILED**
HARRISBURG, PA

DEC 2 1 2000

MARY E. D'ANDREA, CLERK
Per _____
    Deputy Clerk

## <u>NOTICE</u>

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3 of the Rules of Court, M.D.Pa., which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. §636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition **within ten (10) days** after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

_____
J. Andrew Smyser
Magistrate Judge

Dated: December 21, 2000.

AO 72A

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

December 21, 2000

Re:  1:00-cv-01957   Ramos v. Hawk-Sawyer

True and correct copies of the attached were mailed by the clerk to the following:

```
Manuel Ramos
USP-FL
U.S. Penitentiary Florence
R37563-053
P.O. Box 7000
Florence, CO  81226
```

```
cc:
Judge                          ( )
Magistrate Judge               ( )
U.S. Marshal                   ( )
Probation                      ( )
U.S. Attorney                  ( )
Atty. for Deft.                ( )
Defendant                      ( )
Warden                         ( )
Bureau of Prisons              ( )
Ct Reporter                    ( )
Ctroom Deputy                  ( )
Orig-Security                  ( )
Federal Public Defender        ( )
Summons Issued                 ( ) with N/C attached to complt. and served by:
                                   U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5            ( )
Order to Show Cause            ( ) with Petition attached & mailed certified mail
                                   to:  US Atty Gen  ( )   PA Atty Gen ( )
                                        DA of County ( )   Respondents ( )
Bankruptcy Court               ( )
Other _____                ( )
```

MARY E. D'ANDREA, Clerk

DATE: 12-21-00          BY: _____
                            Deputy Clerk