OFFICE OF THE CLERK

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

Marcia M. Waldron
Clerk

21400 United States Courthouse
601 Market Street
Philadelphia PA 19106-1790

Telephone
267-299-4916

pacer.ca3.uscourts.gov

February 11, 2002

Mrs. Mary D'Andrea
U.S. District Court for the Middle District of Pennsylvania
Middle District of Pennsylvania
228 Walnut Street
Room 1060
Harrisburg, PA 17108

RE: Docket No. 01-1438
    Ramos vs. Hawk-Sawyer
    D. C. CIV. No. 00-cv-01957

RECEIVED
FEB 1 4 2002
PER S/S
HARRISBURG, PA.    DEPUTY CLERK

Dear Mrs. D'Andrea:

   Enclosed is a certified copy of the judgment in the above-entitled case, together with copy of the opinion. The certified judgment is issued in lieu of a formal mandate and is to be treated in all respects as a mandate.

   We return herewith the certified record and first supplemental record in the case.

   Kindly acknowledge receipt for same on the enclosed copy of this letter.

   Counsel are advised of the issuance of the mandate by copy of this letter. A copy of the certified judgment is also enclosed showing costs taxed, if any.

                                Very truly yours,
                                MARCIA M. WALDRON
                                Clerk

                          By:   Anthony W. Infante
                                Case Manager

Enclosure

cc:
    Manuel Ramos #37563-053
    Matthew E. Haggerty, Esq.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 01-1438

MANUEL RAMOS,

Appellant

v.

KATHLEEN M. HAWK-SAWYER; MARGARET HARDEN, Warden, FCI Allenwood

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 00-cv-01957)
District Judge: Honorable Yvette Kane

Submitted Under Third Circuit LAR 34.1(a)
November 13, 2001

Before: MANSMANN, RENDELL, GREENBERG, CIRCUIT JUDGES

**JUDGMENT**

This cause came on to be heard on the record from the United States District Court for the Middle District of Pennsylvania. On consideration whereof, it is now here

ORDERED AND ADJUDGED by this Court that the order of the United States District Court for the Middle District of Pennsylvania entered on January 26, 2001 be, and the same is, hereby vacated.

FILED
HARRISBURG, PA
FEB 14 2002
MARY E. D'ANDREA, CLERK
Per _____

All of the above in accordance with the Opinion of this Court.

ATTEST:

*Kathleen Brenner*

Acting Clerk

DATED: 20 December 2001

```
Certified as a true copy and issued in lieu
of a formal mandate on February 11, 2002

Teste:   *Marcia M. Waldron*

Clerk, United States Court of Appeals
for the Third Circuit
```

UNREPORTED- NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 01-1438

FILED
HARRISBURG, PA
FEB 1 4 2002
MARY E. D'ANDREA, CLERK
Per _____

MANUEL RAMOS,

Appellant

v.

KATHLEEN M. HAWK-SAWYER; MARGARET HARDEN, Warden, FCI Allenwood

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 00-cv-01957)
District Judge: Honorable Yvette Kane

Submitted Under Third Circuit LAR 34.1(a)
November 13, 2001

Before: MANSMANN, RENDELL, GREENBERG, CIRCUIT JUDGES

(Filed: December 20, 2001)

OPINION

PER CURIAM

Appellant Manuel Ramos, a federal prisoner proceeding pro se, filed a civil rights

action in the United States District Court for the District of Columbia against the Director of the Bureau of Prisons and the Warden of the Federal Correctional Institution in Allenwood, Pennsylvania. Ramos alleges that a correctional officer at the Allenwood prison fractured his right hand and that he filed an administrative tort claim which was denied. Ramos claims violations of his due process rights in connection with the denial of his tort claim and his right to be free of cruel and unusual punishment.

The United States District Court for the District of Columbia dismissed the Director of the Bureau of Prisons as a party after finding she cannot be liable for the torts of employees she supervises on a theory of respondeat superior. Since the Warden of the Allenwood prison does not reside in the District of Columbia, the court concluded venue is proper where the alleged incident took place and where Ramos and the Warden reside. The court transferred the case to the Middle District of Pennsylvania.

After the transfer, Ramos moved for an extension to time to amend his complaint to add the proper defendants and another cause of action. Ramos then filed a motion to submit an amended complaint and attached an amended complaint adding four doctors as defendants and alleging deliberate indifference to his medical needs and excessive use of force in violation of his constitutional rights. Ramos also moved for the appointment of counsel.

Apparently not aware of Ramos' filing of the amended complaint, the magistrate judge granted the motion for an extension of time and allowed Ramos thirty days to file

an amended complaint. After thirty days passed, the magistrate judge recommended that the original complaint be dismissed pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e for failure to state a claim upon which relief may be granted. The district court adopted the magistrate judge's report and recommendation and dismissed the complaint. Ramos filed a timely notice of appeal. Since the district court did not consider Ramos' amended complaint, the order of the district court will be vacated so that the court may review it pursuant to the screening provisions of 28 U.S.C. § 1915A and 42 U.S.C. § 1997e and consider the motion for appointment of counsel.[1]

---

[1] The amended complaint is titled an "Amended Memorandum Of Law In Support Of Civil Rights Complaint" and has characteristics of a complaint and a memorandum of law. Since Ramos is proceeding pro se, the pleading should be liberally construed. See United States v. Miller, 197 F.3d 644, 648 (3d Cir. 1999)(citations omitted).

3