UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MANUEL RAMOS,                          : CIVIL NO: 1:CV-00-1957
                                       :
              Plaintiff,               :
                                       : (Judge Kane)
      v.                               :
                                       : (Magistrate Judge Smyser)
MARGARET HARDEN,                       :
DR. MCGLORI,                           :
DR. MAXIMO R. VELASCO, JR.,            :
DR. ANTHONY BUSSANICH, and             :
DR. PETER J. TERHAAR,                  :
                                       :
              Defendants               :

**FILED**
HARRISBURG, PA

FEB 2 8 2002

MARY E. D'ANDREA, CLERK
Per _____
           Deputy Clerk

<u>ORDER</u>

The plaintiff, a federal prisoner proceeding *pro se*,

commenced this action by filing a complaint in the United

States District Court for the District of Columbia.  The

plaintiff paid the $150.00 filing fee to commence this action.


In his complaint, the plaintiff alleged that on March

25, 1997, while confined at the Allenwood Federal Correctional

Institution in White Deer, Pennsylvania, a correctional officer

fractured his right thumb.  The plaintiff alleged that he filed

AO 72A
(Rev 8/82)

an administrative claim which was denied.  The complaint named as defendants: Kathleen Hawk Sawyer, Director of the Bureau of Prisons; and Margaret Harden, Warden of the Allenwood Federal Correctional Institution.

By an Order dated September 18, 2000, Judge Richard W. Roberts of the United States District Court for the District of Columbia construed the plaintiff's complaint as a *Bivens*[1] claim and as a claim under the Federal Tort Claims Act.[2]  Judge Roberts dismissed with prejudice the claim against defendant Kathleen Hawk Sawyer and he ordered that the case be transferred to this court.  The Clerk of this Court received the case file on November 1, 2000.

On November 8, 2000, the plaintiff filed a motion for an extension of time to amend his complaint.  The plaintiff sought thirty days to amend his complaint to include additional defendants and to "bring his Civil action in proper form."

---

1.  *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

2.  28 U.S.C. §§1346, 2671 *et seq.*

2

On November 13, 2000, the plaintiff filed a document with the court containing several titles including "Complaint," "Motion to Submit Amended Memorandum of Law in Support of Civil Rights Complaint under Bivens v. Six Unknown Agents, 403 US 388 (1971); 28 USC ¶¶ 1331, 1391(a)(b) and Federal Tort Claims Act, 28 USC §§ 1346(b), 2671-80," and "Amended Memorandum of Law in Support of Civil Rights Complaint under Bivens v. Six Unknown Agents, 403 US 388 (1971); 28 USC ¶¶ 1331, 1391(a)(b) and Federal Tort Claims Act, 28 USC §§ 1346(b), 2671-80."

By an Order dated November 15, 2000, we reviewed the complaint and concluded that the complaint failed to state a *Bivens* claim against defendant Harden because the plaintiff had not alleged that the defendant actually participated or had actual knowledge of and acquiesced in the events forming the basis of his claim. We further concluded that the complaint failed to state a claim under the Federal Tort Claims Act against defendant Harden because the only proper defendant in a Federal Torts Claim Act case is the United States. The Order

3

of November 15, 2000 also granted the plaintiff's motion for an extension of time to file an amended complaint and ordered the plaintiff to file an amended complaint within thirty days.  We warned the plaintiff that if he fails to file an amended complaint, we would recommend that this action be dismissed for failure to state a claim upon which relief can be granted.

After the Order of November 15, 2000, the plaintiff did not file an amended complaint.

In a Report and Recommendation dated December 21, 2000, we recommended that the complaint be dismissed pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e for failure to state a claim upon which relief may be granted.  At the time we issued the Order of November 15, 2000 and the Report and Recommendation of December 21, 2000 the document filed by the plaintiff on November 13, 2000 was not in the file.

By an Order dated January 25, 2001, Judge Kane adopted our Report and Recommendation and dismissed the complaint.  The

4

plaintiff appealed that order to the United States Court of Appeals for the Third Circuit.  By an Order date December 20, 2001 the Third Circuit vacated the order of January 26, 2001 dismissing the plaintiff's complaint and remanded the case to the district court.  The Third Circuit directed that the court consider the document filed by the plaintiff on November 13, 2000 as an amended complaint.

By an Order dated February 20, 2002, Judge Kane remanded the case to the undersigned for further consideration.

We will order that the Clerk of Court serve the amended complaint on the defendants.

