

| | |
|---|---|
| SABA, ENDLER & ASSOCIATES, L.L.P. | |
| BY:    DAVID W. SABA, ESQUIRE | ATTORNEY FOR DEFENDANT, |
|         LARA J. ENDLER, ESQUIRE | Peter J. Terhaar, D.O. |
| IDENTIFICATION NO.   19648 & 66507 | |
| SUITE 100 | |
| PARK BUILDING | |
| 400 THIRD AVENUE | |
| KINGSTON, PA 18704-5816 | |
| (570) 331-3100 | |

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MANUEL RAMOS, | : | CIVIL NO. 1:-CV-00-1957 |
| Plaintiff | : | (Judge Kane) |
| v. | : | |
| MARGARET HARDEN, | : | FILED |
| DR. MCGLORI, | : | SCRANTON |
| DR. MAXIMO R. VELASCO, JR., | : | |
| DR. ANTHONY BUSSANICH, and | : | MAY 20 2002 |
| DR. PETER J. TERHAAR, | : | PER _____ |
| Defendants | : | DEPUTY CLERK |

### BRIEF OF DEFENDANT, PETER J. TERHAAR, DO, IN SUPPORT OF HIS MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)

**I.   PROCEDURAL HISTORY:**

This action was filed by the Plaintiff, a prisoner at the U.S. Penitentiary in Florence, CO. Plaintiff seeks relief pursuant to the Eighth Amendment, citing deliberate indifference to his serious medical needs. Initially the case was brought against the Warden, Margaret Harden, and the Director of the Bureau of Prisons, but the prisoner sought and was granted permission by the 3rd Circuit, to file an Amended Complaint naming several additional defendants, including Movant, Dr. Peter J. Terhaar, an orthopedic surgeon.

II.     STATEMENT OF FACTS:

As noted above, the Plaintiff seeks relief as to Dr. Terhaar pursuant to the 8th Amendment of the Constitution, for deliberate indifference to plaintiff's serious medical needs. Plaintiff's allegations against Dr. Terhaar as contained in the attached complaint are scant at best. Plaintiff alleges that Dr. Terhaar "performed experimental surgery on Plaintiff's splayed tendon in his right hand." See Amended Complaint at Paragraph 5, p. 5.

Plaintiff's Amended Complaint goes on to allege, as to Dr. Terhaar, that he "did not inform plaintiff the surgery was an experiental surgery and was negligent in performing this surgery." See Amended Complaint at p. 6, top.

Plaintiff goes on to refer to the hand surgery performed by Dr. Terhaar as a "monkey experiment." P. 6 of Plaintiff's Amended Complaint. Although Plaintiff's complaint contains several allegations of a delay in treatment of the Plaintiff's broken right hand, none of this delay is alleged by the Plaintiff to have been attributable to Dr. Terhaar. The <u>only allegations</u> against Dr. Terhaar revolve around his decision to perform a surgery which Plaintiff describes as "experimental" and a "monkey experiment."

The moving Defendant submits that this Court must dismiss all allegations against him because the plaintiff has failed to state a cause of action under the Eighth Amendment and has failed to exhaust all administrative remedies available to him prior to bringing this suit in federal court; this brief is offered in support thereof.

III. **ISSUES:**

*Issue A: Whether this Court must dismiss Plaintiff's complaint as to moving defendant since he has failed to allege facts sufficient by which this Court can determine that he has exhausted all administrative remedies available to him under the Prison Litigation Reform Act?*

*Suggested Answer: In the affirmative.*

*Issue B: Whether this Court must dismiss Plaintiff's complaint since he has failed to allege a cause of action against Dr. Terhaar to support a claim for violations under the Eighth Amendment.*

*Suggested Answer: In the affirmative.*

IV. **LAW AND ARGUMENT:**

**A. Plaintiff's amended complaint must fail because he has not exhausted his administrative remedies prior to bringing this lawsuit in federal court and he has failed to plead facts to support a claim that he has exhausted all available remedies.**

Pursuant to Fed. R.C.P. 12(b)(6), a court may dismiss a Complaint for failure to state a cause of action. A court must accept all reasonable inferences that can be drawn from the allegations stated in Plaintiff's Amended Complaint; however, conclusory allegations of law, unsupported conclusions and unwarranted inferences need not be accepted as true.

