

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MANUEL RAMOS,                       : CIVIL NO: 1:CV-00-1957
                                    :
             Plaintiff,             :
                                    : (Judge Kane)
        v.                          :
                                    : (Magistrate Judge Smyser)
MARGARET HARDEN,                    :
DR. MCGLORI,                        :
DR. MAXIMO R. VELASCO, JR.,         :
DR. ANTHONY BUSSANICH, and          :
DR. PETER J. TERHAAR,               :
                                    :
             Defendants             :

**FILED**
HARRISBURG, PA
MAY 2 9 2002
MARY E. D'ANDREA, CLERK
Per

**ORDER**

The plaintiff, a federal prisoner proceeding *pro se*,

commenced this action by filing a complaint in the United

States District Court for the District of Columbia.   The

plaintiff paid the $150.00 filing fee to commence this action.


In his complaint, the plaintiff alleged that on March

25, 1997, while confined at the Allenwood Federal Correctional

Institution in White Deer, Pennsylvania, a correctional officer

fractured his right thumb.   The plaintiff alleged that he filed

AO 72A
(Rev. 8/82)

an administrative claim which was denied.  The complaint named

as defendants: Kathleen Hawk Sawyer, Director of the Bureau of

Prisons; and Margaret Harden, Warden of the Allenwood Federal

Correctional Institution.

By an Order dated September 18, 2000, Judge Richard W.

Roberts of the United States District Court for the District of

Columbia construed the plaintiff's complaint as a *Bivens*[1] claim

and as a claim under the Federal Tort Claims Act.[2]  Judge

Roberts dismissed with prejudice the claim against defendant

Kathleen Hawk Sawyer and he ordered that the case be

transferred to this court.  The Clerk of this Court received

the case file on November 1, 2000.

On November 8, 2000, the plaintiff filed a motion for

an extension of time to amend his complaint.  The plaintiff

sought thirty days to amend his complaint to include additional

defendants and to "bring his Civil action in proper form."

---

1.  *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

2.  28 U.S.C. §§1346, 2671 *et seq.*

AO 72A
(Rev.8/82)

On November 13, 2000, the plaintiff filed a document with the court containing several titles including "Complaint," "Motion to Submit Amended Memorandum of Law in Support of Civil Rights Complaint under Bivens v. Six Unknown Agents, 403 US 388 (1971); 28 USC ¶¶ 1331, 1391(a)(b) and Federal Tort Claims Act, 28 USC §§ 1346(b), 2671-80," and "Amended Memorandum of Law in Support of Civil Rights Complaint under Bivens v. Six Unknown Agents, 403 US 388 (1971); 28 USC ¶¶ 1331, 1391(a)(b) and Federal Tort Claims Act, 28 USC §§ 1346(b), 2671-80."

By an Order dated November 15, 2000, we reviewed the complaint and concluded that the complaint failed to state a *Bivens* claim against defendant Harden because the plaintiff had not alleged that the defendant actually participated or had actual knowledge of and acquiesced in the events forming the basis of his claim. We further concluded that the complaint failed to state a claim under the Federal Tort Claims Act against defendant Harden because the only proper defendant in a Federal Torts Claim Act case is the United States. The Order

3

AO 72A
(Rev 8/82)

of November 15, 2000 also granted the plaintiff's motion for an extension of time to file an amended complaint and ordered the plaintiff to file an amended complaint within thirty days. We warned the plaintiff that if he fails to file an amended complaint, we would recommend that this action be dismissed for failure to state a claim upon which relief can be granted.

After the Order of November 15, 2000, the plaintiff did not file an amended complaint.

In a Report and Recommendation dated December 21, 2000, we recommended that the complaint be dismissed pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e for failure to state a claim upon which relief may be granted. At the time we issued the Order of November 15, 2000 and the Report and Recommendation of December 21, 2000 the document filed by the plaintiff on November 13, 2000 was not in the file.

By an Order dated January 25, 2001, Judge Kane adopted our Report and Recommendation and dismissed the complaint. The

4

plaintiff appealed that order to the United States Court of Appeals for the Third Circuit.  By an Order date December 20, 2001 the Third Circuit vacated the order of January 26, 2001 dismissing the plaintiff's complaint and remanded the case to the district court.  The Third Circuit directed that the court consider the document filed by the plaintiff on November 13, 2000 as an amended complaint.

By an Order dated February 20, 2002, Judge Kane remanded the case to the undersigned for further consideration.

By an Order dated February 28, 2002, we directed the Clerk of Court serve the amended complaint on the defendants. The document filed by the plaintiff on November 13, 2000 also contained a motion for the appointment of counsel.  The Order of February 28, 2002 denied the plaintiff's motion for the appointment of counsel.

On April 30, 2002, the plaintiff filed a motion to be transferred to the Middle District of Pennsylvania and for the

5

appointment of counsel.  For the reasons stated in the Order of February 28, 2002, the plaintiff's motion for the appointment of counsel will be denied.  Also, there is no reason or basis to order that the plaintiff be transferred to the Middle District of Pennsylvania.  Thus, the petitioner's request to be transferred will be denied.

On May 20, 2002, defendant Terhaar filed a motion to dismiss the amended complaint and a brief in support of that motion.  Also on May 20, 2002, the other defendants filed a motion to dismiss the amended complaint.

On May 20, 2002, the petitioner filed a document entitled "Objections to Interrogatories/Motion for Extension of Time to Answer - Until After Appointment of Counsel."  In this document, the plaintiff asserts that defendant Terhaar has served on him 43 interrogatories with well over two hundred subparts.  The plaintiff objects to the interrogatories as beyond the twenty-five allowed by Fed.R.Civ.P. 33.

6

Federal Rule of Civil Procedure 33 provides that "[w]ithout leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts . . . ."

We will deem the document filed by the plaintiff on May 20, 2002 as objections to the interrogatories served by defendant Terhaar.  The plaintiff does not need to respond further to the interrogatories.  Defendant Terhaar may serve a set of interrogatories that complies with Fed.R.Civ.P. 33.

In his motion to be transferred and for the appointment of counsel, the plaintiff states that defendant Terhaar also served a set of Requests for Production of EAP Documents which demanded that the plaintiff produce the documents at the defense counsel's office on a certain date.  Clearly, since the plaintiff is incarcerated he can not produce in person documents at defense counsel's office.  Pursuant to Fed.R.Civ.P. 34, the plaintiff should respond to the Request for Production of Documents by stating which documents he has

7

AO 72A

in his possession or control that are responsive to the Request and by stating that he will permit defense counsel to inspect those documents at his place of incarceration provided that defense counsel makes appropriate arrangements with the prison administration.  We will grant the plaintiff a short extension of time to respond to the Request for Production of Documents.

AND NOW, this 29th day of May, 2002, **IT IS HEREBY ORDERED** that the plaintiff's motion (doc. 19) to be transferred and for the appointment of counsel is **DENIED.  IT IS FURTHER ORDERED** the plaintiff's objections (doc. 23) to defendant Terhaar's interrogatories are sustained and the plaintiff need not answer the interrogatories.  Defendant Terhaar may serve a set of interrogatories that complies with Fed.R.Civ.P. 33. **IT IS FURTHER ORDERED** that the plaintiff shall respond to the Request for Production of Documents served by defendant Terhaar on or before June 20, 2002.

J. Andrew Smyser
Magistrate Judge

DATED: May 29, 2002.

8