TAM:MEH:mel:2002V00410

**FILED**
WILLIAMSPORT, PA

JUN 4 2002

MARY E. D'ANDREA, CLERK
Per_____
        DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MANUEL RAMOS,                        :
              Plaintiff              :
                                     :
         v.                          :  Civil No. 1:CV-00-1957
                                     :  (Kane, J.)
MARGARET HARDEN, Warden,             :  (Smyser, M.J.)
et al.,                              :
              Defendants             :

**RECORD IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS**

THOMAS A. MARINO
United States Attorney

MATTHEW E. HAGGERTY
Assistant U.S. Attorney
MICHELE E. LINCALIS
Paralegal Specialist
316 Federal Building
240 West Third Street
Williamsport, PA  17703

Date: June 4, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MANUEL RAMOS,  :
    Plaintiff  :
      :
vs.  :  Civil No. 1:cv-00-1957
      :  (Kane, J.)
      :  (Smyser, M.J.)
MARGARET HARDIN, et al.,  :
    Defendants  :

## DECLARATION OF SUSAN ALBERT-BLOSSER

I, Susan Albert-Blosser, hereby make the following declaration:

1. I am a Paralegal Specialist at the United States Department of Justice, Federal Bureau of Prisons (BOP), and I am assigned to the Consolidated Legal Center, Allenwood, Pennsylvania. I have been employed with the BOP since September 1997. I have worked as a Paralegal Specialist since April 2001. As a result of my position, I have access to Bureau of Prisons' files, including computer files maintained in the ordinary course of business on inmates incarcerated at FCC-Allenwood.

2. I have reviewed the amended <u>Bivens</u> complaint filed by the Plaintiff, inmate Manuel Ramos, Federal Register Number 37563-053, in which he complains that he received improper medical care for an injury to his thumb which he alleges resulted from a March 26, 1997, altercation with another inmate.

000001

3. The Plaintiff arrived at the Federal Correctional Institution (FCI), Allenwood, Pennsylvania, on September 26, 1995. The Plaintiff alleges the injury occurred on March 26, 1997, while incarcerated at FCI Allenwood.

4. Records reveal that on March 26, 1997, the Plaintiff received an incident report for a violation of Code 224, Assaulting Without Serious Injury. Specifically, the Incident Report states that the Plaintiff yelled obscenities at staff and another inmate and then punched the other inmate several times in the face.

5. On April 10, 1997, a Discipline Hearing Officer (DHO) hearing was held regarding the Plaintiff's actions. Records show that the Plaintiff refused to appear at the hearing. The DHO considered the evidence and found the Plaintiff to have committed the prohibited act. The DHO sanctioned the Plaintiff to 27 days loss of Good Conduct Time, Disciplinary Segregation for 30 days, and recommended a disciplinary transfer.

6. Records show that on May 21, 1997, the Plaintiff was transferred to the United States Penitentiary (USP), Allenwood. He remained at this facility until November 10, 1997, at which time he was transferred to USP Lewisburg.

7. The Bureau of Prisons has established an administrative remedy procedure through which an inmate can seek formal review of any complaint regarding any aspect of his imprisonment, if less formal procedures do not resolve the matter, pursuant to 28 C.F.R. §542.13.

8. In order to exhaust appeals under the Administrative Remedy Procedure for inmates, an inmate must first raise his complaint to their unit team through an Informal Resolution Attempt. If the concern is not informally resolved, the inmate may file an appeal to the Warden of the institution where he is confined. He may then further appeal an adverse decision to the Regional Director and Central Office of the Federal Bureau of Prisons. See 28 C.F.R. § 542, et seq. No administrative remedy appeal is considered to have been finally exhausted until it has been denied by the Bureau of Prisons' Central Office.

9. In the ordinary course of business, computerized indexes of all formal administrative appeals filed by inmates are maintained by the Institution, Regional and Central Offices so that rapid verification may be made as to whether an inmate has exhausted administrative appeals on a particular issue. Informal resolution attempts are not retained by a computerized index.

10. On May 7, 2002, I conducted a search of the records to determine whether or not the Plaintiff had exhausted available administrative remedies regarding the issues he raised in his amended complaint. This review has revealed that the Plaintiff has **not** exhausted available administrative remedies for the issues that he has raised in his amended complaint.

