Manuel Ramos
#37563-053
U.S. Penitentiary
P.O. BOX 7000
Florence, CO. 81226

FILED
HARRISBURG

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JUN 07 2002

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

| | |
|---|---|
| MANUEL RAMOS ) | |
|   Plaintiff ) | |
| ) | Civil No. 1-CV-00-1957 |
| v. ) | |
| ) | Petitioner's Response to Defdt's |
| Margaret Harden, ) | Motion to Dismiss |
| Dr. Peter Terhaar et al. ) | |

    NOW COMES PLAINTIFF MANUEL RAMOS, Petitioner pro se/pro per who, in opposition to Defendant's Motion to Dismiss, requests that these pleadings be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers as per **Haines v. Kerner,** 404 U.S. 519. Petitioner submits that, at this stage of the proceedings, there remains many crucial issues in dispute so that this Honorable Court would be in error to summarily dismiss the claim against Dr. Terhaar. Formal proceedings are necessary for the trier of fact to decide culpability and damages. For these reasons, Plaintiff Ramos, who can neither read, write nor speak English and knows nothing of law nor legal procedure, requests that this Court dismiss Defendant's Motion to Dismiss. In furtherance thereof Plaintiff states the following:

    At ¶5 of Defendant's Motion to Dismiss (Dfdt's Motion) he states: "Plaintiff's allegations against Dr. Terhaar as contained in the attached complaint are scant at best.'" A reading of Plaintiff's pleadings reveals sufficient allegations that Dr. Terhaar's performance clearly rose to the level of deliberate indifference to Mr. Ramos' serious medical needs. Dr. Terhaar even contradicts his earlier statement by stating:

> "Plaintiff alleges that Dr. Terhaar performed experimental surgery on Plaintiff's splayed tendon in his right hand."  (Dfdt's Motion at ¶6)

> "Plaintiff's Amended Complaint goes on to allege, as to Dr. Terhaar, that he 'did not inform plaintiff the surgery was an experimental surgery and was negligent in performing this surgery.'" (Dfdt's Motion at ¶7)

Plaintiff's Complaint alleges that his hand has been seriously and permanently damaged and blames Dr. Terhaar[1] as well as others for their deliberate indifference, negligence and malice which caused the permanent damage and submits such action or inaction rises to the level of a violation of the Eighth Amendmant's protection against Cruel and Unusual Punishmants.

Dr. Terhaar's Motion to Dismiss erroneously states that Plaintiff's Complaint also should be dismissed because Plaintiff "failed to exhaust all administrative remedies available to him prior to bringing this suit in federal court." (Dfdt's Motion at ¶ 10 and ¶ 20). There are no remedies available through the Bureau of Prisons to award Plaintiff the relief he seeks against Dr. Terhaar. At the time it was filed it was not necessary to file administrative remedies for this type action.

Dr. Terhaar also intimates that Ramos failed to list Dr. Terhaar as a defendant in the original complaint but only added the doctor's name later, by permission of the court to amend. An inspection of the original, handwritten complaint, filed as: Case No. 1:CV-00-1957 lists "Peter J. Terhaar, D.O., Consulting Surgeon, Bloomsburg Hospital, Bloomsburg, PA, Defendants." on the title page and well pled in the body. (See Dfdt's Motion to Dismiss--Defendant's Exhibit A).

---

1. Plaintiff's Amended Complaint at 5 and 6.

1

Dr. Terhaar has filed his Motion to Dismiss and has sent Plaintiff interrogatories (more than 200 questions) before Plaintiff has been appointed counsel and before any Discovery or any pre-trial conferences have been scheduled. Plaintiff is unfamiliar with the English language and court procedures and must ask this Court to **issue a stay** in these proceedings until he can be **appointed counsel** familiar with such proceedings and can be **transferred, by court order**, to the Middle District of Pannsylvania to be able to assist such attorney. Plaintiff is severely prejudiced at this time without these requested court orders.(The trial of a law suit is not a poker game, but a search for the truth)(**Williams v. Florida,** 399 U.S. 78);(While a []trial is not a game in which the participants are expected to enter the ring with a near match in skills, neither is it a sacrifice of unarmed prisoners to gladiators.)(Senior District Judge Charles E. Wynzanski, Jr., sitting by designation in **U.S. v. Twomey,** 510 F.2d 634, 640 (7th Cir. 1975)).

Defendant Terhaar'r interrogatories are 200 questions, plus, in number, well over the allowed 25 as per Fed.R.Civ. Proc. (see "Objections" filed by Plaintiff) and most have nothing to do with the case but ask personal questions about Mr. Ramos' family,are overly broad, burdensome, vexatious, and not reasonably calculated to lead to the discovery of admissible evidence. **See e.g., Mitchell v. Yeutter,** NO. 89-1465, 1993 WL 139218 (D.Kan. Jan 12, 1993)("court held that 184 requests for admission was excessive").

For the reasons stated above, Plaintiff's Complaint against Dr. Terhaar should not be dismissed and the other requested matters should be granted. Plaintiff could not have filed his gievances sooner. Respectfully submitted under penalty of perjury and signed this 22nd day of May in the year 2002. Plaintiff's signature: *M. RAMOS*

2

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing "Petitioner's Response to Defendant's Motion to Dismiss" was sent, postage pre-paid, to each of the Defendant's or their legal represetatives on or about the 22nd day of May, 2002 addressed as follows:

    For Defendant Terhaar:
        Saba, Endler & Associates L.L.P.
        Suite 100 Park Building
        Kingston, PA 18704-5816

    The United States and Margaret Harden, Warden

        FCI Allenwood
        P.O. Box 2500
        White Deer, PA.,
        17887

    Dr. McGlori (FCI Allenwood-above)

    Dr. Maximo R. Velasco

        USP Lewisburg
        R.D. #5
        Lewisburg, PA., 17837

    Dr. Anthony Bussanich (USP Lewisburg-above)

    Bureau of Prisons
    Kathleen Hawk, Director
    Central Office
    320 First Street, N.W.
    Washington, D.C.
    20534

                            Plaintiff's signature: *M. RAMOS*