ORIGINAL

(33)

6-25-02
sc

Manuel Ramos
#37563-053
U.S. Penitentiary
P.O. Box 7000
Florence, CO. 81226
Plaintiff pro se/ pro per

UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MANUEL RAMOS )<br>  Plaintiff )<br> )<br>V. )<br> )<br>Margaret Harden, Warden; )<br>Dr. Peter Terhaar, et al. )<br>  Defendants ) | MJ Smyser<br><br>Case No. 1-CV-00-1957<br><br>FILED<br>HARRISBURG, PA<br><br>JUN 24 2002<br><br>MARY E. D'ANDREA, CLERK<br>Per _____<br>       Deputy Clerk |

BRIEF IN SUPPORT
OF PLAINTIFF'S RESPONSE TO THE GOVERNMENT'S/DEFENDANT'S
MOTION TO DISMISS

    COMES NOW Plaintiff Manuel Ramos, pro se/pro per, to OBJECT to the Government's Motion to Dismiss (the brief of which Ramos received on the Tenth Day of June, 2002). In support thereof Plaintiff states the following.

## BACKGROUND

This claim originated because a guard, whose name authorities refuse to divulge, broke the thumb on Mr. Ramos' hand when putting him in handcuffs on March 26, 1997. Ramos is Five-feet and three inches tall and weighs 138 pounds. The guard was a foot taller and weighed atleast 50 pounds more than Ramos.

Although Ramos cried out in pain each and every day, the guards and staff refused to seek treatment for him. He was not even X-Rayed for two months and then corrective surgery was not attempted for 22 months, almost two years. When authorities finally got Ramos to the hospital his bones were grossly deformed and an experimental surgery was performed to correct the damage. As soon as the doctor opened up the hand he realized that the surgery Ramos had agreed to would be impossible so the doctor experimented without explaining to Ramos the procedure.(Ramos was under anesthetics).

Within a few weeks of surgery Ramos was transferred to U.S. Penitentiary, Lompoc, California. He still had a cast on. Before he left the hospital, doctors told him it would be many months before he regained the use of his hand. After doctors at USP Lompoc removed the cast, Ramos discovered his whole hand was numb and his fingers didn't work right. Doctors there, an orthopedic surgeon and the head doctor of the local hospital both informed Ramos that he would probably never regain the use of his hand but to wait a few more months and hope. Later these doctors told Ramos that the surgery he had was experimental, failed and another would create bigger problems. Now Mr. Ramos is left with a useless hand. He has suffered greatly, while waiting for X-rays, treatment and pain medications and ever since the guard broke his thumb. He seeks punitive as well as compensatory damages.

1

Defendants first assert that Plaintiff's claims should be dismissed because Ramos has failed to exhaust available administrative remedies. Plaintiff has been told from the beginning to be patient and his hand would regain feeling and usefullness. He was denied any treatment, not even an X-Ray for two months ( well past the 20-day deadline to file administrative remedies) and was refused to see a doctor and no one gave him the proper forms (administrative remedies) when he screamed in pain and asked for help. According to Defendant's "Motion to Dismiss", at 4,

> "On May 15, 1999, Ramos filed an administrative tort claim with the Northeast Regional Office seeking compensation for his hand injury. The tort claim was denied on January 7, 2000."

Ramos can neither read, write, nor speak English. As the defendents admit further in their "Motion to Dismiss", at 4, Plaintiff was transferred within a few weeks of surgery to USP Lompoc, Calif. What they fail to mention, and most important to this issue, is that the altercation occured at the Federal Correctional Institution at Allenwood, PA. (FCI Allenwood). When Ramos complained of the treatment he received, or lack thereof, he was transferred, just **five days after his thumb was broke**, to the U.S. Penitentiary. He complained of the broken hand there and was only given Motrin. Then, three (3) months later) he was transferred to the U.S. Penitentiary at Lewisburg, PA (from USP Allenwood). He complained of the pain in his hand there too. An X-Ray was finally made, that showed a small avulsion fracture at the distal first metacarpal. Surgery was reccomended and performed 22 months after the thumb was broken.

