cc: J Kane; M J Smyser; Mr. Ramos;
Attys Haggerty, Saba & Endler
R+R Tickler

(38)
op 7/19/02

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MANUEL RAMOS,                        : CIVIL NO: 1:CV-00-1957
                                     :
              Plaintiff,             :
                                     : (Judge Kane)
         v.                          :
                                     : (Magistrate Judge Smyser)
MARGARET HARDEN,                     :
DR. MCGLORI,                         :
DR. MAXIMO R. VELASCO, JR.,          :
DR. ANTHONY BUSSANICH, and           :               **FILED**
DR. PETER J. TERHAAR,                :           HARRISBURG, PA
                                     :
              Defendants             :               JUL 1 9 2002
                                     :
                                         MARY E. D'ANDREA, CLERK
                                         Per_____
                                                  Deputy Clerk

**REPORT AND RECOMMENDATION**


     The plaintiff, a federal prisoner proceeding *pro se*,

commenced this action by filing a complaint in the United

States District Court for the District of Columbia.  The

plaintiff paid the $150.00 filing fee to commence this action.


     In his complaint, the plaintiff alleged that on March

25, 1997, while confined at the Allenwood Federal Correctional

Institution in White Deer, Pennsylvania, a correctional officer

fractured his right thumb.  The plaintiff alleged that he filed

an administrative claim which was denied.  The complaint named

as defendants: Kathleen Hawk Sawyer, Director of the Bureau of

Prisons; and Margaret Harden, Warden of the Allenwood Federal

Correctional Institution.

By an Order dated September 18, 2000, Judge Richard W.

Roberts of the United States District Court for the District of

Columbia construed the plaintiff's complaint as a *Bivens*[1] claim

and as a claim under the Federal Tort Claims Act.[2]  Judge

Roberts dismissed with prejudice the claim against defendant

Kathleen Hawk Sawyer and he ordered that the case be

transferred to this court.  The Clerk of this Court received

the case file on November 1, 2000.

On November 8, 2000, the plaintiff filed a motion for

an extension of time to amend his complaint.  The plaintiff

sought thirty days to amend his complaint to include additional

defendants and to "bring his Civil action in proper form."

---

1.  *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

2.  28 U.S.C. §§ 1346, 2671 *et seq.*

2

On November 13, 2000, the plaintiff filed a document with the court containing several titles including "Complaint," "Motion to Submit Amended Memorandum of Law in Support of Civil Rights Complaint under Bivens v. Six Unknown Agents, 403 US 388 (1971); 28 USC ¶¶ 1331, 1391(a)(b) and Federal Tort Claims Act, 28 USC §§ 1346(b), 2671-80," and "Amended Memorandum of Law in Support of Civil Rights Complaint under Bivens v. Six Unknown Agents, 403 US 388 (1971); 28 USC ¶¶ 1331, 1391(a)(b) and Federal Tort Claims Act, 28 USC §§ 1346(b), 2671-80."

By an Order dated November 15, 2000, we reviewed the complaint and concluded that the complaint failed to state a *Bivens* claim against defendant Harden because the plaintiff had not alleged that defendant Harden actually participated or had actual knowledge of and acquiesced in the events forming the basis of his claim. We further concluded that the complaint failed to state a claim under the Federal Tort Claims Act against defendant Harden because the only proper defendant in a Federal Torts Claim Act case is the United States. The Order

3

AO 72A
(Rev 8/82)

of November 15, 2000 also granted the plaintiff's motion for an extension of time to file an amended complaint and ordered the plaintiff to file an amended complaint within thirty days.  We warned the plaintiff that if he fails to file an amended complaint, we would recommend that this action be dismissed for failure to state a claim upon which relief can be granted.

After the Order of November 15, 2000, the plaintiff did not file an amended complaint.

In a Report and Recommendation dated December 21, 2000, we recommended that the complaint be dismissed pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e for failure to state a claim upon which relief may be granted.  At the time we issued the Order of November 15, 2000 and the Report and Recommendation of December 21, 2000, the document filed by the plaintiff on November 13, 2000 was not in the file.

By an Order dated January 25, 2001, Judge Kane adopted our Report and Recommendation and dismissed the complaint.  The

4

plaintiff appealed that order to the United States Court of Appeals for the Third Circuit.  By an Order dated December 20, 2001 the Third Circuit vacated the order of January 26, 2001 dismissing the plaintiff's complaint and remanded the case to the district court.  The Third Circuit directed that the court consider the document filed by the plaintiff on November 13, 2000 as an amended complaint.

