IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MANUEL RAMOS, | No. 1:CV-00-1957 |
| Plaintiff | (Judge Jones) |
| v. | |
| MARGARET HARDEN, DR. MCGLORI, DR. MAXIMO R. VELASCO, JR., DR. ANTHONY BUSSANICH, and DR. PETER J. TERHAAR, | FILED<br>WILLIAMSPORT, PA<br>SEP 2 6 2002<br>MARY E. D'ANDREA, CLERK<br>Per_____<br>DEPUTY CLERK |
| Defendants. | |

ORDER

September 26, 2002

**BACKGROUND:**

Manuel Ramos, a federal prisoner currently incarcerated at the United States Penitentiary at Florence, Colorado ("USP - Florence")[1], commenced this action by filing a Complaint in the United States District Court for the District of Columbia on July 11, 2000. Plaintiff's original Complaint named Kathleen Hawk Sawyer, the Director of the Bureau of Prisons, and Margaret Harden, Warden of the

---

[1] Plaintiff was confined at the Allenwood Federal Correctional Institution from September 26, 1995 until May 21, 1997. He was then transferred to the United States Penitentiary at Allenwood, and remained there until November 10, 1997, when he was transferred to the United States Penitentiary at Lewisburg. On February 22, 1999, Plaintiff was transferred to USP-Florence.

1

Allenwood Federal Correctional Institution, as defendants.

By an Order dated September 18, 2000, Judge Richard W. Roberts construed the Complaint as a *Bivens*[2] claim and as a claim under the Federal Tort Claims Act[3]. Judge Roberts dismissed the claims against then-Defendant Hawk Sawyer with prejudice and ordered that the case be transferred to this District Court of the Middle District of Pennsylvania.

On November 8, 2000, Plaintiff filed a motion to extend time to amend his Complaint. On November 13, 2000, Plaintiff filed a document with the court including a document entitled "Amended Memorandum of Law In Support of Civil Rights Complaint Under Bivens v. Six Unknown Agents, 403 US 338 (1971); 28 USC ¶¶1331, 1391(a)(b) and Federal Tort Claims Act, 28 USC §§1346(b), 2671,80."

In an Order dated November 15, 2000, Magistrate Judge Andrew Smyser found that Plaintiff's Complaint failed to state either a *Bivens* claim or a claim under the Federal Tort Claims Act against Defendant Harden ("Harden"). However, the Magistrate Judge did granted Plaintiff's motion to extend time to file an amended complaint.

---

[2] See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

[3] 28 U.S.C. §§1346, 2671 *et seq*.

2

Despite this ruling however, Plaintiff never filed an amended complaint.

In his December 21, 2000 Report and Recommendation, Magistrate Judge Smyser recommended that the Complaint be dismissed for failure to state a claim upon which relief may be granted. Judge Yvette Kane adopted the Report and Recommendation by an Order dated January 25, 2001. Plaintiff appealed Judge Kane's ruling, and the Third Circuit eventually vacated that Order and remanded the case to the district court. The Third Circuit directed that the district court consider the document filed by Plaintiff on November 13, 2000 to be the Amended Complaint.

In his Amended Complaint, Plaintiff seeks compensatory and punitive damages as well as injunctive relief for injuries he allegedly sustained after an altercation with a corrections officer on March 25, 1997, while he was incarcerated at the Allenwood Federal Correctional Institution ("FCI-Allenwood") in White Deer, Pennsylvania. More specifically, Plaintiff alleges that Harden failed to investigate the corrections officer who broke his hand and failed to ensure that Plaintiff received adequate medical treatment; that Defendant McGlori ("McGlori"), a doctor at FCI-Allenwood,, was deliberately indifferent to Plaintiff's serious medical needs in that he did not adequately treat his hand by failing to complete x-rays and by failing to get Plaintiff to surgery on time; that

Defendants Velasco ("Velasco") and Bussanich ("Bussanich"), doctors at the United States Penitentiary at Lewisburg ("USP-Lewisburg"), were deliberately indifferent to Plaintiff's serious medical needs in that they failed to adequately treat his hand by waiting too long before scheduling the surgery which resulted in Plaintiff's loss of the normal use of his right hand; and that Defendant Terhaar ("Terhaar"), also a doctor at USP-Lewisburg, was deliberately indifferent to Plaintiff's serious medical needs in that he negligently performed a surgery on Plaintiff's hand without informing Plaintiff that it was experimental, and that as a result of Terhaar's malpractice Plaintiff has permanent numbness in his hand and is now fearful of all Bureau of Prisons Doctors.

On May 20, 2002, all defendants filed motions to dismiss Plaintiff's Amended Complaint.

