TAM:MEH:mel:2002V00410

FILED
WILLIAMSPORT, PA
NOV 1 4 2002
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MANUEL RAMOS,  :
       Plaintiff  :
                    :
     v.             :  Civil No. 1:CV-00-1957
                    :  (Jones, J.)
MARGARET HARDEN, Warden,  :  (Smyser, M.J.)
et al.,
       Defendants  :

**DEFENDANTS' BRIEF IN OPPOSITION TO
"MOTION FOR TRANSFER OF PLAINTIFF TO CUSTODY
OF THE UNITED STATES MARSHALL DURING PENDENCY OF LITIGATION"**

### I. Procedural History

This is a combined <u>Bivens</u> and FTCA matter brought by a federal prisoner, Manuel Ramos, who formerly was confined at FCI Allenwood, USP Allenwood, and USP Lewisburg. Ramos seeks compensatory damages for injuries he incurred on March 26, 1997, while confined at FCI Allenwood, and for the lack of medical treatment thereof by medical staff at both FCI Allenwood and USP Lewisburg. A motion to dismiss was filed on behalf of the federal defendants on May 20, 2002.

By Order dated September 26, 2002, the motion to dismiss was granted in part and denied in part. Specifically, with regard to the federal defendants, the <u>Bivens</u> claims against them in their *official* capacities were dismissed; the <u>Bivens</u> claims against defendants "Harden" and "McGlori" in their *individual* capacities were dismissed; and the FTCA claims against the

individual defendants were dismissed. The United States was substituted as the proper FTCA defendant and the case was remanded to Magistrate Judge Smyser for further proceedings.

An answer to the complaint was filed by the federal defendants on October 17, 2002. A case management conference is scheduled for November 22, 2002.

Presently before the Court is Ramos' motion for his transfer to the custody of the United States Marshals Service during pendency of this litigation. For the reasons set forth below, the motion should be denied.

## II.  Question Presented

Should the motion for transfer be denied as the reasons set forth by plaintiff's counsel do not justify the Court granting plaintiff's motion?

Suggested answer in the affirmative.

## III.  Argument

Ramos requests the Court to transfer him to the custody of the United States Marshal Service and that he be confined at the Cumberland County Prison, in Carlisle, Pennsylvania, during the pendency of this litigation. It is defendants' position that the reasons put forth by plaintiff's court-appointed counsel do not justify the court granting plaintiff's motion.

The Bureau of Prisons is, by statute, charged with designating the place of an inmate's confinement. Prior to November 1987, 18 U.S.C. § 4082 gave the Attorney General wide

2

discretion in choosing a prisoner's place of confinement. Section 4082 was replaced by § 3621(b) effective November 2, 1987, which transferred the power to designate places of confinement directly to the Bureau of Prisons. According to 18 U.S.C. § 3621:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering-
>
> (1)   the resources of the facility contemplated;
>
> (2)   the nature and circumstances of the offense;
>
> (3)   the history and characteristics of the prisoner;
>
> (4)   any statement by the court that imposed the sentence--
>
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> (B) recommending a type of penal or correctional facility as appropriate, and;
>
> (5)   any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
>
> . . .
>
> The Bureau of Prisons may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another.

18 U.S.C. § 3621(b).

It appears that plaintiff has fashioned his motion asking the Court to transfer him to the custody of the United States

3

Marshal Service in direct conflict with the Bureau of Prisons' statutory authority to designate an appropriate place of confinement for federal inmates. While the Marshal Service has a statutory obligation to obey lawful orders and writs of federal courts, the ability to issue such writs must derive from some independent statutory source. <u>Pennsylvania Bureau of Corrections v. U.S. Marshal Service</u>, 106 S. Ct. 355. 359 (1985). The authority to order an inmate transferred to the custody of the Marshal Service merely for the convenience of the appointed counsel appears to be outside the court's authority.

Moreover, counsel's motion fails to address any of the factors, set forth above, which the Bureau has been statutorily mandated to consider in determining a proper facility. Rather, plaintiff's counsel contends the transfer is necessary for the following reasons: (1) Ramos is "unable to converse in English"; (2) telephone calls are "burdensome" and expensive due to the time required for a translation; (3) counsel claims he is unable to "secure evidence now within the plaintiff's possession"; and (4) the proximity of medical experts. These reasons are addressed below:

**(1)    Ramos is unable to converse in English.**

Ramos has been in Bureau of Prisons' custody since January 1992. Although he is a Columbian national, it is hard to believe that in the course of 10 years imprisonment, he has not acquired some ability to converse in English. Further, before the appointment of his present counsel, Ramos filed and pursued

4

this current civil action, filing documents both in English and in Spanish. If counsel determines that the services of a translator are required, those services would be necessary regardless of where the plaintiff is confined.

