# ORIGINAL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA




| | |
|---|---|
| **Manuel RAMOS** : | No. 1:CV-00-1957 |
|     **Plaintiff** : | |
| : | (Judge Jones) |
| v. : | (Magistrate Judge Smyser) |
| : | |
| **Margaret HARDEN, Dr. McGlori,** : | |
| **Dr. Maximo R. Velasco, Jr., Dr. Anthony** : | |
| **Bussanich, and Dr. Peter J. Terhaar** : | |

FILED
HARRISBURG, PA
NOV 20 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## JOINT CASE MANAGEMENT PLAN

**1. Principal Issues.**
    **1.10 Separately for each party, please give a statement summarizing this case:**
    **By Plaintiffs:**
Upon being appointed by this Court pursuant to 28 U.S.C. § 1915(e), Plaintiff's Counsel has not been able to conduct any independent investigation pending further discussion with the Court as to offsetting expenses required to be incurred. The Plaintiff, a Columbian national, speaks no English and is currently incarcerated at the USP in Florence, Colorado.

According to this Court's analysis of the Plaintiff's *pro se* pleadings, on March 26, 1997 the plaintiff was involved in an alteration with another inmate at the Allenwood Federal Correctional Institution (FCI-Allenwood). The correctional officer who subdued and handcuffed the plaintiff apparently used unreasonable and excessive force and resultantly, broke the Plaintiff's thumb. Despite repeated requests for medical assistance, the Defendants allegedly provided Motrin®. A promised x-ray examination did not materialize until December 4, 1997, over eight months after the incident, and after the Plaintiff was transferred to the United States Penitentiary at Allenwood (USP-Allenwood). Despite repeated protests that Motrin® was counterproductive, the Defendants did not perform any surgery until January 7, 1999, almost two years after the injury. Plaintiff was then transferred to the United States Penitentiary at Lompac, California (Feb. 22, 1999). On May 19, 1999, a prison doctor instructed the Plaintiff that he had carpal tunnel syndrome and medial nerve entrapment, but more importantly, the surgery performed January 7, 1999 was "experimental" and should not have been rendered. Corrective surgery was offered, but declined by Plaintiff due to the fear arising his prior experiences, which based on Counsel's telephone interview with and correspondence from Plaintiff, appears to be resulting from apprehension of retaliation. Plaintiff was subsequently transferred to the United States Penitentiary at Florence, Colorado (Oct. 7, 1999). All administrative complaint processes have been exhausted.

1

**By Defendants:**

**The principal *factual* issues that the parties *dispute* are:**
1.11    Issues relating to the rendering of proper medical care for the Plaintiff.

1.12    Issues relating to the rendering of proper supervisory control of persons rendering proper medical care for Plaintiff.

**The principal *factual* issues that the parties *agree* upon are:**
1.20    Those admitted through the pleadings.

**The principal *legal* issues that the parties *dispute* are:**
1.30    Whether Petitioner is entitled to relief for Eighth Amendment and civil rights violations.

1.31    Whether Petitioner is entitled to relief for negligent medical care and treatment.

**The principal *legal* issues that the parties *agree* upon are:**
1.40

**1.50 Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction or venue:**
None.

**1.60 Identify any named parties that have not been served:**
None.

**1.70 Identify any additional parties that:**
**Petitioner intends to join:**
None at this time, but Plaintiff reserves the right to amend his Complaint to add additional parties once Counsel's independent investigation has been completed.


**Respondent intends to join:**
None.

**1.80 Identify any additional claims that:**
**Petitioner intends to add:**
None at this time, but Plaintiff reserves the right to amend his Complaint to add additional claims once Counsel's independent investigation has been completed.

**Respondent intends to add:**
None.

2

**2.0 Alternative Dispute Resolution.**
    2.10    **Identify any ADR procedure to which this case has been assigned or which the parties have agreed to use.**
        Plaintiff's Counsel will remain willing to discuss this possibility with his client.

    2.20    **If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended.**

    2.30    **If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:**

**3.0 Consent to Jurisdiction by a Magistrate Judge.**
    **Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit.**
    The parties consent to a magistrate judge presiding as the judge of this case.

**4.0 Disclosures.**
    4.100 **Separately for each party, list by *name, title/position* of each person whose identity has been disclosed:**
    **4. 101 Disclosed by: Petitioner**
        *Name*        *Title/Position*
    For the reasons discussed above, other than the Plaintiff, Counsel does not know of any additional persons whose identity has or should be disclosed.

    **4.151 Disclosed by: Defendant**

    4.400 **Separately for each party who claims an entitlement to damages or an offset, set forth the computation of damages or of the offset:**
    **4.401 Plaintiff's calculations of damages:** For the reasons discussed above, Counsel is unable to put forth computation of damages.

    **4.402. Defendant's calculation of offset:** Not applicable.

    **4.403 Counterclaimant/ third party claimant's calculation of damages:**

**5.0  Motions**
Identify any motion(s) whose early resolution would *likely* have a significant affect either on the scope of discovery or other aspects of the litigation:

| *Nature of Motion* | *Moving Party* | *Anticipated Filing Date* |
|---|---|---|
| Motion to effectuate transfer of Plaintiff to the M.D.Pa. | Plaintiff | Already filed |

**6.0 Discovery**

    6.100  Briefly describe any discovery that has been completed or is in progress.
        **By Plaintiff(s):**

        None.

