ORIGINAL

*[handwritten]*

FILED
HARRISBURG, PA

JUL 11 2003

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

**SABA, ENDLER & ASSOCIATES, L.L.P.**
BY:    PATRICK T. O'CONNELL, ESQUIRE
IDENTIFICATION NO. 76539
106 WEST FRONT STREET
BERWICK, PA 18603
(570) 752-5915

ATTORNEY FOR DEFENDANT,
Dr. Peter J. Terhaar

---

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MANUEL RAMOS, | : | CIVIL  NO. 1:-CV-00-1957 |
| | : | |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| MARGARET HARDEN, | : | |
| DR. MCGLORI, | : | |
| DR. MAXIMO R. VELASCO, JR., | : | |
| DR. ANTHONY BUSSANICH, | : | JURY TRIAL DEMANDED |
| and DR. PETER J. TERHAAR, | : | |
| | : | |
| Defendants | : | |

## DEFENDANT, DR. PETER J. TERHAAR'S MOTION FOR SUMMARY JUDGMENT

Dr. Peter J. Terhaar ("Dr. Terhaar") moves the Court, pursuant to

Fed. R. Civ. P. 56 and Local Rule 56.1, for Entry of Summary Judgment in his favor, and in support thereof, avers as follows:

1.      On November 13, 2000, Plaintiff, Manuel Ramos, filed a document with the Court entitled "Amended Memorandum of Law in Support of Civil Rights Complaint under Bivens v. Six Unknown Agents, 403 US 338 (1971); 28 U.S.C. Sections 1331, 1391(a)(b) and Federal Tort Claims Act, Title 28 U.S.C. Sections 1346(b), 2671-80".

2.      The Third Circuit directed that the District Court consider the document filed by Plaintiff on November 13, 2000 to be an Amended Complaint.

3.      In the Amended Complaint, Plaintiff alleges that Dr. Terhaar was deliberately indifferent to Plaintiff's serious medical needs in that he negligently performed a surgery on Plaintiff's hand without informing Plaintiff that it was experimental, and that as a result of Dr. Terhaar's treatment, Plaintiff has permanent numbness in his hand.

4.      On May 20, 2002, Dr. Terhaar filed a Motion to Dismiss the Amended Complaint pursuant to Rule 12(b)(6) on the basis that the Amended Complaint failed to state an Eighth Amendment claim upon which relief may be granted.

5.      On July 19, 2002, Magistrate Judge J. Andrew Smyser issued a report and recommendation in which he recommended that the Eighth Amendment claim against Dr. Terhaar be dismissed (Document 38).

6.      In his July 19, 2002 report and recommendation, Magistrate Judge J. Andrew Smyser noted that Plaintiff's Amended Complaint may be construed to raise state law malpractice and lack of informed consent claims as well as possibly a substantive due process claim based on the alleged failure to inform the Plaintiff that the surgery was experimental (Document 38, see footnote 3).

7.      On September 26, 2002, Judge Jones adopted the report and recommendation of Magistrate Judge J. Andrew Smyser in toto (Document 41).

8.      On October 22, 2002, Dr. Terhaar filed an Answer with Affirmative Defenses to Plaintiff's Amended Complaint.

9.      On November 25, 2002, Magistrate Judge J. Andrew Smyser issued a Case Management Order setting a discovery deadline of June 16, 2003 and further requiring that Plaintiff submit expert reports to Defendants on or before June 30, 2003.

10.     Plaintiff never requested the deposition of Dr. Terhaar.

11. Plaintiff has not submitted any expert report.

12. Pennsylvania Malpractice Law governs the substantive aspects of this case.

13. In order to establish a *prima facie* case of malpractice, the Plaintiff must establish **through expert testimony**: (1) a duty owed by the physician to the patient; (2) a breach of duty from the physician to the patient; (3) that the breach of duty was the proximate cause of, or a substantial factor in, bringing about the harm suffered by the patient; and (4) damages suffered by the patient that were a direct result of the harm. Mitzelfelt v. Kamrin, M.D., 526 Pa. 54, 584 A.2d 888 (1990) (emphasis provided).

14. With respect to informed consent, Pennsylvania Courts placed the burden upon the Plaintiff to establish through expert testimony the existence of all risks of the chosen treatment, alternative methods of treatment and risks of alternatives as well as causation. Festa v. Greenberg, 354 Pa. Super. 346, 511 A.2d 1371 appeal denied, 515 Pa. 580, 527 A.2d 541 (1986).

15. Plaintiff has no expert evidence that Dr. Terhaar committed malpractice.

16.    Plaintiff has no expert evidence that the surgery performed by Dr. Terhaar on Plaintiff's hand was experimental.

17.    Plaintiff has no expert evidence that Dr. Terhaar failed to obtain Plaintiff's informed consent before proceeding with the surgery.

18.    Because Plaintiff has no expert evidence to support his claims of negligence, informed consent, or that the surgery was experimental, there exists no genuine issue as to any material fact, and Defendant, Dr. Terhaar, is entitled to Summary Judgment in his favor.

Respectfully submitted,

SABA, ENDLER & ASSOCIATES, L.L.P.

BY: _____
PATRICK T. O'CONNELL, ESQ.
Attorney for Defendant,
Dr. Peter J. Terhaar
I.D. # 76539
106 West Front Street
Berwick, PA 18603
(570) 752-5915
(570) 752-5918 Facsimile

## CERTIFICATE OF SERVICE

I, Patrick T. O'Connell, Esquire, do hereby certify that on the 10th day of July, 2003, I forwarded (1) Defendant, Dr. Peter J. Terhaar's Motion for Summary Judgment (with Certificate of Service attached); (2) Defendant, Dr. Peter J. Terhaar's Memorandum of Law in Support of his Motion for Summary Judgment; (3) Certificate of Concurrence; (4) Defendant, Dr. Peter J. Terhaar's Statement of Material Facts in Support of his Motion for Summary Judgment; and (5) Proposed Order on Defendant, Dr. Peter J. Terhaar's Motion for Summary Judgment via first class mail, postage prepaid to the following:

Andrew J. Ostrowski, Esq.
Bailey, Stretton & Ostrowski
4311 North Sixth Street
Harrisburg, PA 17110

G. Michael Thiel, Esquire
Federal Building
235 N. Washington Ave, Suite 311
PO Box 309
Scranton, PA  18501


SABA, ENDLER & ASSOCIATES, L.L.P.


BY: _____
PATRICK T. O'CONNELL, ESQ.
PA 76539
106 West Front Street
Berwick, PA 18603
(570) 752-5915
(570) 752-5918 Facsimile