

**FILED**
HARRISBURG, PA

JUL 2 8 2003

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

**SABA, ENDLER & ASSOCIATES, L.L.P.**
BY:  PATRICK T. O'CONNELL, ESQUIRE
IDENTIFICATION NO. 76539
106 WEST FRONT STREET
BERWICK, PA 18603
(570) 752-5915

ATTORNEY FOR DEFENDANT,
Dr. Peter J. Terhaar

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MANUEL RAMOS, | : | CIVIL NO. 1:-CV-00-1957 |
| | : | |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| MARGARET HARDEN, | : | |
| DR. MCGLORI, | : | |
| DR. MAXIMO R. VELASCO, JR., | : | |
| DR. ANTHONY BUSSANICH, | : | JURY TRIAL DEMANDED |
| and DR. PETER J. TERHAAR, | : | |
| | : | |
| Defendants | : | |

**DEFENDANT, DR. PETER J. TERHAAR'S RESPONSE TO
PLAINTIFF'S MOTION PURSUANT TO RULE 56(f)**

AND NOW, comes Defendant, Dr. Peter J. Terhaar, by and through his attorney, Patrick T. O'Connell, and hereby responds to Plaintiff's Motion pursuant to Rule 56(f) as follows:

1. Admitted and denied. It is admitted that on June 12, 2003, Plaintiff filed a Motion to Withdraw as Counsel. It is further admitted that this Motion to Withdraw was denied by an Order issued by Judge Smyser dated June 19, 2003. It is specifically denied that Plaintiff's counsel is unable to financially incur the burden and expense of procuring expert testimony and strict proof to this effect is demanded. For these reasons, Defendant respectfully requests a hearing on this matter.

2. Admitted.

3. Admitted.

4. Denied. The basis behind Defendant's Motion for Summary Judgment is that Plaintiff has failed to disclose expert reports in compliance with Judge Smyser's Case Management Order. An Affidavit from the Plaintiff will have no effect on the Motion for Summary Judgment.

5. Denied. All allegations of negligence or that an informed consent was not provided by Dr. Terhaar or that the surgery he performed was experimental are specifically denied. Moreover, it is specifically denied that Plaintiff has been unable to find an expert witness in the Lewisburg area. In fact, Defendant believes and therefore avers that Attorney Ostrowski has undertaken no efforts to obtain an expert witness. Therefore, Defendant requests a hearing on this matter to test the veracity of Attorney Ostrowski's allegations about attempting to find an expert witness.

6. Denied. Responding Defendant is aware of no precedent which requires the Court to approve the payment of expert witness fees simply because the Plaintiff is indigent. By way of further answer, Responding Defendant avers that Plaintiff should be estopped from requesting the Court to be paid for expert fees at this point in time. The deadline for the disclosure of expert reports was June 30, 2003. Plaintiff had ample opportunity to address this issue with the Court prior to June 30th. It is patently unfair to permit the Plaintiff to come to Court after the expert witness deadline has passed to seek funds for an expert. Plaintiff's counsel has not set

forth any compelling reason why this issue could not have been addressed earlier and therefore should be estopped from raising this issue now.

7. Denied. The only Rule 26 disclosures Responding Defendant could possibly fathom are Plaintiff's medical record. The medical record was forwarded to Mr. Ostrowski via Federal Express by Assistant U.S. Attorney Matthew E. Haggerty (see correspondence from Attorney Haggerty to Attorney Ostrowski enclosing medical records attached as Exhibit "A"). By way of further answer, Plaintiff is in violation of Local Rule 26.3 which requires counsel for the Movant in all discovery Motions to file with the Motion a statement certifying that counsel has conferred with opposing counsel in an effort to resolve by agreement the issues raised by the Motion without the intervention of the Court. Attorney Ostrowski never contacted the undersigned with respect to his allegation that responding Defendant has failed to produce Rule 26 disclosures. Additionally, Plaintiff's counsel has failed to respond to Interrogatories and a Request for Production of Documents served upon him by the undersigned back on October 23, 2002. Finally, Mr.

Ostrowski never even bothered to attempt to notice the deposition of Defendant, Dr. Peter J. Terhaar. In light of the above, it is disingenuous for Attorney Ostrowski to assert that he needs additional discovery before being required to respond to Defendant's Motion for Summary Judgment.

    8.    Denied. Responding Defendant requests a hearing to ascertain the veracity of the averment in Paragraph 8 of Plaintiff's Motion.

    WHEREFORE, Responding Defendant respectfully requests that this Court enter an appropriate Order denying Plaintiff's Motion pursuant to Rule 56(f).

    Respectfully submitted,

    SABA, ENDLER & ASSOCIATES, L.L.P.

BY: _____
    PATRICK T. O'CONNELL, ESQ.
    Attorney for Defendant,
    Dr. Peter J. Terhaar
    I.D. # 76539
    106 West Front Street
    Berwick, PA 18603
    (570) 752-5915
    (570) 752-5918 Facsimile

## CERTIFICATE OF SERVICE

I, Patrick T. O'Connell, Esquire, do hereby certify that on the 24th day of July, 2003, I forwarded Defendant, Dr. Peter J. Terhaar's Response to Plaintiff's Motion Pursuant to Rule 56(f) via first class mail, postage prepaid to the following:

        Andrew J. Ostrowski, Esq.
        Bailey, Stretton & Ostrowski
        4311 North Sixth Street
        Harrisburg, PA 17110

        G. Michael Thiel, Esquire
        Federal Building
        235 N. Washington Ave, Suite 311
        PO Box 309
        Scranton, PA  18501

        SABA, ENDLER & ASSOCIATES, L.L.P.

        BY: _____
        PATRICK T. O'CONNELL, ESQ.
        PA 76539
        106 West Front Street
        Berwick, PA 18603
        (570) 752-5915
        (570) 752-5918 - Facsimile

**EXHIBIT "A"**



# U.S. Department of Justice

## Thomas A. Marino
United States Attorney
Middle District of Pennsylvania

| William J. Nealon Federal Building | Federal Building | Herman T. Schneebeli Federal Building |
| --- | --- | --- |
| 235 N. Washington Ave. | 228 Walnut Street | Suite 316 |
| P.O. Box 309 | P.O. Box 11754 | 240 West Third Street |
| Scranton, PA. 18501-0309 | Harrisburg, Pennsylvania 17108-1754 | Williamsport, PA 17701-6465 |
| (570) 348-2800 | (717) 221-4482 | (570) 326-1935 |
| FAX (570) 348-2816/348-2830 | FAX (717) 221-4582/221-2246 | FAX (570) 326-7916 |
| Please respond to this office ☐ | Please respond to this office ☐ | Please respond to this office X |

December 12, 2002

VIA FEDERAL EXPRESS

Andrew J. Ostrowski, Esquire
BAILEY, STRETTON & OSTROWSKI
4311 North Sixth Street
Harrisburg, PA 17110

Re:  RAMOS v. HARDEN
     M.D. Pa. Civil No. 1:CV-00-1957; USDC

Dear Andy:

   Enclosed please find a copy of inmate Manuel Ramos' medical record pursuant to the Court's Order. Please contact me if you have any questions or problems. By copy of this letter, I am also sending a copy of the medical record to Patrick T. O'Connell, Esquire.

                              Sincerely,

                              THOMAS A. MARINO
                              United States Attorney


                              MATTHEW E. HAGGERTY
                              Assistant U.S. Attorney

TAM:MEH:mel
Enclosure
cc:  Patrick T. O'Connell, Esquire

CoRR