TAM:GMT:mel:2002V00410

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MANUEL RAMOS, | : | |
| | : | |
| Plaintiff | : | CIVIL NO. 1:CV-00-1957 |
| v. | : | |
| | : | (Jones, J.) |
| MARGARET HARDEN, DR. MIGLORI, | : | (Smyser, M.J.) |
| DR. MAXIMO R. VELASCO, JR., | : | |
| DR. ANTHONY BUSSANICH, and | : | |
| DR. PETER J. TERIHAAR, | : | |
| | : | FILED ELECTRONICALLY |
| Defendants | : | |

### RESPONSE TO COURT'S ORDER OF JULY 24, 2003

This case was initiated in the United States District Court for the District of Columbia by Manuel Ramos, a federal prisoner who at that time was proceeding *pro se*. On September 20, 2000, one of the defendants, Director Hawk, was dismissed and the remainder of the case was transferred to this Court.

Ramos subsequently amended his complaint on November 13, 2000, and named four additional defendants. Presently, the only remaining federal defendants to this action are Anthony Bussanich, Maximo R. Velasco, Jr., and the United States of America. The only remaining claims are the negligent acts of force used by an unknown officer and the inadequate and delayed medical treatment rendered by Bussanich and Velasco which allegedly caused the inmate to lose the normal use of his right hand.

On July 19, 2002, a motion for appointment of counsel was conditionally granted. Specifically, a request was forwarded to the administrator of the panel of volunteer attorneys to determine whether an attorney will accept an appointment in the case. On September 13, 2002, Attorney Ostrowski entered his appearance as counsel for plaintiff.

On November 22, 2002, the Court conducted a case management conference with the parties. As a result, a scheduling order was issued which, *inter alia*, set forth deadlines for completing discovery, submitting expert reports, and filing dispositive motions. The Order also listed December 12, 2002, as the deadline for the federal defendants to provide a copy of plaintiff's medical records both to plaintiff's counsel and to counsel for defendant Terhaar.

On December 12, 2002, a copy of plaintiff's medical records were mailed, via federal express, to Attorney Ostrowski and Attorney O'Connell. See Exh. 1.

On January 24, 2003, after consulting with Attorney Ostrowksi and Attorney O'Connell, counsel for defendants noticed plaintiff's deposition for April 9, 2003, at 10:00 a.m. at USP Lewisburg. When Attorney Ostrowski failed to appear for the deposition without any prior notice, the deposition was rescheduled for, and conducted on June 11, 2003.

On June 12, 2003, Attorney Ostrowski filed a motion to withdraw as counsel. The motion was denied on June 19, 2003.

Discovery ended on June 16, 2003.  At no time did Attorney Ostrowski make any requests for discovery from defendants nor did he request an extension of time in which to do so.

Plaintiff's submission of expert reports to defendants was due on or before June 30, 2003.  At no time did Attorney Ostrowski submit any expert reports nor did he request an extension of time in which to do so.

The deadline for filing dispositive motions and briefs was July 15, 2003.  Counsel for defendant Terhaar and counsel for the federal defendants each filed timely motions seeking an entry of summary judgment in their favor due to plaintiff's failure to disclose an expert report.  Rather than oppose the motion, Attorney Ostrowski, on July 22, 2003, filed a motion seeking a stay in the briefing schedule, the appointment of an expert witness, and an order directing defendants to provide plaintiff with defendants' initial discovery disclosures.

In paragraph 4 of Attorney Ostrowksi's Rule 56(f) motion, he indicated that he intends to obtain an affidavit from Ramos, but that he has not been able to contact Ramos.  Defendants state that Attorney Ostrowski had the opportunity to talk with Ramos and obtain his affidavit while he was housed at USP Lewisburg from April 2003 to June 2003 for his deposition.  In fact, Attorney Ostrowski spent a considerable amount of time talking to Ramos on June 11, 2003, the day of the deposition, with the assistance of

an interpretor provided by counsel for defendants for the deposition.

In paragraphs 5 and 8, Attorney Ostrowski stated that he has been unable to find an expert witness in the Lewisburg area, that he was receiving medical treatment during the months of May and June, and that he has experienced staffing problems which attributed to his delay in bringing these matters to the Court sooner. However, as stated above, at no time did Attorney Ostrowski ask for an extension of time.

Finally, defendants strenuously object to paragraph 7 of plaintiff's motion in which he states that "none of the Defendants have made and/or produced the disclosures required of them under Fed. R. Civ. P. 26." These disclosures were made to Attorney Ostrowski on December 12, 2002, when counsel for defendants produced a copy of Ramos' medical records as maintained by the Bureau of Prisons. (See Exh. 1.)

By Order dated July 24, 2003, plaintiff's Rule 56(f) motion was granted in part and denied in part. Specifically, Ramos was granted an extension of time until August 25, 2003, to respond to defendants' motions for summary judgment, the request for fees to secure an expert witness was denied without prejudice to any application pursuant to Standing Order 01-1, and defendants were ordered to make initial disclosures as required by Rule 26 by August 11, 2003.

4

Since the federal defendants previously provided Attorney Ostrowski with Ramos' medical records and there are no further disclosures to be made in this case, defendants have complied with Rule 26 of the Federal Rules of Civil Procedure and the Court's July 24, 2003, Order.

                                            Respectfully submitted,

                                            THOMAS A. MARINO
                                            United States Attorney

                                            s/ G. Micheal Thiel
                                            G. MICHAEL THIEL
                                            Assistant U.S. Attorney
                                            Atty. I.D. No. PA 72926
                                            MICHELE E. LINCALIS
                                            Paralegal Specialist
                                            316 Federal Building
                                            240 West Third Street
                                            Williamsport, PA 17703
                                            Telephone: 570-348-2800
                                            Facsimile: 570-348-2830

Dated: August 11, 2003

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MANUEL RAMOS,** | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil No. 1:CV-00-1957 |
| | : | (Jones, J.) |
| **MARGARET HARDEN, Warden,** | : | (Smyser, M.J.) |
| **et al.,** | : | |
| Defendants | : | **ELECTRONICALLY FILED** |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That on August 11, 2003, she served a copy of the attached

**RESPONSE TO COURT'S ORDER OF JULY 24, 2003**

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:

Andrew J. Ostrowski, Esquire
BAILEY, STRETTON & OSTROWSKI
4311 North Sixth Street
Harrisburg, PA 17110

Patrick T. O'Connell, Esquire
SABA, ENDLER & ASSOCIATES, L.L.P.
106 West Front Street
Berwick, PA 18603

              s/ Michele E. Lincalis
              MICHELE E. LINCALIS
              Paralegal Specialist