**SABA, ENDLER & ASSOCIATES, L.L.P.**
BY:     DAVID W. SABA, ESQUIRE
          PATRICK T. O'CONNELL, ESQUIRE          ATTORNEY FOR DEFENDANT,
IDENTIFICATION NO. 19648 & 76539                    Dr. Peter J. Terhaar
106 WEST FRONT STREET
BERWICK, PA 18603
(570) 752-5915

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MANUEL RAMOS, | : | CIVIL  NO. 1:-CV-00-1957 |
| | : | |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| MARGARET HARDEN, | : | |
| DR. MCGLORI, | : | |
| DR. MAXIMO R. VELASCO, JR., | : | |
| DR. ANTHONY BUSSANICH, | : | JURY TRIAL DEMANDED |
| and DR. PETER J. TERHAAR, | : | |
| | : | |
| Defendants | : | |

**DEFENDANT, DR. PETER J. TERHAAR'S**
**REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO**
**DEFENDANT, DR. PETER J. TERHAAR'S**
**MOTION FOR SUMMARY JUDGMENT**

**I.     ARGUMENT:**

Plaintiff has advanced some arguments in his Brief in

opposition to Dr. Terhaar's Motion for Summary Judgment, that

Defendant, Dr. Terhaar, feels compelled to respond to.

## A.    PLAINTIFF'S ALLEGATIONS THAT THE SURGERY WAS EXPERIMENTAL

The surgery performed by Dr. Terhaar which is at issue in this case was a repair of Gamekeeper's thumb of Mr. Ramos' right hand with reconstruction of his ulnar collateral ligament utilizing a palmaris longus tendon graft with suture anchors.  It is the Defendant's position that the surgery performed by Dr. Terhaar was not experimental; rather, it was a standard operative procedure to reconstruct a severely attenuated ulnar collateral ligament, which is what Mr. Ramos had.

Plaintiff alleges that the surgery performed by Dr. Terhaar was experimental.  However, the Plaintiff is not qualified to make this allegation.  Plaintiff needs a qualified expert witness to say that the surgery performed by Dr. Terhaar was experimental.  Plaintiff has none.  Therefore, their theory that Dr. Terhaar failed to obtain an appropriate informed consent by failing to instruct Plaintiff that the surgery was experimental must fail.

**B.    PLAINTIFF'S CLAIMS THAT DR. TERHAAR NEVER TOLD PLAINTIFF THAT HE MAY HAVE POST-OPERATIVE STIFFNESS, INFECTION, NERVE AND ARTERY DAMAGE AND MAY NOT HAVE A FULL RECOVERY OF HIS THUMB**

Plaintiff claims that Dr. Terhaar never told him that he may have post-operative stiffness, infection, nerve and artery damage and may not have a full recovery of his thumb.  It is Dr. Terhaar's position that Plaintiff was fully apprised of all these risks.  Dr. Terhaar has documentary evidence to support his position.  Attached as Exhibit "A" is a typewritten note authored by Dr. Terhaar following his initial contact with Plaintiff at the Allenwood facility on 3/2/98.  The last paragraph of this office note indicates that "the risks were discussed fully with the patient, including the risk of post-operative stiffness, infection, nerve and artery damage."

Additionally, the history and physical dictated by Dr. Terhaar on 1/7/99 when the surgery occurred at Bloomsburg Hospital indicates under the plan section that Plaintiff was "informed of the risks, complications, expected benefits, recovery period associated with the procedure, including the risk of infection, nerve and artery

damage, reaction to the anesthesia such as nausea, vomiting,

allergies, the risk of recurrence and so-forth." (History and physical

is attached hereto as Exhibit "B".)

In footnote 3 of Plaintiff's Brief in Opposition to Defendant's

Motion for Summary Judgment, Plaintiff alleges that Defendant has

failed to produce a signed consent form or evidence that a translator

was present to make sure that Mr. Ramos adequately understood the

risks involved. This assertion is ridiculous. First of all, the Plaintiff

himself testified in his deposition that an interpreter was present both

when he saw Dr. Terhaar for the first time on 3/2/98 and during his

entire hospitalization on 1/7/99. With respect to the consent form,

this form would be a part of the Bloomsburg Hospital chart. Based

upon Plaintiff's argument, it is believed that they never even

obtained the hospital chart from Bloomsburg Hospital for the surgery

at issue. If they did obtain it, then they never disclosed it to

Defendant as part of their Rule 26 disclosures. If they did not obtain

it, then how can they pursue a medical malpractice case and

informed consent case?

Dr. Terhaar's chart does not contain the consent form, because it is a hospital record. Nevertheless, the note from the visit of 3/2/98 along with the history and physical of 1/7/99 show that Dr. Terhaar discussed the risks of the procedure with the patient.