The document filed by the plaintiff on November 13, 2000 also contains a motion for the appointment of counsel.

28 U.S.C. § 1915(e)(1) provides that the court may request an attorney to represent an indigent litigant in a civil case.

5

In *Mallard v. U.S. District Court*, 490 U.S. 296 (1989), the Court held that 28 U.S.C. §1915 does not authorize the district court to require an unwilling attorney to represent an indigent litigant in a civil case.

In *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993), the United States Court of Appeals for the Third Circuit set forth a number of factors the court should consider when deciding whether to ask an attorney if he or she will accept the responsibility of representing a *pro se* plaintiff. The court in *Tabron* discussed the following factors: 1) the merits of the plaintiff's claim; 2) the plaintiff's ability to present his or her case considering the plaintiff's education, literacy, experience, and the restraints placed on the plaintiff by incarceration; 3) the complexity of the legal issues; 4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; and 5) the degree to which the case turns on credibility determinations or expert testimony. *Tabron, supra*, 6 F.3d at 155-56.

6

In the United States District Court for the Middle District of Pennsylvania, the need for a list of attorneys available for appointment to represent plaintiffs in potentially meritorious cases meeting the *Tabron v. Grace* criteria has been addressed in Local Rule 83.34.  The Middle District Federal Bar Association has assembled a panel of attorneys who will accept appointments at the request of the court in these cases.

The plaintiff claims that the defendants provided him with inadequate medical care for his injured hand and that as a result he has lost the effective use of his hand.  The plaintiff alleges that the defendants were negligent and deliberately indifferent to his medical needs.  At this point, we can not say that the plaintiff's claims lack merit.

The plaintiff claims that he lacks the ability and knowledge to pursue this case.  He states that he speaks and reads very little English.  However, the documents filed by the

7

plaintiff thus far indicate that he is able to communicate effectively with the court.

The plaintiff's claims are not overly complex.

The plaintiff claims that he will have difficulty conducting discovery and investigating the facts of this case. The fact that the plaintiff is incarcerated will no doubt somewhat hinder his ability to investigate this case and to conduct discovery. Nevertheless, the plaintiff has not shown that he is hindered in this regard any more than any other prisoner.

At this point it is not clear what role credibility will play in this case if the case goes to trial.

We have considered the *Tabron* factors and have concluded that the circumstances presented in the instant case do not justify a request to the administrator of the panel of

AO 72A
(Rev.8/82)

volunteer attorneys to determine whether an attorney will accept an appointment in this case at this time.

AND NOW, this 28th day of February, 2002, **IT IS HEREBY ORDERED** that the Clerk of Court is directed to serve plaintiffs' amended complaint (doc. 3) and this Order in accordance with Fed.R.Civ.P. 4.   The defendants are requested to waive service pursuant to Rule 4(d).[3]   **IT IS FURTHER ORDERED** that the plaintiff's motion for the appointment of counsel is **DENIED.**

J. Andrew Smyser
Magistrate Judge

DATED: February 28, 2002.

_____

3.   The Marshal will send the form Notice of Lawsuit and Request for Waiver of Service of Summons to each defendant.

AO 72A
(Rev.8/82)

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

March 1, 2002

Re:  1:00-cv-01957   Ramos v. Hawk-Sawyer

True and correct copies of the attached were mailed by the clerk
to the following:

```
        Manuel Ramos
        USP-FL
        U.S. Penitentiary Florence
        R37563-053
        P.O. Box 7000
        Florence, CO  81226
```

cc:
Judge                        (  )              (  ) Pro Se Law Clerk
Magistrate Judge             (  )              (  ) INS
U.S. Marshal                 (  )              (  ) Jury Clerk
Probation                    (  )
U.S. Attorney                (  )
Atty. for Deft.              (  )
Defendant                    (  )
Warden                       (  )
Bureau of Prisons            (  )
Ct Reporter                  (  )
Ctroom Deputy                (  )
Orig-Security                (  )
Federal Public Defender      (  )
Summons Issued               (  ) with N/C attached to complt. and served by:
                                  U.S. Marshal (  )   Pltf's Attorney (  )

Standard Order 93-5          (  )
Order to Show Cause          (  ) with Petition attached & mailed certified mail
                                  to: US Atty Gen (  )  PA Atty Gen (  )
                                      DA of County (  )  Respondents (  )

Bankruptcy Court             (  )
Other_____        (  )

                                       MARY E. D'ANDREA, Clerk

DATE: _____3-1-02_____          BY: _____
                                     Deputy Clerk