The Prison Litigation Reform Act of 1996 requires an inmate to exhaust all administrative remedies available to him prior to commencing a lawsuit:

> No action shall be brought with respect to prison conditions under Section 1979 of the revised statutes of the United States or any other federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997(a).

Until recently, the courts have looked at the relief claimed by the Plaintiff – administrative, equitable, injunctive - to determine whether he needed to exhaust

administrative remedies. The policy behind the requirement for exhaustion was set forth by this court in <u>Muhammad v. Carlson</u>, 739 F.2d 122 (3d Cir. 1984):

> The principles of exhaustion have a constitutional dimension. For courts to act prematurely, prior to the final decision of the appropriate administrative agency, would raise serious questions implicating the doctrine of separation of powers. *Babcock and Wilcox* [Co. v. Marshall, 610 F.2d 1128 (3d Cir. 1979)] at 1136, n. 21. When the federal courts allow for preliminary adjudication by an executive agency, the doctrine of separation of powers involves judicial recognition of the autonomy of the executive branch "so that the agency may function efficiently and so that it may have an opportunity to correct its own errors." The exhaustion requirement does not preclude judicial relief, it simply postpones the timing of the judicial adjudication. See *Barnes v. Chatterton*, 515 F.2d 916, 921 (3d Cir.1975). Because Congress is vested with the power to prescribe the basic procedural scheme under which most claims may be heard in federal courts, the initial question whether exhaustion is required must be answered, where possible, by reference to congressional intent. (some citations omitted.)

<u>Id</u>. at 124.

In <u>Nyhuis v. Reno</u>, 204 F.3d 65 (3d Cir. 2000), the Third Circuit court reviewed 42 U.S.C. §1997(e). In <u>Nyhuis</u>, a prisoner brought a <u>Bivens</u> action, alleging violations of his property rights and seeking monetary, declaratory, and injunctive relief, without exhausting the administrative process available to him in the prison facility. The court held that §1997e(a) completely precludes a futility exception to its mandatory exhaustion requirement. Later, in <u>Booth v. Churner</u>, 206 F.3d 289 (3d Cir. 2000), the court applied its decision in <u>Nyhuis</u> to claims brought under 42 U.S.C. § 1983 as it is "the functional equivalent" of a <u>Bivens</u> action. <u>Id</u>. The court cited <u>Nyhuis</u> to reject Plaintiff's claim that exhaustion would be futile: "the PLRA amended §1997e(a) in such a way as to make exhaustion of all administrative remedies mandatory – whether or not they provide the inmate – Plaintiff with the relief he says he desires in the federal action." <u>Booth</u> at 300.

Here, Plaintiff seeks an award of compensatory and punitive damages. As stated previously, there are only a few allegations in the Complaint against Dr. Terhaar. Specifically, in ¶5, Dr. Terhaar is alleged to have performed "experimental surgery on plaintiff's splayed tendon in his right hand." (See p. 5 of Plaintiff's amended complaint). Plaintiff further alleges as to Dr. Terhaar that "this defendant did not inform plaintiff the surgery was an experimental surgery and was negligent in performing this surgery." See p. 6 of amended complaint.

Even if this Court looks at the facts as pled by plaintiff in the light most favorable to the plaintiff, it is clear that Plaintiff has failed to exhaust the administrative remedies of the prison system prior to commencing this lawsuit. No allegations are set forth in the amended Complaint which aver that the Plaintiff exhausted his administrative remedies prior to filing this amended complaint.

**B. Plaintiff's complaint must fail because he has failed to state a claim upon which relief may be granted against Dr. Terhaar**

On a Motion pursuant to Rule 12(b)(6), Court must assume the factual allegations of the non-moving party to be true, and resolve all inferences in his favor. 5 C Wright & A. Miller Federal Practice and Procedure Sec. 1368 at 691 (1970); see National Metropolitan Bank v. United States, 323 U.S. 454, 456-457, 65 S.Ct. 354, 355, 89 L.Ed. 383 (1945); George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp., 554 F.2d 551, 553 (2d Cir. 1977).