11. The Plaintiff has **not exhausted** on the issue of excessive force or adequacy of medical care.

I declare under penalty of perjury in accordance with the provisions of 28 U.S.C. § 1746 that the above is accurate to the best of my knowledge and belief.

_S. Albert-Blosser_                          5/7/02

S. Albert-Blosser                          Date
Paralegal Specialist
FCC-Allenwood

000004

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIGUEL RAMOS,<br>Plaintiff | )<br>)<br>)  1:CV-00-1957 |
| v. | )<br>) |
| WARDEN HARDEN,<br>Defendant | )<br>)<br>) |

### DECLARATION OF L. CUNNINGHAM

I, L. Cunningham, hereby state:

1. I am presently employed by the Federal Bureau of Prisons as the Supervisory Attorney at the United States Penitentiary, at Lewisburg, Pennsylvania. I am familiar with the above referenced case in which inmate Miguel Ramos, Reg. No. 37563-053, complains that his thumb was injured in a use of force incident at FCI Allenwood, and also complains that he did not receive adequate

2. The Bureau of Prisons has a three level administrative remedy process which is a method by which an inmate may seek formal review of a complaint related to any aspect of his confinement if less formal procedures have not resolved the problem. The procedure is codified at 28 C.F.R.§ 542.10 et seq. This process involves the filing of a request for administrative relief (BP-9) to the Warden of the institution where the inmate is confined. In the event the inmate is dissatisfied with the Warden's response, he may file an appeal (BP-10) to the Regional Director. The final step in the administrative remedy process is an appeal to the General Counsel (BP-11). See 28 C.F.R. Part 542, subpart B. A decision by the Bureau of Prisons is not final, and hence, not reviewable until relief has been denied by the General Counsel's Office. 28 C.F.R. 542.15.

3. A review of Bureau of Prisons SENTRY system records indicates that inmate Ramos has failed to exhaust the administrative remedies available to him under the Bureau of Prisons' administrative remedy procedure regarding the treatment of his right thumb. Inmate Ramos has successfully filed requests for administrative remedies on a variety of issues, but has not filed any with regard to the injury or subsequent medical treatment of his right thumb.

4. Inmate Ramos did file an administrative tort claim on March 15, 1999, nearly two years

after the alleged incident. The administrative tort claim was denied by the Bureau of Prisons Northeast Regional Office on January 7, 2000. A true and accurate copy is of the tort claim and denial letter is attached.

I hereby state under penalty of perjury pursuant to the provisions of 28 U.S.C. § 1746 that the above is accurate to the best of my knowledge.

_L. Cunningham_             5/8/2002
L. Cunningham            Date
Supervisory Attorney
United States Penitentiary
Lewisburg, PA

UNITED STATES GOVERNMENT
Memorandum
Northeast Regional Office, Philadelphia, PA
FEDERAL BUREAU OF PRISONS

DATE: January 7, 2000

REPLY TO
ATTN OF: Henry J. Sadowski, Regional Counsel

SUBJECT: Your Administrative Tort Claim, No. T-WXR-99-88

TO: Manuel Martinez Ramos - Reg. No. 37563-053
    USP Florence

Your Administrative Tort Claim No. T-WXR-99-88, dated March 15, 1999, and properly received in this office on March 22, 1999, has been considered for settlement as provided by the Federal Tort Claims Act, 28 U.S.C. §.2672, under authority delegated to me by 28 C.F.R. § 543.30. You seek compensatory damages in the amount of $5,000,000.00 for an alleged personal injury. Specifically, you claim that staff at the Federal Correctional Institution (FCI) Allenwood, Pennsylvania, fractured your right hand on March 25, 1997. You further claim staff failed to provide adequate treatment for your right hand and delayed needed surgery until January 1999.