As mentioned above, just a few weeks after the surgery the defendants transferred Ramos to still another penitentiary, far

2

## PLAINTIFF'S RESPONSE TO THE QUESTIONS PRESENTED

Defendants present two questions: (1) Should the <u>Bivens</u> action be dismissed based on the statute of limitations, plaintiff's failure to exhaust his administrative remedies, and because defendants are entitled to soverign immunity; and (2) Should the FTCA claim be dismissed based on the statute of limitations and because individual defendants are not proper parties. (Defendant's Motion to Dismiss at 6)

Plaintiff suggests the answers are in the negative.

### 1) This <u>Bivens</u> action is not barred by a statute of limitations.

Palintiff was prevented by defendants from filing administrative remedies, supra.

Plaintiff has been told, since the injury occurred, to wait, to be patient, and his hand would return to normal.

Plaintiff was not made aware of the seriousness of the damage until specialists who saw him, at USP Lompoc, informed Ramos that the surgery he had was a failure, experimental and his hand would <u>never</u> regain feeling nor utility. That occurred on **May 19, 1999**, well within the two-year limitation period to file.(as he did on **July 11, 2000**.)Until that time Ramos believed his hand would return to normal. (See Exhibit "A", Ramos actually filed much earlier.)

Plaintiff invokes jurisdiction also pursuant to 28 U.S.C. § 2680 (h) as he anticipates the government will plead that this claim must be prosecuted pursuant to the Federal Tort Claims Act (FTCA) advocating the position that these defendants acted solely within their official capacities and, therefore, the only proper defendant should be the United States.

However, see **Carlson v. Greene**, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980) wherein the U.S. Supreme Court observed that 28 U.S.C. §2680(h) of the FTCA contemplates that victims of intentional wrongdoing by federal officials shall have a claim under

4

the FTCA against the U.S. as well as a <u>Bivens</u> claim against such officials in their personal capacities. (A <u>Bivens</u> remedy is available to respondent even though the allegations could also support a suit against the United States under the Federal Tort Claim Act) Id at 21.

The following factors also support the conclusion that Congress did not intend to limit Plaintiff to an FTCA action (i) the <u>Bivens</u> remedy, being recoverable against indivuals, is a more effective deterrent than the FTCA remedy against the U.S.; (ii) punitive damages may be awarded in a <u>Bivens</u> suit, but are strictly prohibited in an FTCA suit. (iii) a plaintiff can not opt for a jury trial in an FTCA action as he may [and demands here] in a <u>Bivens</u> suit; and (iv) an action under the FTCA exists only if the State in which the alleged misconduct occurred would permit a cause of action for that misconduct to go forward. Id.

Accordingly, as Plaintiff filed his suit within Pennsylvania's two year limitations period, that this claim may be ripe for the Court of Federal Claims and the six-year statute of limitations there and for the other reasons stated above as well in Plaintiff's other pleadings, the <u>Bivens</u> action should not be dismissed as barred by any statute of limitations as to any of the defendants. The name of the officer who broke his thumb has been withheld by the other defendants from Ramos. The others also acted with a particular malicious intent constituting a deprivation of a liberty interest- a degredation of Ramos' quality of life-- a deprivation of rights and a deliberate indifference to serious medical needs. (Plainly FTCA is not a sufficient protector of the citizen's Constitutional rights and without a clear Congressional mandate we cannot hold that Congress relegated respondent exclusively to the

FTCA remedy.) Carlson, 446 U.S. at 26.