The plaintiff alleges the following facts in his amended complaint.

On March 26, 1997, the plaintiff was involved in an alteration with another inmate at the Allenwood Federal Correctional Institution (FCI-Allenwood).  The officer who subdued and handcuffed the plaintiff used unreasonable and excessive force and broke the plaintiff's thumb.

The plaintiff complained to medical staff about severe pain and swelling.  The defendants only prescribed Motrin. Defendant McGlori informed the plaintiff that he would order an

5

x-ray of the plaintiff's injured hand.  However, an x-ray was not taken of the hand until December 4, 1997.   In the meantime, on May 21, 1997, the plaintiff was transferred from FCI-Allenwood to the United States Penitentiary at Allenwood (USP-Allenwood).  The plaintiff continued to complain of pain only to be told to take Motrin.  The plaintiff complained that Motrin upset his stomach.

On November 19, 1997, the plaintiff was transferred from USP-Allenwood to the United States Penitentiary at Lewisburg (USP-Lewisburg).  The plaintiff continued to complain of pain.  On December 4, 1997 an x-ray was taken which revealed a small avulsion fracture at the distal first metacarpal.  On February 9, 1998, surgical repair of the tendon in the plaintiff's hand was recommended.   The plaintiff continued to complain of severe pain in his right hand and thumb.   On January 7, 1999, defendant Terhaar, a consulting surgeon, performed surgery on the plaintiff's thumb.  Throughout January and February of 1999, the plaintiff complained of severe pain in his right hand and wrist.

6

AO 72A
(Rev 8/82)

On February 22, 1999, the plaintiff was transferred from USP-Lewisburg to the United States Penitentiary at Lompoc, California (USP-Lompoc).  The plaintiff continued to complain of severe pain in his right hand and wrist.

On March 15, 1999, the plaintiff filed an administrative tort claim.

On May 19, 1999, the plaintiff was told by a consulting doctor that he had carpal tunnel syndrom and medial nerve entrapment.  The consulting doctor told the plaintiff that the surgery that was performed by defendant Terhaar was experimental and should not have been done.  The plaintiff continued to complain of severe pain in his right hand and wrist.

On October 7, 1999, the plaintiff was transferred from USP-Lompoc to the United States Penitentiary at Florence, Colorado (USP-Florence).  While at USP-Florence, the plaintiff was seen by a consulting doctor who also diagnosed the

7

plaintiff with carpal tunnel syndrome.  This consulting doctor recommended surgery but the plaintiff declined the surgery out of fear caused by the past experimental surgery performed on him.

The plaintiff's administrative tort claim was denied on January 7, 2000.

On May 23, 2000, the plaintiff was transferred to the Medical Center for Federal Prisoners in Springfield, Missouri. The plaintiff was again diagnosed with carpal tunnel syndrome and median nerve entrapment.  Surgery was again recommended and the plaintiff again declined surgery out of fear.

On June 15, 2000, the plaintiff was returned to USP-Florence where he remains incarcerated.

The plaintiff claims that defendant Harden, the Warden at FCI-Allenwood, failed to investigate the acts of the officer who broke his hand and failed to turn over the officer's name

AO 72A
(Rev 8/82)

or the accident report on the incident.  The plaintiff further claims that defendant Harden failed to ensure that he be given adequate medical care.

The plaintiff claims that doctor McGlori, a doctor at FCI-Allenwood, is liable for deliberate indifference to his serious medical needs.  He alleges that defendant McGlori did not adequately treat his hand, did not complete the necessary x-ray and did not ensure that he received surgery in time to prevent the tendon in his hand from becoming atrophied.

The plaintiff claims that defendants Velasco and Bussanich, doctors at USP-Lewisburg, are also liable for deliberate indifference to his serious medical needs.  He alleges that they failed to adequately treat his hand injury and waited many months before scheduling him for surgery, a surgery which turned out to be unsuccessful and caused him to lose the normal use of his hand.

9

The plaintiff claims that defendant Terhaar showed deliberate indifference to his serious medical needs by performing an experimental surgery (which the plaintiff calls a "monkey experiment") on his right hand.  The plaintiff also alleges that defendant Terhaar did not inform him that the surgery was experimental and was negligent in performing the surgery.  The plaintiff alleges that as a result of defendant Terhaar's malpractice he lost the normal use of his right hand, has permanent numbness and is now fearful of all Bureau of Prisons doctors.