On July 19, 2002, Magistrate Judge Smyser issued a Report and Recommendation in which he recommends that Defendants' Motions to Dismiss the Amended Complaint be granted in part and denied in part. More specifically, the Magistrate Judge recommends:

> [T]he *Bivens* claims against the defendants in their official capacities be dismissed because those claims are barred by the sovereign immunity of the United States; the amended complaint not be dismissed at this time based on the plaintiff's failure to exhaust administrative remedies; the plaintiff's motion... for a stay or

>extension of time to exhaust administrative remedies be denied; the *Bivens* claims against defendants Harden and McGlori be dismissed because they are barred by the statute of limitations; the *Bivens* claims against the other defendants not be dismissed on the basis of the statute of limitations; the plaintiff's FTCA claim not be dismissed on statue of limitations grounds; and the FTCA claim against the individual defendants be dismissed. It is further recommended that the Untied States be substituted as the proper FTCA defendant,... and that the case be remanded to [Magistrate Judge Smyser] for further proceedings.

Report and Recommendation, July 19, 2002, at 28-29.

The time allowed for the parties to file objections to the Magistrate Judge's Report and Recommendation expired on August 2, 2002. At the time that the Report and Recommendation was issued, Plaintiff, then a pro se litigant, did not file any objections to the Report and Recommendations. On September 13, 2002, Andrew J. Ostrowski entered his appearance as counsel for Plaintiff in this matter. Counsel has not filed any objections, nor has he filed any motions requesting that this Court extend the time for objections to be filed. Because no objections have been filed, this matter is ripe for disposition.

This case was transferred to the undersigned on September 16, 2002.

## DISCUSSION:

When no objections are made to a magistrate's report, the district court is

not statutorily required to review a magistrate judge's report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). When a district court accepts a magistrate judge's report, the report becomes the judgment of the court. Id.

In considering a motion to dismiss, a court must accept the veracity of a plaintiff's allegations. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See District Council 47 v. Bradley, 795 F.2d6 310 (3d Cir. 1986).

## ANALYSIS:

We agree with the Magistrate Judge's conclusion that the claims against Defendants Harden, McGlori, Velasco and Bussanich in their official capacities are barred by sovereign immunity.

Defendant Terhaar argues that Plaintiff's Complaint should be dismissed because Plaintiff failed to exhaust his administrative remedies. We agree with the Magistrate Judge that Plaintiff's Complaint should not be dismissed on these grounds because it is Defendants' burden to prove that Plaintiff has not in fact exhausted those remedies.

Defendants Harden, McGlori, Velasco and Bussanich, on the other hand, argue that Plaintiff concedes that he has not exhausted administrative remedies. Again, we agree with the Magistrate Judge that the Motion to Dismiss should not be granted on this ground because according to the facts alleged in Plaintiff's Amended Complaint, Plaintiff may be able to establish that he was denied proper forms to file grievances.

On June 13, 20022, Plaintiff Filed a "Motion to Stay/Leave of Court to Exhaust Administrative Remedies." We agree with Magistrate Judge Smyser that granting this motion would be inappropriate since if administrative remedies are still available to the plaintiff, this action should in fact be dismissed.

7

We agree with the Magistrate Judge that Plaintiff has failed to state a viable Eighth Amendment medical claim against Defendant Terhaar because Plaintiff never alleged that Tehaar failed to exercise his professional judgment in deciding to perform the allegedly experimental surgery on Plaintiff.

We also agree with the Magistrate Judge that the *Bivens* claims against Harden and McGlori should be dismissed on statute of limitations grounds, while claims against Velasco and Bussanich should not be so barred.

Finally, we agree with Magistrate Judge Smyser that the FTCA claim should not be dismissed on statute of limitations grounds. However, the FTCA claim against the individual Defendants will be dismissed, and the United States will be substituted as the proper defendant.

Because we find no error in Magistrate Judge Smyser's Report and Recommendation and because no objections have been filed to it, we will adopt it as our own.

NOW, THEREFORE, IT IS ORDERED THAT:

1. The Report and Recommendations of Magistrate Judge Smyser (Document 38) is adopted in toto.

2. Defendants' Motions (Document 20 and 22) to Dismiss the Amendmed Complaint are granted in part and denied in part.

3. The *Bivens* claims against Defendants in their official capacities are dismissed.

4. The *Bivens* claims against defendants Harden and McGlori individually are dismissed.

5. The *Bivens* claims against the other Defendants in their individual capacities will not be dismissed.

6. The Amended Complaint will not be dismissed based on Plaintiff's failure to exhaust administrative remedies.

7. The Plaintiff's motion (Document 28) for a stay or extension of time to exhaust administrative remedies is denied.

8. The Eighth Amendment claim against Defendant Tehaar will be dismissed.

9. The FTCA claims against the individual Defendants will be dismissed. The United States will be substituted as the proper FTCA defendant.

10. This case is remanded to Magistrate Judge Smyser for further proceedings.

                                        /s/ John E. Jones III
                                        John E. Jones III
                                        United States District Judge