(2) **Telephone Calls Are "Burdensome" and Expensive Due to the Time Required for a Translation.**

The Bureau of Prisons policy, as codified at 28 C.F.R. § 540.103, with regard to legal telephone calls provides that, "The Warden may not apply frequency limitations on inmate telephone calls to attorneys when the inmate demonstrates that communication with attorneys by correspondence, visiting or normal telephone use is not adequate." 28 C.F.R. § 540.103.

Plaintiff's counsel has failed to state why such communication with his client cannot be accomplished by written communication. The Bureau of Prisons has a well established procedure, codified at 28 C.F.R. § 540. 19, for handling legal mail, which is widely utilized as the primary means of communication between inmates and their attorneys at Bureau facilities nationwide. Translation of written correspondence would be inexpensive and not particularly "burdensome." As Ramos has clearly demonstrated his ability to produce--either alone or with assistance, documents written in English--this option would appear one which would alleviate many of counsel's concerns. The need for telephone calls would be greatly reduced, yet still available to counsel when necessary.

(3) <u>Counsel Claims He Is Unable to "Secure Evidence Now Within the Plaintiff's Possession."</u>

Ramos failed to attach any documents to his original complaint. As this case involves a dispute over medical care, it is probably safe to assume the vast majority of documentary evidence would be included in Ramos' Bureau of Prisons' complete medical file--which would also contain all medical contractor and consultant records and reports--or in Ramos' Central File. Plaintiff's counsel can obtain a complete copy of each by contacting USP Florence and attaching a release from his client to send him the materials. Any other documentary evidence could be requested via written correspondence. Further, if Ramos is transferred, via writ, into the custody of the Marshal Service, his Central File and medical file remain at his Bureau of Prisons' designated parent institution. Therefore, plaintiff's counsel would still have to deal with USP Florence to gain access to those extensive records.

(4) <u>Proximity of Medical Experts</u>

Ramos' case involves a dispute over care provided for a hand injury, therefore, it is likely relevant that medical experts would be Orthopedic specialists. As this is a common area of medical specialization, it is unreasonable to assume that counsel could not secure the services of a qualified expert in Colorado. Additionally, the events at issue occurred several years ago. Ramos' injury allegedly occurred in 1997. He was transported from USP Florence in May of 2000 to the Medical Center for

Federal Prisoners in Springfield, Missouri, and offered surgical repair of his condition, but refused the treatment, and was transported back to USP Florence. Documentation of all the medical care Ramos has received to date, since his incarceration with the Bureau of Prisons, as provided by Bureau of Prisons' staff and contract specialists, is documented in Ramos' medical file which is available to plaintiff's counsel as set forth above. Plaintiff's counsel could easily send a complete copy of the medical file to the expert of his choice.

It is important to note that, throughout his incarceration, Ramos has been confined in various Bureau of Prisons' institutions, and has risen up the ladder of security to a United States penitentiary. Specifically, he has been confined to MCC New York, New York; FCI Fort Worth, Texas; FCI Raybrook, New York; FCI Fort Dix, New Jersey; FCI Allenwood, Pennsylvania; USP Allenwood, Pennsylvania; USP Lewisburg, Pennsylvania; USP Lompoc, California; USMCFP Springfield, Missouri; and USP Florence, Colorado. He has received disciplinary incident reports for fighting and for threatening bodily harm, and also has a history of self-destructive behavior for which he was placed on anti-psychotic medication. The Bureau of Prisons must take this into account when housing an inmate.

## IV. Conclusion

WHEREFORE, for the reasons stated above, Ramos' motion for a transfer should be denied.

>Respectfully submitted,
>
>THOMAS A. MARINO
>United States Attorney
>
>*Matthew E. Haggerty Fm*
>
>MATTHEW E. HAGGERTY
>Assistant U.S. Attorney
>MICHELE E. LINCALIS
>Paralegal Specialist
>316 Federal Building
>240 West Third Street
>Williamsport, PA 17703
>570/326-1935

Date: November 14, 2002

8

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MANUEL RAMOS,  :
      Plaintiff  :
        :
      v.  : Civil No. 1:CV-00-1957
        : (Jones, J.)
MARGARET HARDEN, Warden,  : (Smyser, M.J.)
et al.,  :
      Defendants  :

CERTIFICATE OF SERVICE BY MAIL

    The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

    That on November 14, 2002, she served a copy of the attached

**DEFENDANTS' BRIEF IN OPPOSITION TO
"MOTION FOR TRANSFER OF PLAINTIFF TO CUSTODY
OF THE UNITED STATES MARSHALL DURING PENDENCY OF LITIGATION"**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:

Andrew J. Ostrowski, Esquire
BAILEY, STRETTON & OSTROWSKI
4311 North Sixth Street
Harrisburg, PA 17110

Patrick T. O'Connell, Esquire
SABA, ENDLER & ASSOCIATES, L.L.P.
106 West Front Street
Berwick, PA 18603

*Michele E Lincalis*
MICHELE E. LINCALIS
Paralegal Specialist