        **By Defendant(s):**

    6.200  Describe any *discovery* that all *parties agree* should be conducted, indicating for each discovery undertaking its purpose of what kinds of information will be developed through it:

Plaintiff expects to conduct depositions of the principal actors at issue. Counsel does foresee reliance on expert medical witnesses regarding the Eighth Amendment violation and state law negligence claims, and may adduce additional expert testimony regarding the supervisory role of prison officials as well as medical personnel

    6.300  Describe any *discovery* that one or more parties want(s) to conduct but *to which another party objects*, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it.

    6.400  Identify any *subject area limitations on discovery* that one or more parties would like imposed, at the first stage of or throughout the litigation.

    6.500  For each of the following discovery tools, *recommend the per-party or per side limitation* (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by **Plaintiff(s) and by Defendant(s):**
        6:501  Depositions (excluding experts) to be taken by:
                Petitioner   10   Respondents   10
        6:502  Interrogatories to be served by:
                Petitioner   25   Respondents   25
        6:503  Document production requests to be served by:
                Petitioner   25   Respondents   25
        6:504  Requests for admission to be served by:
                Petitioner   25   Respondents   25

6.600 **All discovery commenced in time to be completed by:** Plaintiff is not in a position to agree to deadlines at this moment until receipt of the case file from the Clerk, and upon resolving any issues regarding offsetting of investigative expenses.

6.700 **Reports from retained experts due:**
    From Plaintiff:    See above.
    From Defendant:

6.800 **Supplementation due:**

7.0 **Protective Order**
    7.1    If entry of a protective order is sought, attach to this statement a copy of the proposed order.

    7.2    If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below.

8.0 **Certification of Settlement Authority (All parties shall complete the Certification)**
I hereby certify that the following individual(s) have settlement authority:

    Name    Manuel Ramos
    Title    Plaintiff
    Address    c/o Bailey, Stretton & Ostrowski
        4311 North Sixth Street
        Harrisburg PA 17110-1614
    Daytime Phone    717-221-95000

    Name    Matthew E. Haggerty
    Title    Assistant United States Attorney
    Address    235 N. Washington Ave
        P.O. Box 309, Suite 311
        Scranton, PA 18501
    Daytime Phone    570-348-2800

    Name    Patrick T. O'Connell, Esquire
    Title    Trial Attorney
    Address    SABA, ENDLER & ASSOCIATES, LLP
        106 West Front Street
        Berwick, PA 18603
    Daytime Phone    570-752-5915

9.0 **Scheduling**
    9.1 **This case may be appropriate for evidentiary hearing in approximately:**
        ___ 240 Days from the filing of this action in this court.
        ___ 365 Days from the filing of this action in this court.
        60 Days from the filing of this action in this court.

    9.2 **Suggested Date for Trial:**
    Plaintiff is not in a position to agree to deadlines at this moment until receipt of the case file from the Clerk, and upon resolving any issues regarding offsetting of investigative expenses.

    9.3 **Suggested Date for the final Pretrial Conference:**

    9.4 **Final date for joining additional parties:** Not applicable

    9.5 **Final date for amended pleadings:**
    Plaintiff reserves the right to file an amended Complaint once an independent investigation has been completed.

    9.6 **All potentially dispositive motions should be filed by:** Not applicable.

10.0 **Other Matters.**
**Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.**

11.0 **Identification of Lead Counsel**
Identify by name, address and telephone number lead counsel for each party.

**FOR PLAINTIFF:**
Andrew J. Ostrowski, Esquire
BAILEY, STRETTON & OSTROWSKI
4311 North Sixth Street
Harrisburg, PA 17110-1614
717-221-9500

**FOR DEFENDANTS:**

Matthew Edward Haggerty, Esquire
Assistant United States Attorney
U.S. Attorney's Office for the Middle District of Pennsylvania
Federal Building
P.O. Box 309
Scranton, PA 18501

6

Patrick O'Connell, Esquire
SABA, ENDLER & ASSOCIATES, LLP
106 West Front Street
Berwick, PA 18603

Dated: 11/20/02

Andrew J. Ostrowski, Esquire
BAILEY, STRETTON & OSTROWSKI
4311 North Sixth Street
Harrisburg, PA 17110-1614
717-221-9500
Attorney for Plaintiff

For

Matthew Edward Haggerty, Esquire
Assistant United States Attorney
U.S. Attorney's Office for the Middle District of Pennsylvania
Federal Building
P.O. Box 309
Scranton, PA 18501


Patrick O'Connell, Esquire
SABA, ENDLER & ASSOCIATES, LLP
106 West Front Street
Berwick, PA 18603

Attorneys for Defendants

7

## CERTIFICATE OF SERVICE

I, Andrew J. Ostrowski, Esq. do hereby certify that I have caused to be served a true and correct copy of the foregoing document by first class mail, postage prepaid as follows:

Matthew Edward Haggerty, Esquire

>Assistant United States Attorney
>U.S. Attorney's Office for the Middle District of Pennsylvania
>Federal Building
>P.O. Box 309
>Scranton, PA 18501

>Patrick O'Connell, Esquire
>SABA, ENDLER & ASSOCIATES, LLP
>106 West Front Street
>Berwick, PA 18603

Dated: November 15, 2002                By,

                                        Andrew J. Ostrowski, Esq.
                                        BAILEY, STRETTON & OSTROWSKI
                                        Pa. Supreme Court. I.D. No. 66420
                                        4311 North Sixth Street
                                        Harrisburg, PA 17110
                                        717-221-9500
                                        ATTORNEY FOR PLAINTIFF

8