## C.    PLAINTIFF'S ALLEGATION THAT DR. TERHAAR'S SURGERY HAS CAUSED HIM HARM

On page 4 of their Brief, Plaintiff alleges that he was evaluated at the U.S. Medical Center for Federal Prisoners in Springfield, Missouri because he had developed right hand paraesthesia involving the right thumb, index, long finger and lateral portion of ring finger. Plaintiff further alleges that the results of this evaluation show that Mr. Ramos has moderate to severe right carpal tunnel syndrome.

Plaintiff has produced no expert to show whatever ails him now was caused by Dr. Terhaar. There is no expert testimony as to whether or not the condition he suffers from now is related to the severe right carpal tunnel syndrome. Likewise, there is no expert testimony as to what caused the right carpal tunnel syndrome. In the

absence of such expert testimony, Plaintiff's claim must fail.  In fact,

Plaintiff's counsel himself recognized this in the Motion to Withdraw

as Counsel which was filed on June 12, 2003.  On Paragraph 2 of the

Motion to Withdraw as Counsel, Attorney Ostrowski indicated as

follows:

> "Central to this case are allegations that
> Plaintiff's right hand has been permanently injured
> by the failure of Defendants to provide timely
> treatment for, then conducting 'experimental'
> surgery on, an injury to Plaintiff's right hand
> suffered during an altercation with another inmate
> and the guard **and central to Plaintiff's ability to
> recover in this case is Plaintiff's ability to offer
> competent expert support for the existence, nature,
> cause and continuing effect of Plaintiff's injuries."**

Only after Plaintiff's counsel's Petition to Withdraw as Counsel

was denied, and after the expert deadlines of the Joint Case

Management had come and gone did Plaintiff take the position that

he is now not obligated to produce expert testimony.

One case cited by Plaintiff, <u>Malizewski v. Rendon</u>, 374 Pa.

Super, 109, 542 A.2d 170 (1988), appeal denied, 520 Pa. 617, 554 A.2d

510 (1989) actually held that the Plaintiff was required to provide

expert testimony in order to prove that increased pain was an

undisclosed risk of the surgery undergone and that the pain was caused by the surgery.  The very case Plaintiff relies upon holds directly opposite the position they are taking.

**D.    PLAINTIFF'S NEGLIGENCE CLAIM AGAINST DR. TERHAAR**

Defendant has absolutely no idea what the Plaintiff alleges he did wrong or failed to do during the surgical procedure.  The Amended Complaint has no specific allegation of negligence. Plaintiff has produced no expert which criticizes Dr. Terhaar. Plaintiff never even deposed Dr. Terhaar.

A close read of Plaintiff's Brief shows that he is not even arguing that his negligence claim should be maintained.  His Brief appears to be focused entirely on the informed consent claim.

**II.    CONCLUSION:**

For all of the aforementioned reasons, Defendant, Dr. Terhaar, respectfully requests that this Honorable Court enter summary judgment in his favor on both Plaintiff's informed consent claim and Plaintiff's negligence claim.

Respectfully submitted,

SABA, ENDLER & ASSOCIATES, L.L.P.

BY: /s/PATRICK T. O'CONNELL, ESQ.
   I.D. # 76539
   106 West Front Street
   Berwick, PA 18603
   (570) 752-5915

**SABA, ENDLER & ASSOCIATES, L.L.P.**
BY:    DAVID W. SABA, ESQUIRE
        PATRICK T. O'CONNELL, ESQUIRE         ATTORNEY FOR DEFENDANT,
IDENTIFICATION NO. 19648 & 76539             Dr. Peter J. Terhaar
106 WEST FRONT STREET
BERWICK, PA 18603
(570) 752-5915

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MANUEL RAMOS, | : | CIVIL  NO. 1:-CV-00-1957 |
| | : | |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| MARGARET HARDEN, | : | |
| DR. MCGLORI, | : | |
| DR. MAXIMO R. VELASCO, JR., | : | |
| DR. ANTHONY BUSSANICH, | : | JURY TRIAL DEMANDED |
| and DR. PETER J. TERHAAR, | : | |
| | : | |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I, Patrick T. O'Connell, Esquire, do hereby certify that on the

4ᵀᴴ  day of September , 2003, I forwarded Defendant, Dr. Peter J.

Terhaar's Reply to Plaintiff's Brief in Opposition to Defendant, Dr.

Peter J. Terhaar's Motion for Summary Judgment via electronic filing

or first class mail, postage prepaid to the following:

Andrew J. Ostrowski, Esq.
Bailey, Stretton & Ostrowski
4311 North Sixth Street
Harrisburg, PA 17110

G. Michael Thiel, Esquire
Federal Building
235 N. Washington Ave, Suite 311
PO Box 309
Scranton, PA  18501

Respectfully submitted,

SABA, ENDLER & ASSOCIATES, L.L.P.

BY: /s/ PATRICK T. O'CONNELL, ESQ
    I.D. # 76539
    106 West Front Street
    Berwick, PA 18603
    (570) 752-5915