Mere negligence in giving or failing to supply medical treatment alone will not suffice to support an action under §1983. United States ex rel. Hyde v. McGinnis, 429 F.2d 864, 866 (2d Cir. 1970). Courts have held that the exercise by a doctor of his professional judgment in treating prisoner is never deliberate indifference, and will not

give rise to civil rights claim that improper medical treatment violated prisoner's Eighth Amendment rights. Gindraw v. Dendler, 967 F.Supp. 833 (E.D.Pa. 1997)

As the Supreme Court explained in Estelle v. Gamble, 49 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.E.2d 251 (1976):

> A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim for medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

See also, Kost v. Kozakiewicz, 1 F.3d 176, 185 (3d Cir. 1993).

The Plaintiff's claims are based on a allegedly negligently-performed surgery by Dr. Terhaar, a surgery that Plaintiff deems "experimental" and a "monkey experiment". Importantly and significantly in terms of the instant Motion, Plaintiff does **not** plead acts or omissions "sufficiently harmful to evidence deliberate indifference to serious medical needs," as required under federal law.

As noted by the court in Rouse v. Plantier, 182 F.3d 192 (3d. Cir. 1999),

> The Eighth Amendment prohibits the imposition of "unnecessary and wanton infliction of pain contrary to contemporary standards of decency." See Helling v. McKinney, 509 U.S. 25, 32, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993).... It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute "deliberate indifference." As the Estelle Court noted: "[I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.' " Id. at 105, 97 S.Ct. 285; see also Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir.1993) ("[T]he law is clear that simple medical malpractice is insufficient to present a constitutional violation."); White v. Napoleon, 897 F.2d 103, 110 (3d Cir.1990) ("[C]ertainly no claim is stated when

> a doctor disagrees with the professional judgment of
> another doctor. There may, for example, be several
> acceptable ways to treat an illness.")(emphasis omitted).
> "Deliberate indifference," therefore, requires "obduracy
> and wantonness," Whitley v. Albers, 475 U.S. 312, 319, 106
> S.Ct. 1078, 89 L.Ed.2d 251 (1986), which has been likened
> to conduct that includes recklessness or a conscious
> disregard of a serious risk.

Rouse, *supra*, at pp. 197. Plaintiff must allege more than inadequate medical treatment or mere negligence to state a claim that his constitutional rights have been violated. Estelle v. Gamble, supra, 49 U.S. at 106, 97 S.Ct. at 292. "A complaint under Sec. 1983 based on inadequate medical treatment states a case of action if it alleges conduct which shocks the conscience, such deliberate indifference to a prisoner's request for essential medical treatment." Williams v. Vincent, 508 F.2d 541, 544 (2d Cir. 1974).

It is well established that "the exercise by a physician of his professional judgment is not deliberate indifference." See Brown v. Borough of Chambersburg, 903 F.2d 274, 28 (3d Cir. 1990).

As noted above, no allegations have been made by the Plaintiff in this matter which rise to the level of deliberate indifference to a serious medical need. Although the amended complaint references vague delays in treatment, the only allegations of negligence posited against Dr. Terhaar himself concern the performance of the surgery on Plaintiff's tendon in the first instance, based on an allegation that the surgery was "experimental" and should not have been performed. This allegation regarding Dr. Terhaar's treatment clearly does not rise to the level necessitated by federal law, i.e., which is that Dr. Terhaar would need to have exhibited "deliberate indifference to the plaintiff's serious medical need." There is no evidence whatsoever from the face of the

Amended Complaint that deliberate indifference was present in the treatment which Dr. Terhaar rendered to Plaintiff.

## V. CONCLUSION

WHEREFORE, it is respectfully requested that this Honorable Court grant Defendant Terhaar's Motion pursuant to Fed.R.Civ.P. 12(b)(6), and dismiss Plaintiff's Amended Complaint (i.e., his Amended Memorandum of Law...") as to Dr. Terhaar for failure to state a claim upon which relief can be granted.

Respectfully submitted,

SABA, ENDLER & ASSOCIATES, L.L.P.

BY: _____
DAVID W. SABA, ESQUIRE

BY: _____
LARA J. ENDLER, ESQUIRE
Attorneys for Defendant,
Peter J. Terhaar, DO