Your Administrative Tort Claim was answered on September 17, 1999 and was forwarded to the United States Penitentiary (USP) Lompoc. It was returned to this office since you were transferred to the United States Penitentiary (USP) Florence. In response to your Administrative Tort Claim, after careful review of this claim, I decided not to offer a settlement. Our investigation revealed no evidence that staff fractured your hand on March 25, 1997. Instead, records indicate that on March 26, 1997, you assaulted another inmate by striking him in the face several times with your fist. Afterward, you were placed in the Special Housing Unit and examined by medical staff. You made no complaints of an injury to your right hand, nor was any right hand injury found during the examination. Although you were seen by medical staff on many occasions after March 26, 1997, (including an examination for a unrelated left hand injury), you did not complain about your right hand until August 1, 1997. Records indicate you received care for this injury, including surgery in January 1999. There is no evidence of negligence on the part of staff.

Accordingly, your claim is denied. If you are dissatisfied with this decision you may bring an action against the United States in an appropriate United States District Court within six (6) months of the date off this memorandum.

cc: Michael A. Zenk, Warden, FCI Allenwood
    File

000007

MAY- 8-02 WED 11:24 AM  P. 5
05/03/2002 00:34 FAX 215 597 4891   BOP NERO LGL SVC

# CLAIM FOR DAMAGE INJURY OR DEATH

INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED
OMB NO.
1105-0008
EXPIRES 4-30-88

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| U.S. DEPARTMENT OF JUSTICE FEDERAL BUREAU OF PRISONS WESTERN REGIONAL DIRECTOR 7950 Dublin Blvd. Third Floor Dublin, CA 94568 | Manuel Ramos, Fed. Reg. # 37563-053 U.S.P. Lompoc 3901 Klein Blvd. Lompoc, CA 93436 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M) |
|---|---|---|---|---|
| [ ] MILITARY [ ] CIVILIAN | | | | |

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

On March 25, 1997, at about 10:30 a.m while serving my sentence in Allenwood Medium, PA., the officer of Unit 4B brutally fractured my hand. I was immediately placed in segregation and denied proper medical care notwithstanding my severe pain and insistent requests for treatment. Four months after the incident I was transferred to Allenwood Penitentiary where I kept requesting medical attention and complaining of severe pain and inability to function with my right hand. I was only given massive doses of Motrin that was upsetting my stomach. On November 10/97, still without being treated I was transfered again to Lewisburgh Penitentiary. Four months after I finally was checked by the specialist who ordered immediate operation. (Cont. p2 Annexed)

## 9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

Inability of my right hand, mental anguish and severe pain

## 10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Cruel and unusual Punishment, excess of force, negligence, and discrimination.

## 11. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| I need the medical record in order to provide the name and addresses of doctor who ordered and performed the operation | |

RECEIVED
LEGAL
Western Regional Office

| 12. (See instructions on reverse) | AMOUNT OF CLAIM (in dollars) | | | |
|---|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| | Inability of right hand, pain, anguish | | $ 5,000,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| M. RAMOS | | 3-15-99 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-107
Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

000008

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. **Authority:** The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 CFR Part 14.

B. **Principal Purpose:** The information requested is to be used in evaluating claims.

C. **Routine Use:** See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. **Effect of Failure to Respond:** Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS

Complete all items - Insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in Item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

## INSURANCE COVERAGE

In order that subrogation claims be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes, if yes give name and address of insurance company (Number, street, city, State, and Zip Code) and policy number ☐ No

[RECEIVED stamp: MAY 15 — LEGAL]

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?    17. If deductible, state amount

18. If claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts)

19. Do you carry public liability and property damage insurance? ☐ Yes, if yes, give name and address of insurance carrier (Number, street, city, State, and Zip Code) ☐ No

GEO309

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MANUEL RAMOS,
       Plaintiff     :
                              :
      v.     :   Civil No. 1:CV-00-1957
                              :   (Kane, J.)
MARGARET HARDEN, Warden,     :   (Smyser, M.J.)
et al.,     :
       Defendants     :

CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on June 4, 2002, she served a copy of the attached

**RECORD IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:

Manuel Ramos
Reg. No. 37563-053
U.S. Penitentiary
P.O. Box 7000
Florence, CO 81226

David W. Saba, Esquire
Suite 113, Park Building
400 Third Avenue
Kingston, PA 18704

*Michele E. Lincalis*
MICHELE E. LINCALIS
Paralegal Specialist