**Ramos Has Failed to Exhaust His Administrative Remedies.**

Plaintiff has asked for help, he has complained that his hand was broken, in terrible pain and complained that no one would do anything for him since day one. Authorities who did such things also failed to give Ramos the necessary forms to file administrative remedies. As stated above, the only form he received was a tort claim. Since the U.S. Supreme Court has recently held that it matters not that "available" remedies must be utilized even if they cannot provide requested relief, Plaintiff prays this Court, if it deems it necessary for this case to proceed, to allow Plaintiff to file all administrative remedies now, knowing in advance that it would be strictly an empty jesture of allowing the Bureau of Prisons to stamp Plaintiff's administrative remedies "Denied...failure to file within 20 days of the incident...and no such remedies available through BOP remedy procedures" first in the prison where he now resides, USP Florence, Colorado, then to appeal that to the North Central Regional Office in Kansas City, Kansas and lastly to appeal that in the Central Office of the BOP in Washington, D.C.. Such would not "conserve judicial resourses" but, if necessary to proceed Plaintiff prays the Court to grant a stay sufficient to accomplish total exhaustion of BOP remedies. It should be noted that, since Plaintiff is now away from those who hurt him and refused him treatment and failed to provide correct forms, his chances of now obtaining the proper forms is greater.

**AT "C", DEFENDANTS CLAIM THAT "DEFENDANTS ARE ENTITLED TO SOVERIGN IMMUNITY."**

Plaintiff is suing officials in both their individual and

their official capacities. As stated supra, "28 U.S.C. §2680(h) of the FTCA contemplates that victims of intentional wrongdoing by federal officials shall have a claim under the FTCA against the United States [a named defendant herein] **as well as a Bivens** claim against such officials in their personal capacities."(emphasis added) (**Carlson v. Greene**,supra.) Therefore, since there remains such matters in dispute, the defendants are not entitled to soverign immunity.

**DEFENDANTS CLAIM THAT RAMOS' TORT CLAIM IS BARRED BY THE STATUTE OF LIMITATIONS IS IN ERROR**

Defendants state, at p 13 of their Motion to Dismiss:

"In this case, the six-month deadline for filing of Ramos' original complaint was **July 7, 2000**. His complaint was **not** filed in the United States District Court for the District of Columbia **until July 11,2000**. Thus, all the allegations and relief sought regarding the FTCA portion of Ramos' Amended Complaint should be dismissed as they are barred by the statute of limitations." (emphasis added).

Defendants have mislead this Court. As Exhibit "A" clearly shows, Ramos wrote the U.S. District Court for the District of Columbia on **June 19, 2000** stating: "Enclosed please find four (4) documents [original and three (3) copies] of Prisoner's Civil Rights Complaint and Attached Statement; copy of Order from this Court dated May 5, 2000; Bureau of Prisons form indicating of transfer of funds; and a postage affixed return addressed envelope." **This was file-stamped "RECEIVED  Jun 21  4:13 PM  '00"**

Also, in Exhibit "A" is a copy of the letter Plaintiff sent dated June 30, 2000 and file-stamped **"RECEIVED Jul 7  2:39PM '00.**

Lastly, also in Exhibit "A" is the first letter Ramos sent the Court

7

Court dated 4-20-2000 which led to the ORDER from the Court, referred to in the letter dated June 19, 2000, wherein Plaintiff "enclosed one original and four copies of the Civil Action Complaint entitled: **Manuel Ramos v. Kathleen Hawk Sawyer, Margaret Harden,** to be filed in the District Court." (emphasis in original).

Accordingly, this shows that Ramos filed his Complaint in April of 2000, it was sent back as per the Court's Order, resubmitted in June and filed more than a month before the deadline.

For the reasons stated herein, the Complaint should not be dismissed against Defendants, Ramos has properly named all Defendants as the United States and individual officers in both their official and individual capacities, sanctions should be levied against these Defendants for misleading this Court such as the Court's refusal to entertain defendant's Motion to Dismiss or grant Plaintiff's Motion for Leave to Exhaust Administrative Remedies or any other this Court deems appropriate.

If this is not found cogent, Plaintiff respectfully requests this court to consider these proceedings a "critical stage" of the proceedings as, inter alia, Plaintiff could lose his case here due to procedural errors and not necessarily on the merits. Therefore, competent counsel should be appointed and given the opportunity to amend or supplement these pleadings.

Ramos is unable to speak, read, or write English and will soon have no one at USP Florence willing to help him. He is proceeding pro se/ pro per and respectfully requests this Court to, as per **Haines v. Kerner**, 404 U.S. 519, construe his pleadings liberally and held to less stringent standard than formal pleadings drafted by lawyers.

Respectfully submitted under penalty of perjury this 16th Day of June, 2002.