The plaintiff is seeking compensatory and punitive damages as well as injunctive relief.

By an Order dated February 20, 2002, Judge Kane remanded the case to the undersigned for further consideration.

By an Order dated February 28, 2002, we directed the Clerk of Court serve the amended complaint on the defendants.

AO 72A
(Rev 8/82)

The document filed by the plaintiff on November 13, 2000 also contained a motion for the appointment of counsel. The Order of February 28, 2002 denied the plaintiff's motion for the appointment of counsel.

On May 20, 2002, defendant Terhaar filed a motion to dismiss the amended complaint and a brief in support of that motion. Also on May 20, 2002, defendants Harden, McGlori, Velasco and Bussanich filed a motion to dismiss the amended complaint. On June 4, 2002, defendants Harden, McGlori, Velasco and Bussanich filed a brief in support of their motion to dismiss. On June 7, 2002, the plaintiff filed a brief in opposition to the motion to dismiss filed by defendant Terhaar, and on June 24, 2002, the plaintiff filed a brief in opposition to the motion to dismiss filed by defendants Harden, McGlori, Velasco and Bussanich. No reply briefs have been filed.

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint; the court must decide whether, even if the plaintiff were able

11

AO 72A
(Rev 8/82)

to prove all of his allegations, he would be unable to prevail. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  In a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the burden is on the moving party to show that there is no actionable claim.  *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980).  When evaluating a motion to dismiss, the court must accept all material allegations of the complaint as true and draw all inferences in the light most favorable to the plaintiff.  *Pennsylvania House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991).  However, "conclusory allegations of law, unsupported conclusions and unwarranted inferences need not be accepted as true." *Id.* at 449-50.  A complaint should not be dismissed for failure to state a claim upon which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957); *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir. 1988).

AO 72A
(Rev 8/82)

Defendants Harden, McGlori, Velasco and Bussanich contend that the plaintiff's *Bivens* claims against them in their official capacities are barred by sovereign immunity.

"It is well settled that the United States and its employees, sued in their official capacities, are immune from suit, unless sovereign immunity has been waived." *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989). The United States has not waived its sovereign immunity with respect to constitutional claims. *Kline v. Republic of El Salvador*, 603 F. Supp. 1313, 1317 (D.C. 1985); *Laswell v. Brown*, 683 F.2d 261, 268 (8th Cir. 1982)("Bivens and its progeny do not waive sovereign immunity for actions against the United States."). Accordingly, the plaintiff's claims against the defendants in their official capacities should be dismissed. What remains are the claims against the defendants in their individual capacities.

13

All of the defendants contend that the amended complaint should be dismissed because the plaintiff has not exhausted administrative remedies.

42 U.S.C. § 1997e(a), provides:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Pursuant to § 1997e(a), the exhaustion of available administrative remedies is mandatory. *Booth v. Churner*, 121 S.Ct. 1819, 1825 (2001). Failure to exhaust available administrative remedies is an affirmative defense. *Ray v. Kertes*, 285 F.3d 287 (3d Cir. 2002).

Defendant Terhaar argues that the amended complaint should be dismissed because the plaintiff has failed to allege that he exhausted administrative remedies. However, because failure to exhaust administrative remedies is an affirmative defense, a prisoner-plaintiff is not required to plead that he

14

has exhausted administrative remedies.  Rather, the burden is

on the defendants to plead and prove that the prisoner-

plaintiff has failed to exhaust administrative remedies.


Defendants Harden, McGlori, Velasco and Bussanich argue

that the court should dismiss the amended complaint pursuant to

42 U.S.C. § 1997e(a) because the plaintiff concedes that he has

not exhausted administrative remedies.  They point to the

original complaint filed by the plaintiff in which the

plaintiff alleges that he exhausted available administrative

remedies, but in response to a direction to explain further

alleges: "Per McCarthy v. Madigan, 503 U.S. __, 117 L.Ed.2d

291, Federal Prisoner held not required to exhaust B.O.P.

internal grievance procedure before initiating Bivens action

solely for money damages."  *Complaint* at Section E ¶3.


The plaintiff's allegations seem contradictory - the

plaintiff alleges that he exhausted available administrative

remedies but then he makes an allegation which can reasonably

be construed to indicate that he did not pursue administrative

15

remedies because he believed (mistakenly) that he need not do so in an action seeking only monetary damages.  Because when deciding a motion to dismiss we must accept all factual allegations as true and we must draw all inferences in the light most favorable to the plaintiff, we must accept as true the plaintiff's allegation that he did exhaust available administrative remedies.  Moreover, in his brief, the plaintiff states that he was denied forms to file grievances.  If the plaintiff can establish that he was denied proper forms, a reasonable factfinder could conclude that there were no administrative remedies *available* to the plaintiff.