## CERTIFICATE OF SERVICE

     I, Manuel Ramos, Plaintiff in Cause No. Civil 1-CV-00-1957, certify that a true and correct copy of the foregoing: "Brief in Support of Plaintiff's Response to the Government's Motion to Dismiss" was mailed, postage prepaid, to each of the Defendants listed below on the __10th__ day of __June__ 2002.

```
Saba, Endler & Associates
(for Defendant Terhaar)
Suite 100
Park Building
400 Third Ave.
Kingston, PA. 18704-5816


Margaret Harden, Warden and
The United States.
FCI Allenwood
P.O. BOX 2500
White Deer, PA. 17887

Dr. McGlori
FCI Allenwood (above)

Dr. Maximo R. Velasco
USP Lewisburg   ............NOTE: All correspondence mailed to this address has
R.D. # 5                          been returned "NO LONGER HERE" and no forward-
Lewisburg, PA. 17837              ing address. Therefore Plaintiff sends all
                                  addressed to Dr. Velasco through the Clerk of
Dr. Anthony Bussanich             this Court.
USP Lewisburg (above)

Bureau of Prisons, Kathleen Hawk, Director
Central Office
320 First Street N.W.
Washington, D.C. 20534
```

                    Plaintiff's signature: _M. RAMOS_

## EXHIBITS

A (1)   FILING OF CIVIL ACTION COMPLAINT   APRIL 20, 2000

   (2)   "ORIGINAL PLUS THREE...Prisoner's Civil Rights Compllaint and Attached Statement..."
          JUNE 19, 2000

   (3)   Letter to Clerk re: payment of &150.00 filing fee and the problems Plaintiff has had getting the necessary documents from authorities, showing they blocked his attempts to file on time.
          June 30, 2000

NOTE: The date stamps were placed on the backs of the documents by the court. They do show through on the originals (available upon request) and Plaintiff has provided photo-copies of them which can be compared to the image that appears on the documents themselves. The dates etc. appear in reverse on the document but are in the same position as the photocopies taken of the backs.

Manuel Ramos #37563-053
U.S. Penitentary, Florence
P.O. Box 7000
Florence, Colorado 81226

Clerk of the Court
United States District Court
For the District of Columbia
333 Constitution Ave., N.W.
Washington, D.C. 20001

4/20/00

RE: FILING OF CIVIL ACTION COMPLAINT, AND FILING FEE.

Dear Sir, or Ma'am:

  I am enclosing one original and four copies of the Civil Action Complaint entitled **Manuel Ramos v. Kathleen Hawk Sawyer, Margret Harden**, to be filed in the District Court.

  Regarding the filing fee, I will not be proceeding in forma pauperis; I will be paying the filing fee in its entirety. As soon as the prison officials clear the funds from my trust account to be sent to the court, you will receive the filing fee.

  Also, I would like to receive a filed copy of the Civil Action Complaint, as soon as you receive the filing fee, and the complaint is processed.

  Thank you for your time.

                                              Sincerely,

                                              Manuel Ramos

                    M A N U E L   R A M O S
                Registration Number 37563-053
                        U.S.M.C.F.P.
                        P.O. Box 4000
                Springfield, Missouri 65801-4000

                        June 19, 2000

Office of the Clerk
U.S. District Court
District of Columbia
333 Constitution Avenue, NW
Washington, DC 20001

        Re:  Ramos v. Hawk-Sawyer
             Initial Filing

Dear Clerk;

    Enclosed find four (4) documents [original and three (3) copies] of Prisoner's Civil Rights Complaint and Attached Statement; copy of Order from this Court dated May 5, 2000; Bureau of Prison's form indicating transfer of funds; and a postage affixed return addressed envelope.

    Initially, I submitted the above-referenced complaint April 24, 2000. At that time, I was incarcerated at the United States Penitentary in Florence, Colorado. Evident from the caption above, I am now housed at the Medical Center in Springfield, Missouri.