It will be recommended that the defendants' motions to dismiss based on the plaintiff's asserted failure to exhaust administrative remedies be denied.  The defendants may file a motion for summary judgment properly raising the affirmative defense of failure to exhaust administrative remedies.

On June 13, 2002, the plaintiff filed a document entitled "Plaintiff's Motion to Stay/Leave of Court to Exhaust

16

AO 72A
(Rev 8/82)

Administrative Remedies." In this document, the plaintiff requests an extension of time to allow him to file requests for administrative remedies. In this document, the plaintiff states that he was denied administrative remedy forms for five months after his thumb was broken. It is recommended that the plaintiff's motion for a stay or an extension of time to file administrative remedies be denied. 42 U.S.C. § 1997e(a) requires that available administrative remedies be exhausted prior to the filing of suit. If there were in fact administrative remedies available to the plaintiff which he did not exhaust prior to filing this action, the defendants have an affirmative defense to this action and this action should be dismissed. Granting a stay or an extension of time to the plaintiff at this point to attempt to exhaust administrative remedies is not appropriate.

Defendant Terhaar contends that the amended complaint fails to state against him an Eighth Amendment claim upon which relief may be granted.

17

In order for the plaintiff to establish an Eighth
Amendment medical claim he must establish that the defendants
acted with deliberate indifference to his serious medical
needs. *Estelle v. Gamble*, 429 U.S. 97 (1976).

The concept of serious medical need has two components,
one relating to the consequences of a failure to treat and the
other relating to the obviousness of those consequences.
*Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir.
1991). The condition must be such that a failure to treat can
be expected to lead to substantial and unnecessary suffering,
injury or death. *Id.* Also, the condition must be one that has
been diagnosed by a doctor as requiring treatment or one that
is so obvious that a lay person would easily recognize the need
for a doctor's attention. *Id.*

Mere medical malpractice does not give rise to a
violation of the Eighth Amendment. *White v. Napoleon*, 897 F.2d
103, 108 (3d Cir. 1990). "While the distinction between
deliberate indifference and malpractice can be subtle, it is

18

AO 72A
(Rev 8/82)

well established that as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990).  The Third Circuit has "found 'deliberate indifference' in a variety of circumstances, including where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).  The Third Circuit has also "found 'deliberate indifference' to exist when the prison official persists in a particular course of treatment 'in the face of resultant pain and risk of permanent injury.'" *Id.* (quoting *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990)).

We agree with defendant Terhaar that the amended complaint fails to state an Eighth Amendment medical claim against him.  Although the plaintiff alleges that the surgery

19

AO 72A

performed on him was experimental, the plaintiff has not

alleged that defendant Terhaar did not exercise his

professional judgment in deciding to perform that surgery.

Further, that fact that another doctor subsequently told the

plaintiff that the surgery should not have been performed does

not raise an inference that defendant Terhaar was deliberately

indifferent to the plaintiff's serious medical needs. *White,*

*supra,* 897 F.2d at 110 ("no claim is stated when a *doctor*

disagrees with the professional judgment of another doctor.").


        It will be recommended that the Eighth Amendment claim

against defendant Terhaar be dismissed.[3]

_____

3.  We note that the plaintiff's amended complaint may be
construed to raise state law malpractice and lack of informed
consent claims as well as possibly a substantive due process
claim based on the alleged failure to inform the plaintiff that
the surgery was experimental. *White v. Napoleon,* 897 F.2d 103,
109 (3d Cir. 1990)("We hold that convicted prisoners . . .
retain a limited right to refuse treatment and a related right
to be informed of the proposed treatment and viable
alternatives. . . . Prisoner's have a right to such information
as is reasonably necessary to make an informed decision to
accept or reject proposed treatment, as well as a reasonable
explanation of the viable alternative treatments that can be
made available in a prison setting."). Defendant Terhaar has
not addressed any of these claims in his motion to dismiss.

20

Defendants Harden, McGlori, Velasco and Bussanich contend that the plaintiff's *Bivens* claims against them should be dismissed because they are barred by the statute of limitations.