    In my original cover letter, I did not clearly explain the manner in which I would satisfy the required filing fee. I will not be proceeding in forma pauperis in this action. On the same date of this complaint's submission, I also made the necessary arrangements for transfer of $ 150.00 from my prison trust fund account to the Court. I have included the receipt as verification. The negotiable funds should arrive in approximately 2-3 weeks.

    The enclosed May 9, 2000 Order indicates that my complaint was rejected for failure to include a completed and originally signed forma pauperis application. My reading of Title 28 U.S.C. § 1915 is that an application to proceed in forma pauperis is not required when the filing fee is initially paid in its entirety. Therefore, I do not enclose an application to proceed in forma pauperis; only verification that I have transferred funds for payment in full.

    I respectfully request that procedures are undertaken to initiate a docket in this matter, include the enclosed pleading on that civil docket, and to place the same before the Court for consideration. Also, please return a stamped filed copy as verification of your receipt.

                        page (1) of (2)

    Your patience, professionalism, and prompt attention will be appreciated. I offer my thanks in advance.

                          Yours very truly,

                          M. RAMOS
                          Manuel Ramos

cc: file
encl./7
mr

RECEIVED
JUN 21  4 13 PM '00
N. MAYER WHITTINGTON
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA
2000 JUL 20 PM 3: 34
NANCY MAYER-WHITTINGTON
CLERK

RECEIVED
2000 AUG 1  5 10 PM '00
NANCY MAYER-WHITTINGTON
CLERK
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

Ramos Manuel
Register No. 37563-053
USP Florence/High
P.O. Box 7000
Florence, Colorado 81226


C/O Clerk of the Court
United States District Court
For the District of Columbia
Chamber of the Judge Gladiss Kessler
333 Constitution Ave., N.W.
Washington, D.C. 20001

June 30, 2000

RE:  Civil Complaint No._____
     Ramos Manuel v. Kathleen Hawk Sawyer, Dir. of Bureau of
                     Prisons, Margret Harden, Warden F.C.I.
                     Allenwood.


Dear Sir/Madam:

The Court ordered the Plaintiff in this matter to pay $150.00 filing fee. The Plaintiff has attempted to comply with the Court's order by filling out the B.O.P.'s form-24 for inmates authorizing the accounting office to deduct the $150.00 from his account and forward that amount to the Clerk of the Court.

For some unexplained reason, the officials at this institution has refused to comply with the Plaintiff's request that the above amount be deducted from his account and forwarded to the Court.

The facts are these: Plaintiff was transferred to Springfield, Missouri on 5/23/2000 for medical treatment. While at Springfield, on 6/18/2000, the Plaintiff filled out form-24 authorizing the institution's accounting office to deduct the $150.00 from his account and forward that amount to the Clerk of the Court. Said form-24 was issued by Mr. Rick McDonald, who was/is the immediate Counselor at the medical hospital at Missouri. The accounting office refused to comply.

On 6/23/200, the Plaintiff was transferred back to USP Florence where, again, he filled out a form-24 authorizing the accounting office to deduct the $150.00 filing fee from his account and forward to the Court. And, again, the accounting office at this institution has refused to comply, since said Court fee is essential so that I can proceed with my claim.

Plaintiff is deeply concerned because, in accordance with Courts rules, there is a time limitation in which he has to comply with the

order. The Plaintiff spoke with Mr. Negron, a Unit Counselor regarding this matter and the counselor assured gave him another form-24 to sign and assured him that the fee would be deducted from his account but was advised that the procedures take time; up to sixty (6) days.

Thus, plaintiff respectfully requests that this Honorable Court grant him an extension of sixty (60) days to comply with the Court's order for a filing fee, as the delay is due to circumstances totally beyond plaintiff's control.

Thank you for your assistance, time and consideration.

Dated: JUNE 30, 2000

                              Sincerely submitted,

                              *MANUEL RAMOS*
                              Ramos Manuel
                              Reg. No. 37563-053



RECEIVED Aug 7 2 31 PM '00 N. MAYER WHITTINGTON U.S. DISTRICT COURT DISTRICT OF COLUMBIA

RECEIVED Jul 7 2 39 PM '00 N. MAYER WHITTINGTON U.S. DISTRICT COURT DISTRICT OF COLUMBIA