The statute of limitations is an affirmative defense and the burden of establishing its applicability rests with the defendants. *Bradford-White Corp. v. Ernst & Whinney*, 872 F.2d 1153, 1161 (3d Cir. 1989)*, cert. denied*, 493 U.S. 993 (1989). A motion to dismiss may only be granted on the basis of the statute of limitations if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Bethel v. Jendoco Construction Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978); 5A Wright & Miller, *Federal Practice and Procedure* §1368 (2d ed. 1990)("If the affirmative defense clearly is established in the pleadings, as, for example, when a statute of limitations defense is apparent on the face of the complaint and no

21

question of fact exists, then a judgment on the pleadings may be appropriate.").

The statute of limitations applicable to a *Bivens* claim is the state statute of limitations for personal injury claims. *Napier v. Thirty of More Unidentified Federal Agents*, 855 F.2d 1080, 1087-88 n.3 (3d Cir. 1988). In Pennsylvania, the applicable statute is 42 Pa.C.S. § 5524(2), which defines a two year limitations period. *See Fitzgerald v. Larson*, 769 F.2d 160, 162 (3d Cir. 1985). The limitations period begins to run when the plaintiff knows or has reason to know of the injury that constitutes the basis for the action. *Sandutch v. Muroski*, 684 F.2d 252, 254 (3d Cir. 1982)(per curiam).

From the face of the amended complaint it is clear that the plaintiff's *Bivens* claims against defendants Harden and McGlori are barred by the statute of limitations. The plaintiff's claims against defendant Harden concern the incident involving his thumb and the lack of medical care that he received while at FCI-Allenwood. The plaintiff's claim

22

against defendant McGlori concerns the lack of medical care that he received while at FCI-Allenwood. The plaintiff was transferred from FCI-Allenwood on May 21, 1997. The plaintiff was aware of his injures while he was housed at FCI-Allenwood. Accordingly, the plaintiff's claims against defendants Harden and McGlori, which were brought more than two years after May 21, 1997, are barred by the statute of limitations.

It is not clear from the face of the amended complaint that the plaintiff's *Bivens* claims against defendants Velasco and Bussanich are barred by the statute of limitations. Defendants Velasco and Bussanich are doctors at USP-Lewisburg and the plaintiff's claims against them concern the lack of medical care he received during the time he was incarcerated at USP-Lewisburg. The plaintiff was housed at USP-Lewisburg from November 19, 1997 to February 22, 1999. The plaintiff alleges that he complained of pain throughout his stay at USP-Lewisburg. At least part of the time that the plaintiff was incarcerated at USP-Lewisburg is within the two year statute of limitations period. We can not say as a matter of law at this

23

point that the plaintiff's *Bivens* claims against defendants Velasco and Bussanich are barred by the statute of limitations.

Finally, we address the plaintiff's Federal Tort Claims Act (FTCA) claim.

The FTCA provides, in relevant part, that the "United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.   A person may sue under the FTCA to recover damages from the United States for personal injuries sustained during confinement in a federal prison by reason of the negligence of a government employee. *United States v. Muniz*, 374 U.S. 150 (1963).

Defendants Harden, McGlori, Velasco and Bussanich contend that the plaintiff's FTCA claim is barred by the statute of limitations.

24

28 U.S.C. § 2401(b) provides:

> A tort claim against the United States
> shall be forever barred unless it is presented
> in writing to the appropriate Federal agency
> within two years after such claim accrues or
> unless action is begun within six months after
> the date of mailing, by certified or registered
> mail, of notice of final denial of the claim by
> the agency to which it was presented.

Although phrased in the disjunctive, 28 U.S.C.

§ 2401(b) has been construed to require a claimant to file an

administrative claim within two years *and* to file suit within

six months of the mailing of the denial of the administrative

claim. *See Houston v. U.S. Postal Service*, 823 F.2d 896, 902

(5th Cir. 1987), *cert. denied*, 485 U.S. 1006 (1988); *Willis v.*

*United States*, 719 F.2d 608, 612 (2d Cir. 1983); *Schuler v.*

*United States*, 628 F.2d 199, 201 (D.C.Cir. 1980)(per curiam).

Defendants Harden, McGlori, Velasco and Bussanich

contend that the plaintiff commenced this action more than six

months after the final denial of his administrative tort claim

on January 7, 2000.

25

For statute of limitations purposes, a complaint is deemed to have been constructively filed as of the date that the clerk received the complaint - as long as the plaintiff ultimately pays the filing fee or the district court grants the plaintiff leave to proceed *in forma pauperis*. *McDowell v. Delaware State Police*, 88 F.3d 188, 191 (3d Cir. 1996)(holding that complaint was constructively and timely filed on the date that the clerk received the plaintiff's complaint even though the plaintiff did not file a request to proceed *in forma pauperis* until almost fourteen months after he had submitted his complaint). "[O]nce the filing fee requirement is satisfied (either through remittance of the filing fee or the district courts' grant of the plaintiff's IFP application), the filing date will relate back to the date on which the clerk received plaintiff's papers." *Id.*

The original complaint in this case was not docketed and filed by the Clerk of the United States District Court for the District of Columbia until July 11, 2000, the date that the court received the filing fee from the plaintiff. However, the

26

plaintiff has presented evidence that he sent the complaint to the court for filing in April and again in June of 2000, which would make the complaint timely. *See Doc. 33 Exhibits*.  It will be recommended that the plaintiff's FTCA claim not be dismissed on statute of limitations grounds.

We agree with the defendants that the only proper defendant in a Federal Tort Claims Act case is the United States.  *See* 28 U.S.C. § 2679; *Kennedy v. United States Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998)("the United States is the only proper party defendant in an FTCA action").  Thus, it will be recommended that the FTCA claim against the individual defendants be dismissed and that the United States be substituted as the proper defendant.

We had previously denied the plaintiff's requests for the appointment of counsel.  However, since we recommend that some of the plaintiff's claims survive the motions to dismiss, we have reconsidered those denials and by a separate order

27

filed this date have conditionally granted the plaintiff's request for the appointment of counsel.

Based on the foregoing, it is recommended that the defendants' motions (docs. 20 & 22) to dismiss the amended complaint be granted in part and denied in part. More specifically, it is recommended that: the *Bivens* claims against the defendants in their official capacities be dismissed because those claims are barred by the sovereign immunity of the United States; the amended complaint not be dismissed at this time based on the plaintiff's failure to exhaust administrative remedies; the plaintiff's motion (doc. 28) for a stay or extension of time to exhaust administrative remedies be denied; the *Bivens* claims against defendants Harden and McGlori be dismissed because they are barred by the statute of limitations; the *Bivens* claims against the other defendants not be dismissed on the basis of the statute of limitations; the plaintiff's FTCA claim not be dismissed on statute of limitations grounds; and the FTCA claim against the individual defendants be dismissed. It is further recommended that the

28

United States be substituted as the proper FTCA defendant.
Finally, it is recommended that the case be remanded to the
undersigned for further proceedings.

J. Andrew Smyser
Magistrate Judge

DATED: July 19, 2002.

29

AO 72A
(Rev 8/82)

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MANUEL RAMOS,                         : CIVIL NO: 1:CV-00-1957
                                      :
              Plaintiff,              :
                                      : (Judge Kane)
       v.                             :
                                      : (Magistrate Judge Smyser)
MARGARET HARDEN,                      :
DR. MCGLORI,                          :
DR. MAXIMO R. VELASCO, JR.,           :
DR. ANTHONY BUSSANICH, and            :          **FILED**
DR. PETER J. TERHAAR,                 :        HARRISBURG, PA
                                      :
              Defendants              :          JUL 1 9 2002

                              **NOTICE**      MARY E. D'ANDREA, CLERK
                                              Per _____
                                                      Deputy Clerk

       Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3 of the Rules of Court, M.D.Pa., which provides:

       Any party may object to a magistrate judge's proposed findings, recommendations
       or report addressing a motion or matter described in 28 U.S.C. §636(b)(1)(B) or
       making a recommendation for the disposition of a prisoner case or a habeas corpus
       petition **within ten (10) days** after being served with a copy thereof.  Such party
       shall file with the clerk of court, and serve on the magistrate judge and all parties,
       written objections which shall specifically identify the portions of the proposed
       findings, recommendations or report to which objection is made and the basis for
       such objections.  The briefing requirements set forth in Local Rule 72.2 shall
       apply.  A judge shall make a de novo determination of those portions of the report
       or specified proposed findings or recommendations to which objection is made and
       may accept, reject, or modify, in whole or in part, the findings or recommendations
       made by the magistrate judge.  The judge, however, need conduct a new hearing
       only in his or her discretion or where required by law, and may consider the record
       developed before the magistrate judge, making his or her own determination on the
       basis of that record.  The judge may also receive further evidence, recall witnesses
       or recommit the matter to the magistrate judge with instructions.

                                              _____
                                              J. Andrew Smyser
                                              Magistrate Judge

Dated: July 19, 2002.